UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIE MCCASKILL,

    Plaintiff,

                                CASE NO.:  8:15-cv-1559-T-33TBM

-VS-

NAVIENT SOLUTIONS, INC., STUDENT    **JURY TRIAL DEMANDED**
ASSISTANCE CORPORATION, and
NAVIENT CORPORATION,

    Defendant.

_____/

## AMENDED COMPLAINT

1.     Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## INTRODUCTION

2.     The TCPA was enacted to prevent companies from invading American citizen's privacy and prevent abusive "robo-calls."

3.     "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

4.     According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal

5.      "Senator Hollings, the TCPA's sponsor, described these calls as 'the **1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

## JURISDICTION AND VENUE

6.      Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

7.      The alleged violations described in the Complaint occurred in Pinellas County, Florida.

## FACTUAL ALLEGATIONS

8.      Plaintiff is a natural person, and citizen of the State of Florida, residing in Pinellas County, Florida

9.      Plaintiff is a "consumer" as defined in Florida Statute 559.55(8).

10.     Plaintiff is an "alleged debtor."

11.     Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

12.     Defendant, Navient Solutions, Inc. (hereinafter "Navient"), is a corporation with its principal place of business at 2001 Edmund Halley Dr., Reston, VA 20191-3436 and conducting business in the state of Florida through its registered agent, Corporation Service Company, 1201 Hays St., Tallahassee, FL 32301.

13.     Defendant, Student Assistance Corporation (hereinafter "SAC"), is a corporation with its principal place of business in Delaware, wherein its registered agent is Corporation Service Company, 2711 Centerville Rd., Suite 400, Wilmington, DE 19808.

14.     Defendant Navient Corporation (hereinafter "Navient Corp") is a corporation with its principal place of business in Delaware, wherein its registered agent is Corporation Service Company, 2711 Centerville Rd., Suite 400, Wilmington, DE 19808.

15.     Defendant, Navient Corp, consented to and has knowledge and control of the activities of its agents and representatives, supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors including but not limited to Navient and SAC, in their actions related to the servicing and collection of the alleged account.

16.     Upon information and belief, Navient Corp had knowledge of all actions taken by its agents and subsidiaries Navient and SAC, and specifically instructed and/or conspired with them to take such actions as were ultimately taken in regards to Plaintiff.

17.     Neither Navient nor SAC disclosed to Plaintiff the principal/agent or parent company/subsidiary relationship by and between them, but it was nonetheless eventually clear that Navient and SAC at all times material, acted as the agent on behalf of Navient Corp with respect to the activities described herein.

18.     The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

19.     Defendants called the Plaintiff approximately one thousand five hundred (1,500) times since January 1, 2014 in an attempt to collect a debt.

20.     Of the known calls so far, Navient has admitted to making approximately two hundred and fifty (250) calls to Plaintiff's cellular telephone.

21.     SAC admits to making approximately four hundred and sixty six (466) calls to Plaintiff's cellular telephone.

22.     Defendants attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

23.     Navient and SAC intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

24.     On information and belief, the telephone calls placed by Navient were placed using automated telephone dialing equipment, without human intervention[1].

25.     On information and belief, the telephone calls placed by SAC were placed using automated dialing equipment without human intervention.

26.     Each call Navient made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).[2]

27.     Each call Navient made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.[3]

28.     Each call SAC made to the Plaintiff's cell phone was done so without the express permission of the Plaintiff.

29.     Beginning on or around January 1, 2014, Plaintiff began receiving automated robocalls from Navient and SAC to her cell phone, (***) ***-6140, looking for a "Maretta Newsome."

---

[1] Formerly ¶17 in the original Complaint for the purposes of Plaintiff's potential Motion for Rule 11 Sanctions which was previously served on opposing counsel.
[2] Formerly ¶18 in the original Complaint for the purposes of Plaintiff's potential Motion for Rule 11 Sanctions which was previously served on opposing counsel.

30.     On or about August 26, 2014, Plaintiff received a call to her cell phone from Navient and spoke to an agent known as "Heather" who stated that she was looking for Maretta Newsome. Plaintiff stated that the number she called is not Maretta's number. Heather said that Navient needed to get a message to Maretta to which Plaintiff replied Navient had reached the wrong person and Plaintiff is not a messenger. Heather proceeded to ask if Plaintiff knew Maretta to which Plaintiff replied affirmatively and that Navient should be calling Maretta directly, not Plaintiff. Heather stated that Maretta does not answer calls from Navient. Plaintiff explained to Heather she has no loans or business with Navient and to not call her again.

