IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| WILLIE MCCASKILL,<br><br>  Plaintiff,<br><br>v.<br><br>NAVIENT SOLUTIONS, INC., STUDENT ASSISTANCE CORPORATION, and NAVIENT CORPORATION,<br><br>  Defendants. | No. 8:15-CV-1559-T-33-TBM |

### **DEFENDANT STUDENT ASSISTANCE CORPORATION'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant, Student Assistance Corporation ("SAC"), by and through undersigned counsel, hereby files its Answer and Affirmative Defenses to the Amended Complaint of Plaintiff Willie McCaskill ("Plaintiff"), and states as follows:

1. Answering Paragraph 1 of the Amended Complaint, SAC states that Plaintiff purports to bring this action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55, et seq. (the "FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (the "FDCPA"), but denies any and all violations, liability and/or damages. Except as expressly stated, SAC denies each and every other allegation set forth therein.

### **INTRODUCTION**

2. Answering Paragraph 2 of the Amended Complaint, SAC states that this paragraph contains legal conclusions to which no response is required; to the extent a response is required, SAC states that the TCPA speaks for itself and denies any allegations that are inconsistent therewith.

1

3. Answering Paragraph 3 of the Amended Complaint, SAC states that this paragraph contains legal conclusions to which no response is required; to the extent a response is required, SAC states that <u>Mims v. Arrow Fin. Servs., LLC</u>, 132 S. Ct. 740 (2012), speaks for itself and denies any allegations that are inconsistent therewith.

4. Answering Paragraph 4 of the Amended Complaint, SAC states that this paragraph contains legal conclusions to which no response is required; to the extent a response is required, SAC states that statements of the Federal Communications Commission speak for themselves and denies any allegations that are inconsistent therewith.

5. Answering Paragraph 5 of the Amended Complaint, SAC states that this paragraph contains legal conclusions to which no response is required; to the extent a response is required, SAC states that <u>Osorio v. State Farm Bank, F.S.B.</u>, 746 F.3d 1242 (11th Cir. 2014), speaks for itself and denies any allegations that are inconsistent therewith.

**JURISDICTION AND VENUE**

6. Answering Paragraph 6 of the Amended Complaint, SAC states that this Court has federal question jurisdiction. Further, SAC states that it does not contest venue for this action only. Except as expressly stated, SAC denies each and every other allegation set forth therein.

7. Answering Paragraph 7 of the Amended Complaint, SAC states that it engages in business in Pinellas County, Florida. Except as expressly stated, SAC denies each and every other allegation set forth therein.

**FACTUAL ALLEGATIONS**

8. Answering Paragraph 8 of the Amended Complaint, SAC states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein.

9. Answering Paragraph 9 of the Amended Complaint, SAC states that this paragraph contains legal conclusions to which no response is required; to the extent a response is required, SAC states that Florida Statute § 559.55(8) speaks for itself and denies any allegations that are inconsistent therewith.

10. Answering Paragraph 10 of the Amended Complaint, SAC states that this paragraph contains legal conclusions to which no response is required; to the extent a response is required, SAC states that the TCPA, the FCCPA and the FDCPA speak for themselves and denies any allegations that are inconsistent therewith.

11. Answering Paragraph 11 of the Amended Complaint, SAC states that this paragraph contains legal conclusions to which no response is required; to the extent a response is required, SAC states that Breslow v. Wells Fargo Bank, N.A., 755 F.3d 1265 (11th Cir. 2014) and Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242 (11th Cir. 2014), speak for themselves and denies any allegations that are inconsistent therewith.

12. Answering Paragraph 12 of the Amended Complaint, SAC states that it is a separate and distinct entity from defendant Navient Solutions, Inc. ("NSI") and, therefore, is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein.

13. Answering Paragraph 13 of the Amended Complaint, SAC admits that it is a corporation and that its registered agent in the State of Delaware is Corporation Service Company, 2711 Centerville Rd., Suite 400, Wilmington, DE 19808. Except as expressly stated, SAC denies each and every other allegation set forth therein.