31.     Shortly after said August 26, 2014 conversation, Navient and SAC began bombarding Plaintiff's cellular telephone with incessant calls looking for Maretta Newsome, despite Plaintiff plainly informing Navient that Maretta could not be reached at Plaintiff's number and to cease calling her.

32.     Navient has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to the Plaintiff's cellular telephone in this case.[4]

33.     SAC has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to the Plaintiff's cellular telephone in this case.

34.     Navient has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Navient, to remove the incorrect number.

---

[3] Formerly ¶19 in the original Complaint for the purposes of Plaintiff's potential Motion for Rule 11 Sanctions which was previously served on opposing counsel.
[4] Formerly ¶24 in the original Complaint for the purposes of Plaintiff's potential Motion for Rule 11 Sanctions

35.     SAC has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or SAC, to remove the incorrect number.

36.     Navient's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining that they are the wrong party.

37.     SAC'S corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining that they are the wrong party while masquerading as Navient and/or Sallie Mae.

38.     Navient has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.[5]

39.     Since April 2013, Navient has had 98 lawsuits filed against it in Federal Court (Attached hereto as Exhibit "1") and since September 1991, Navient (under its previous name of "Sallie Mae") has had five hundred and forty one (541) lawsuits filed against it in Federal Court (Attached hereto as Exhibit "2").[6]

40.     Navient has numerous complaints against it across the country asserting that their automatic telephone dialing system continues to call the wrong people.[7]

41.     Navient has had numerous complaints from consumers against them across the country asking to not be called, however the Defendants continue to call.[8]

---

[5] Formerly ¶27 in the original Complaint for the purposes of Plaintiff's potential Motion for Rule 11 Sanctions which was previously served on opposing counsel.
[6] Formerly ¶28 in the original Complaint for the purposes of Plaintiff's potential Motion for Rule 11 Sanctions which was previously served on opposing counsel.
[7] Formerly ¶29 in the original Complaint for the purposes of Plaintiff's potential Motion for Rule 11 Sanctions which was previously served on opposing counsel.
[8] Formerly ¶30 in the original Complaint for the purposes of Plaintiff's potential Motion for Rule 11 Sanctions which was previously served on opposing counsel.

42.    Since September 2013, Navient has had nineteen (19) complaints classified under "communications tactics" filed against it with the Consumer Financial Protection Bureau (Attached hereto as Exhibit "3").[9]

43.    Within the last three (3) years the Better Business Bureau has received two thousand and fifteen (2015) complaints against Navient, of which one thousand three hundred and seven (1307) of those complaints are classified as being related to "Billing/Collection Issues" (Attached hereto as Exhibit "4").[10]

44.    Just a simple Google search and results from www.consumeraffairs.com displays an identical pattern of the outrageous, nationwide conduct of the Defendant. (Attached hereto as Exhibit "5").

45.    As can be seen from "Exhibit 5" the conduct complained of, therein, is striking similar to the allegations asserted in the Complaint, which illustrates quite clearly the Defendant's utter disregard for individual rights and privacy.

46.    Navient's corporate policy provided no means for the Plaintiff to have her number removed from the call list. Navient's corporate policy is to ignore requests for calls to stop.

47.    Navient has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not owe the alleged debt. Navient violated the TCPA millions of times in 2014 alone.

---

[9] Formerly ¶31 in the original Complaint for the purposes of Plaintiff's potential Motion for Rule 11 Sanctions which was previously served on opposing counsel.
[10] Formerly ¶32 in the original Complaint for the purposes of Plaintiff's potential Motion for Rule 11 Sanctions which was previously served on opposing counsel.

48.     Plaintiff did not expressly consent to Navient's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Navient's placement of the calls.[11]

49.     Plaintiff did not expressly consent to SAC'S placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to SAC'S placement of the calls.

50.     None of Navient's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

51.     None of SAC'S telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

52.     Navient Corporation and its subsidiaries, including Navient Solutions and SAC, willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### NAVIENT SOLUTIONS, INC.
### (Violation of the TCPA)

53.     Plaintiff incorporates Paragraphs one (1) through fifty-two (52).

54.     Defendant willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Defendant was calling the wrong number and to stop calling Plaintiff.