14. Answering Paragraph 14 of the Amended Complaint, SAC states that it is a subsidiary of, and a separate and distinct entity from defendant Navient Corporation ("Navient Corp."). Navient Corp. will provide its own response to these allegations.

15. Answering Paragraph 15 of the Amended Complaint, SAC states that it is a subsidiary of Navient Corp. Except as expressly stated, SAC denies each and every other allegation set forth therein.

16. Answering Paragraph 16 of the Amended Complaint, SAC states that it is a subsidiary of Navient Corp. Except as expressly stated, SAC denies each and every other allegation set forth therein.

17. Answering Paragraph 17 of the Amended Complaint, SAC states that it is a subsidiary of Navient Corp. Except as expressly stated, SAC denies each and every other allegation set forth therein.

18. Answering Paragraph 18 of the Amended Complaint, SAC states that this paragraph contains legal conclusions to which no response is required; to the extent a response is required, SAC states that Florida Statute § 559.55(6) speaks for itself and denies any allegations that are inconsistent therewith.

19. Answering Paragraph 19 of the Amended Complaint, SAC denies the allegations set forth therein.

20. Answering Paragraph 20 of the Amended Complaint, SAC states that it is a separate and distinct entity from NSI and, therefore, is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein.

21. Answering Paragraph 21 of the Amended Complaint, SAC states that it has placed phone calls to a cellular telephone number ending in 6140. Except as expressly stated, SAC denies each and every other allegation set forth therein.

22. Answering Paragraph 22 of the Amended Complaint, SAC denies the allegations set forth therein.

23. Answering Paragraph 23 of the Amended Complaint, SAC denies the allegations set forth therein.

24. Answering Paragraph 24 of the Amended Complaint, SAC states that it is a separate and distinct entity from NSI and, therefore, is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein.

25. Answering Paragraph 25 of the Amended Complaint, SAC admits the allegations set forth therein for purposes of this action only.

26. Answering Paragraph 26 of the Amended Complaint, SAC states that it is a separate and distinct entity from NSI and, therefore, is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein.

27. Answering Paragraph 27 of the Amended Complaint, SAC states that it is a separate and distinct entity from NSI and, therefore, is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein.

28. Answering Paragraph 28 of the Amended Complaint, SAC states it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein.

29. Answering Paragraph 29 of the Amended Complaint, SAC states that it has placed phone calls to a cellular telephone number ending in 6140. Except as expressly stated, SAC denies each and every other allegation set forth therein.

30. Answering Paragraph 30 of the Amended Complaint, SAC states that it is a separate and distinct entity from NSI and, therefore, is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein.

31. Answering Paragraph 31 of the Amended Complaint, SAC states that it has placed phone calls to a cellular telephone number ending in 6140. Except as expressly stated, SAC denies each and every other allegation set forth therein.

32. Answering Paragraph 32 of the Amended Complaint, SAC states that it is a separate and distinct entity from NSI and, therefore, is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein.

33. Answering Paragraph 33 of the Amended Complaint, SAC states that it sometimes utilizes an automatic telephone dialing system in communicating with debtors regarding their loans. Except as expressly stated, SAC denies each and every other allegation set forth therein.

34. Answering Paragraph 34 of the Amended Complaint, SAC states that it is a separate and distinct entity from NSI and, therefore, is without sufficient knowledge or

information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein.

35. Answering Paragraph 35 of the Amended Complaint, SAC denies the allegations set forth therein.

36. Answering Paragraph 36 of the Amended Complaint, SAC states that it is a separate and distinct entity from NSI and, therefore, is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein.

37. Answering Paragraph 37 of the Amended Complaint, SAC denies the allegations set forth therein.

38. Answering Paragraph 38 of the Amended Complaint, for itself, SAC denies the allegations set forth therein.

39. Answering Paragraph 39 of the Amended Complaint, SAC states that it is a separate and distinct entity from NSI and, therefore, is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein.