55.     Defendant knowingly violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Defendant was calling the wrong number and to stop calling Plaintiff.

---

[11] Formerly ¶35 in the original Complaint for the purposes of Plaintiff's potential Motion for Rule 11 Sanctions which was previously served on opposing counsel.

56.     Navient repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).[12]

   **WHEREFORE**, Plaintiff respectfully Navient for statutory damages, punitive damages, actual damages, costs, interest, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### NAVIENT SOLUTIONS, INC.
### (Violation of the FCCPA)

57.     Plaintiff incorporates one (1) through fifty-two (52).

58.     At all times relevant to this action Navient is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

59.     Navient has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

60.     Navient has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

61.     Navient has violated Florida Statute §559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate.

62.     Navient's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

   **WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Navient for statutory damages, punitive damages, actual damages, costs,

---

[12] Formerly ¶41 in the original Complaint for the purposes of Plaintiff's potential Motion for Rule 11 Sanctions which was previously served on opposing counsel.

interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT III
### STUDENT ASSISTANCE CORPORATION
### (Violation of the TCPA)

63.    Plaintiff incorporates Paragraphs one (1) through fifty-two (52).

64.    Defendant willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Defendant was calling the wrong number and to stop calling Plaintiff.

65.    Defendant knowingly violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Defendant was calling the wrong number and to stop calling Plaintiff.

66.    SAC repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully SAC for statutory damages, punitive damages, actual damages, costs, interest, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT IV
### STUDENT ASSISTANCE CORPORATION
### (Violation of the FCCPA)

67.    Plaintiff incorporates one (1) through fifty-two (52).

68.    At all times relevant to this action SAC is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

69.     SAC has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

70.     SAC has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

71.     SAC has violated Florida Statute §559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate.

72.     SAC'S actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against SAC for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT V
### STUDENT ASSISTANCE CORPORATION
### (Violation of the FDCPA)

73.     Plaintiff incorporates Paragraphs one (1) through fifty-two (52).

74.     At all times relevant to this action Defendant is subject to and must abide by 15  U.S.C.  § 1692 *et  seq*.

75.     Defendant violated 15 U.S.C. § 1692(c) by communicating with the Plaintiff at an unusual time or a time which should be known to be inconvenient for the Plaintiff.

76.     Defendant violated 15 U.S.C. § 1692(d) by  willfully engaging in  conduct the natural consequence of  which is to harass, oppress, or abuse  any person in connection with the collection of a debt.

11

77.     Defendant violated 15 U.S.C. § 1692(f) by using a false, deceptive, or misleading representation or means in connection with the collection of a debt.

78.     Defendant violated 15 U.S.C. § 1692(g) by failing to send the Plaintiff a 30-day validation notice within five (5) days of the initial communication with the Plaintiff. Defendant further violated this provision of the FDCPA by failing to communicate the "mini-Miranda" during each communication.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against SAC for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT VI
## NAVIENT CORPORATION
### (Violation of the TCPA)

79.     Plaintiff incorporates Paragraphs one (1) through fifty-two (52).

80.     Defendant willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Defendant was calling the wrong number and to stop calling Plaintiff.

81.     Defendant knowingly violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Defendant was calling the wrong number and to stop calling Plaintiff.

82.     Navient Corp repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

 **WHEREFORE**, Plaintiff respectfully Navient Corp for statutory damages, punitive damages, actual damages, costs, interest, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

**COUNT VII**
**NAVIENT CORPORATION**
**(Violation of the FCCPA)**

83. Plaintiff incorporates one (1) through fifty-two (52).

84. At all times relevant to this action Navient Corp is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

85. Navient Corp has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

86. Navient Corp has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

87. Navient Corp has violated Florida Statute §559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate.

88. Navient Corp's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

 WHEREFORE Plaintiff respectfully demand a trial by jury on all issues so triable and judgment against Navient Corp for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*s/William Peerce Howard*

William Peerce Howard, Esq.
Morgan & Morgan
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele:  (813) 223-5505
Fax:  (813) 223-5402
bhoward@forthepeople.com
Florida Bar #:  0103330
Attorney for Plaintiff