40. Answering Paragraph 40 of the Amended Complaint, SAC states that Exhibit 1 of the Amended Complaint speaks for itself and denies any allegations that are inconsistent therewith. Except as expressly stated, SAC denies each and every other allegation set forth therein.

41. Answering Paragraph 41 of the Amended Complaint, SAC states that Exhibits 2 and 3 of the Amended Complaint speak for themselves and denies any allegations that are

inconsistent therewith. Except as expressly stated, SAC denies each and every other allegation set forth therein.

42. Answering Paragraph 42 of the Amended Complaint, SAC states that it is a separate and distinct entity from NSI and, therefore, is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein.

43. Answering Paragraph 43 of the Amended Complaint, SAC states that it is a separate and distinct entity from NSI and, therefore, is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein.

44. Answering Paragraph 44 of the Amended Complaint, SAC states that Exhibit 4 of the Amended Complaint speaks for itself and denies any allegations that are inconsistent therewith. Except as expressly stated, SAC denies each and every other allegation set forth therein.

45. Answering Paragraph 45 of the Amended Complaint, SAC states that Exhibit 5 of the Amended Complaint speaks for itself and denies any allegations that are inconsistent therewith. Except as expressly stated, SAC denies each and every other allegation set forth therein.

46. Answering Paragraph 46 of the Amended Complaint, SAC states that Exhibit 6 of the Amended Complaint speaks for itself and denies any allegations that are inconsistent therewith. Except as expressly stated, SAC denies each and every other allegation set forth therein.

47. Answering Paragraph 47 of the Amended Complaint, SAC states that Exhibit 6 of the Amended Complaint speaks for itself and denies any allegations that are inconsistent therewith. Except as expressly stated, SAC denies each and every other allegation set forth therein.

48. Answering Paragraph 48 of the Amended Complaint, SAC states that it is a separate and distinct entity from NSI and, therefore, is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein.

49. Answering Paragraph 49 of the Amended Complaint, SAC states that it is a separate and distinct entity from NSI and, therefore, is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein.

50. Answering Paragraph 50 of the Amended Complaint, SAC states that it is a separate and distinct entity from NSI and, therefore, is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein.

51. Answering Paragraph 51 of the Amended Complaint, SAC is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein

52. Answering Paragraph 52 of the Amended Complaint, SAC states that it is a separate and distinct entity from NSI and, therefore, is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein.

53. Answering Paragraph 53 of the Amended Complaint, SAC admits the allegatsions set forth therein.

54. Answering Paragraph 54 of the Amended Complaint, SAC denies the allegations set forth therein.

## COUNT I
## NAVIENT SOLUTIONS, INC.
### (Violation of the TCPA)

55. Answering Paragraph 55 of the Amended Complaint, SAC incorporates its responses to Paragraphs 1 through 54 as if fully set forth herein.

56. Answering Paragraph 56 of the Amended Complaint, SAC states that it is a separate and distinct entity from NSI and, therefore, is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein.

57. Answering Paragraph 57 of the Amended Complaint, SAC states that it is a separate and distinct entity from NSI and, therefore, is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein.

58. Answering Paragraph 57 of the Amended Complaint, SAC states that it is a separate and distinct entity from NSI and, therefore, is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein.

## COUNT II
## NAVIENT SOLUTIONS, INC.
### (Violation of the FCCPA)

59. Answering Paragraph 59 of the Amended Complaint, SAC incorporates its responses to Paragraphs 1 through 54 as if fully set forth herein.

60. Answering Paragraph 60 of the Amended Complaint, SAC states that it is a separate and distinct entity from NSI and, therefore, is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein.

61. Answering Paragraph 61 of the Amended Complaint, SAC states that it is a separate and distinct entity from NSI and, therefore, is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein.

62. Answering Paragraph 62 of the Amended Complaint, SAC states that it is a separate and distinct entity from NSI and, therefore, is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein.

63. Answering Paragraph 63 of the Amended Complaint, SAC states that it is a separate and distinct entity from NSI and, therefore, is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein.

64. Answering Paragraph 64 of the Amended Complaint, SAC states that it is a separate and distinct entity from NSI and, therefore, is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein.

**COUNT III**
**STUDENT ASSISTANCE CORPORATION**
**(Violation of the TCPA)**

65. Answering Paragraph 65 of the Amended Complaint, SAC incorporates its responses to Paragraphs 1 through 54 as if fully set forth herein.

66. Answering Paragraph 66 of the Amended Complaint, SAC denies the allegations set forth therein.

67. Answering Paragraph 67 of the Amended Complaint, SAC denies the allegations set forth therein.

68. Answering Paragraph 68 of the Amended Complaint, SAC denies the allegations set forth therein.

## COUNT IV
## STUDENT ASSISTANCE CORPORATION
### (Violation of the FCCPA)

69. Answering Paragraph 69 of the Amended Complaint, SAC incorporates its responses to Paragraphs 1 through 54 as if fully set forth herein.

70. Answering Paragraph 70 of the Amended Complaint, SAC states that Florida law speaks for itself and denies any allegations that are inconsistent therewith. Except as expressly stated, SAC denies each and every other allegation set forth therein.

71. Answering Paragraph 71 of the Amended Complaint, SAC denies the allegations set forth therein.

72. Answering Paragraph 72 of the Amended Complaint, SAC denies the allegations set forth therein.

73. Answering Paragraph 73 of the Amended Complaint, SAC denies the allegations set forth therein.

74. Answering Paragraph 74 of the Amended Complaint, SAC denies the allegations set forth therein.

## COUNT V
## STUDENT ASSISTANCE CORPORATION
### (Violation of the FDCPA)

75.     Answering Paragraph 70 of the Amended Complaint, SAC incorporates its responses to Paragraphs 1 through 54 as if fully set forth herein.

76.     Answering Paragraph 76 of the Amended Complaint, SAC states that 15 U.S.C. § 1692, et seq. speaks for itself and denies any allegations that are inconsistent therewith. Except as expressly stated, SAC denies each and every other allegation set forth therein admits the allegations set forth therein.

77.     Answering Paragraph 77 of the Amended Complaint, SAC denies the allegations set forth therein.

78.     Answering Paragraph 78 of the Amended Complaint, SAC denies the allegations set forth therein.

79.     Answering Paragraph 79 of the Amended Complaint, SAC denies the allegations set forth therein.

80.     Answering Paragraph 80 of the Amended Complaint, SAC denies the allegations set forth therein.

## COUNT VI
## NAVIENT CORPORATION
### (Violation of the TCPA)

81.     Answering Paragraph 81 of the Amended Complaint, SAC incorporates its responses to Paragraphs 1 through 54 as if fully set forth herein.

82.     Answering Paragraph 82 of the Amended Complaint, SAC states that it is a separate and distinct entity from Navient Corp. and, therefore, is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein.

83. Answering Paragraph 83 of the Amended Complaint, SAC states that it is a separate and distinct entity from Navient Corp. and, therefore, is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein.

84. Answering Paragraph 84 of the Amended Complaint, SAC states that it is a separate and distinct entity from Navient Corp. and, therefore, is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein.

## COUNT VII
## NAVIENT CORPORATION
### (Violation of the FCCPA)

85. Answering Paragraph 85 of the Amended Complaint, SAC incorporates its responses to Paragraphs 1 through 54 as if fully set forth herein.

86. Answering Paragraph 86 of the Amended Complaint, SAC states that it is a separate and distinct entity from Navient Corp. and, therefore, is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein.

87. Answering Paragraph 87 of the Amended Complaint, SAC states that it is a separate and distinct entity from Navient Corp. and, therefore, is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein.

88. Answering Paragraph 88 of the Amended Complaint, SAC states that it is a separate and distinct entity from Navient Corp. and, therefore, is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein.

89. Answering Paragraph 89 of the Amended Complaint, SAC states that it is a separate and distinct entity from Navient Corp. and, therefore, is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein.

90.     Answering Paragraph 90 of the Amended Complaint, SAC states that it is a separate and distinct entity from Navient Corp. and, therefore, is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise lies with Plaintiff, SAC asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

The Amended Complaint fails to set forth facts sufficient to state a claim against SAC.

### SECOND AFFIRMATIVE DEFENSE
(Consent)

SAC is informed and believes, and on that basis alleges, that Plaintiff is barred, in whole or in part, from maintaining the alleged claims because she provided "prior express consent" within the meaning of the TCPA for the calls allegedly made to her phone number.

### THIRD AFFIRMATIVE DEFENSE
(Estoppel)

SAC is informed and believes, and on that basis alleges, that the Amended Complaint is barred, in whole or in part, by the conduct of Plaintiff, which amounts to and constitutes an estoppel of the claims and any relief sought thereby.

### FOURTH AFFIRMATIVE DEFENSE
(Waiver)

SAC is informed and believes, and on that basis alleges, that the Amended Complaint, and each purported claim alleged therein, is barred by the conduct of Plaintiff, which amounts to and constitutes a waiver of any right or rights that Plaintiff may or might have in relation to the matters alleged in the Amended Complaint.

### FIFTH AFFIRMATIVE DEFENSE
(Failure to Mitigate)

SAC is informed and believes, and on that basis alleges, that, to the extent that Plaintiff has suffered any harm as a result of the matters alleged in the Amended Complaint, which SAC denies, Plaintiff failed to mitigate that harm, and the claims therefore are barred, in whole or in part.

### SIXTH AFFIRMATIVE DEFENSE
(Not Knowing or Willful)

Plaintiff is precluded from any recovery from SAC for a willful or knowing violation of the TCPA because any such violation, which SAC denies occurred, would not have been willful or knowing.

### SEVENTH AFFIRMATIVE DEFENSE
(Due Process)

The imposition of liability and/or statutory damages under the TCPA as sought in the Amended Complaint would violate provisions of the United States Constitution, including the Due Process Clause.

### EIGHTH AFFIRMATIVE DEFENSE
(Not a "Debt Collector")

Plaintiff is precluded from any recovery from SAC pursuant to her FCCPA and FDCPA claims because SAC is not a "debt collector" within the meaning of the FCCPA and the FDCPA.

### NINTH AFFIRMATIVE DEFENSE
(Reservation of Rights)

SAC expressly reserves the right to assert such other and further affirmative defenses as may be appropriate.

WHEREFORE, SAC requests the following relief:

1. That Plaintiff take nothing by virtue of the Amended Complaint;

2. For judgment to be entered against Plaintiff and in favor of SAC;

3. That SAC be awarded its attorneys' fees and costs incurred in this action, and any other amounts recoverable under law; and

4. That this Court grant SAC such other relief that this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

SAC demands a trial by jury on all counts.

Dated: November 19, 2015  Respectfully submitted,

By: /s/ Lisa M. Simonetti

Lisa M. Simonetti
(admitted *pro hac vice*)
Vedder Price (CA), LLP
1925 Century Park East, Suite 1900
Los Angeles, California 90067
T: (424) 204-7700
F: (424) 204-7702
lsimonetti@vedderprice.com

Attorney for Defendant
STUDENT ASSISTANCE CORPORATION

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 19, 2015, a copy of the foregoing **DEFENDANT STUDENT ASSISTANCE CORPORATION'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** was served by electronic mail on the party listed below:

> William Peerce Howard, Esq.
> Morgan & Morgan, Tampa P.A.
> 201 N. Franklin Street, 7th Floor
> Tampa, FL  33602
> Tel: (813) 223-5505
> Fax: (813) 223-5402
> BHoward@ForThePeople.com

/s/  Lisa M. Simonetti
Lisa M. Simonetti

LOS_ANGELES/#10621.1