UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIE MCCASKILL,

    Plaintiff,

v.                                      CASE NO.:  8:15-CV-1559-T-33-TBM

NAVIENT CORPORATION, NAVIENT SOLUTIONS INC., and STUDENT ASSISTANCE CORPORATION,

    Defendant.
_____/

## PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S DISCOVERY RESPONSES

**COMES NOW**, Plaintiff, Willie McCaskill, by and through her undersigned counsel and pursuant to Federal Rule of Civil Procedure 37 and Local Rule 3.04, and hereby respectfully requests that this Honorable Court grant her Motion to Compel Defendant's Discovery Responses, and further request that Defendant be ordered to pay Plaintiffs' reasonable attorney fees and costs incurred in bringing this motion, and states the following in support thereof:

    1.    The discovery disputes underlying this motion are of two varieties: requests to which Defendant completely failed to respond; and requests to which Defendant provided evasive responses in an apparent effort to conceal its own wrongdoing. Pursuant to Local Rule 3.01(g), Plaintiff has made several attempts to remedy this matter prior to the filing of this motion, all of which were met with obstinance. Through this motion to compel Plaintiffs seek to obtain discovery to which she is clearly entitled.

    2.    Plaintiff filed her Complaint [Doc. 1] on July 21, 2015 alleging that Navient Solutions, Inc. (NSI) violated the Telephone Consumer Protection Act ("TCPA") and Florida Consumer Collection Practices Act ("FCCPA").

1

3. The Court entered a preliminary Scheduling Order [Doc. 7] on July 21, 2015 ordering that NSI provide the Plaintiff with the following documents no later than September 18, 2015:

"All documents in Defendant's possession, custody, or control that relate to the telephone calls in question. That includes, but is not limited to:

Telephone records, call logs, and voice recordings pertaining to the telephone calls Plaintiff contends were made by Defendant, which includes any and all notations made by Defendant's representative or employee during the telephone call".

4. Prior to the exchange of disclosures pursuant to the Scheduling Order [Doc. 7] of July 21, 2015, Counsel for NSI conferred with Counsel for the Plaintiff and the parties were able to agree that there were approximately 726 total calls, 716 if which were made with an autodialer, placed by NSI to the Plaintiff's cellular telephone.

5. Counsel for the Plaintiff relied on this assertion by Counsel for NSI in preparation for mediation, which was scheduled for Monday, September 21, 2015.

6. On Friday, September 18, 2015 at 4:40:05 PM, NSI provided the Plaintiff with two sets of calls logs that were created for the purposes of this litigation in a Microsoft Word document (Call Log.A.pdf and Call Log.B.pdf). (See Attached Exhibit 1).

7. The call logs provided by NSI list 249 calls made to the Plaintiff's cellular telephone number; however the call logs do not list the number that NSI called from or any other relevant information regarding the calls.

8. On the morning of Monday, September 21, 2015, Counsel for NSI advised Counsel for the Plaintiff that NSI believed that there were only 249 total calls made by NSI to the Plaintiff per the call logs that were provided at 4:40 PM on Friday, September 18, 2015.

9. The Plaintiff provided NSI with copies of her AT&T phone records which show 716 phone calls made by NSI to the Plaintiff from various phone numbers.

10. It is undisputed by NSI that the numbers on the Plaintiff's AT&T call logs are numbers that NSI used to call the Plaintiff. However, NSI apparently now claims that it "may not be responsible" for some of those 716 calls, as some of the calls were made by Student Assistance Corporation (SAC), who was subsequently named as a party to this action on November 2, 2015 when Plaintiff filed her Amended Complaint [Doc. 35].

11. SAC and NSI are both subsidiaries under the same parent company, Navient Corporation, who is also now a Defendant in this matter. NSI has, in its possession and/or control, SAC's phone records regarding calls made to the Plaintiff's cellular telephone number.

12. Navient Solutions Inc. has access to a full/complete call log that it could provide the Plaintiff with that would include *all* calls made to the Plaintiff's cellular telephone as opposed to just the 249 calls that Navient Solutions Inc. believes it is "responsible for." This is evidenced by Counsel's original assertion and agreement that there were 716 autodialer calls placed to Plaintiff's cellphone – a number which matches exactly with Plaintiff's AT&T phone records.

13. The above mentioned issue was addressed, in part, at a case management conference held before the Court on October 8, 2015, further putting Defendant on notice of Plaintiff's concern with the call logs provided.

14. Subsequently, NSI was served with interrogatories and requests for production pursuant to Rules 33 and 34, Fed. R. Civ. P., which were not all adequately responded to.

15. Specifically, Request for Production No. 9:

> **REQUEST NO. 9:** "Documents evidencing any notes taken, or entered into a computer, contemporaneously with all telephone calls made and/or conversations and/or messages concerning the "Account" at issue in this case, **this includes calls by the Defendant to the "Plaintiff's cellular telephone number," or from the Plaintiff to the Defendant, in addition to any third party contact during the "relevant time period.**" [Commonly referred to as call logs, auto-dialer reporter and/or account notes.]" (Emphasis added.)
>
> **RESPONSE TO REQUEST NO. 9:** NSI objects to this Request to the extent that: (i) it seeks documents in which a non-party has a legitimate expectation of privacy; and (ii) it seeks confidential, proprietary business documents that belong to NSI. Without waiving and subject to this objection and the general objections, NSI responds to this Request as follows: NSI will provide those non-private, non-confidential documents in its possession, custody or control, and as related to Plaintiff, that can be located after a diligent search and reasonable inquiry.

16. To date, NSI has failed to produce the *actual* call logs for NSI or any of the records as they pertain to SAC. All that NSI has provided are call records it created in a Microsoft Word document which do not disclose various pieces of information, including inbound call numbers and names of agents/representatives, which are highly relevant to this litigation.

17. Counsel for NSI has repeatedly offered to exchange the complete phone records (including calls made by both NSI and SAC) as well as acknowledge the total number of calls made by Defendant to Plaintiff utilizing an autodialer; however to date this has not occurred.

18. NSI has also failed to adequately respond to several Interrogatories. First, Interrogatory No. 3:

> **INTERROGATORY NO. 3:** Describe and identify the system used by Defendant to make telephone calls to Plaintiff. This should include the manufacturer's name, make, model, software name, and software version, (also sometimes commonly referred to as an "autodialer," "robo-dialer," "predictive dialer," "power dialer") that was used by Defendant to place telephone calls to Plaintiff's cellular telephone number (727) 581-6140 during the time period beginning January 1, 2014 to the present date.

4

      **ANSWER TO INTERROGATORY NO. 3:** NSI objects to this Interrogatory on the grounds, among others, that: (i) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; and (ii) it seeks confidential, proprietary business information that belongs to NSI. Without waiving and subject to these objections and the general objections, NSI responds to this Interrogatory as follows: NSI states that 244 calls were made to Plaintiff using an automated telephone dialing system, and 4 were made manually. For purposes of this action only, however, NSI will not distinguish between the modes of calling as related to Plaintiff.

19.    Following a Local Rule 3.01 (g) conference on this issue, Counsel for NSI sent out an email outlining their position as to this issue:

      "**NSI'S POSITION:** The Response to this Interrogatory is complete. It states the number of calls at issue for NSI and, further, states that NSI is not arguing the manual dialing issue for purposes of these claims."

20.    However, NSI's answer to this question fails to "Describe and identify the system used by the Defendant to make telephone calls to Plaintiff". As a result, Plaintiff would ask that NSI be compelled to provide this information.

21.    NSI has further failed to adequately respond to Interrogatory No. 5:

      **INTERROGATORY NO. 5:** List the exact conversations during the relevant period the Defendant had with the Plaintiff, the identity (by name, position and title) of the individual who spoke with the Plaintiff, and the date and time of each conversation.

      **ANSWER TO INTERROGATORY NO. 5:** NSI objects to this Interrogatory on the grounds, among others, that: (i) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; (ii) it seeks information that is equally available to Plaintiff.

22.    Again, following a Local Rule 3.01(g) conference on this matter, NSI provided the following response:

      "**NSI'S POSITION:** NSI has produced the calls recordings in its possession, which contain little conversation. Since plaintiff has the recordings, NSI should not have to create a list of those recordings."

23. It is the Plaintiff's position that several calls are missing from the recordings that the Defendant has provided. Specifically, the Plaintiff recalls a conversation she had with a representative of the Defendant named "Heather" where she advised "Heather" that NSI had the wrong number. The Defendant should be required to provide a list of all conversations, and not just recordings that are available, as some conversations could have gone unrecorded or the recordings could have been deleted. As a result, Plaintiff would ask that NSI be compelled to provide this information.

24. NSI has failed to adequately respond to Interrogatory No. 6:

> **INTERROGATORY NO. 6:** Please identify the name, residence address, business address and telephone number of each person believed or known by you, your agents or attorney to have any knowledge of the incidents described in the Complaint, including any agents who are heard on recordings previously provided by the Defendant, and specify the subject matter of the witness' knowledge.
>
> **ANSWER TO INTERROGATORY NO. 6:** NSI objects to this Interrogatory on the grounds, among others, that: (i) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; and (ii) it seeks information in which non-parties have a legitimate expectation and or right of privacy. Without waiving and subject to these objections and the general objections, NSI responds to this Interrogatory as follows: Plaintiff, Newsome and NSI's employee, Patricia Peterson, who has knowledge of NSI's calling practices, including with respect to alleged wrong number calls. Ms. Peterson can be reached through NSI's counsel.

25. Again, following a Local Rule 3.01 (g) conference on this issue, NSI provided the following response:

> "**NSI'S POSITION:** NSI has identified the person who could serve as a witness under Rule 30(b)(6). Again, plaintiff has the call recordings, which contain little conversation. During a meet and confer discussion, NSI understood plaintiff to abandon this Interrogatory, based on the recordings produced."

26. It is the Plaintiff's position that Defendant should be required to produce the name and other pertinent information regarding all agents/employees who contacted the Plaintiff,

including those who called and left voicemail messages. As a result, Plaintiff would ask that NSI be compelled to provide this information.

27. NSI has failed to adequately respond to Interrogatory No. 10:

**INTERROGATORY NO. 10:** Identify the total number of calls made to the Plaintiff's cellular telephone by Student Assistance Corporation using an ATDS.

**ANSWER TO INTERROGATORY NO. 10:** NSI objects to this Interrogatory on the grounds, among others, that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

28. Again, following a Local Rule 3.01 (g) conference on this issue, NSI provided the following response:

"**NSI'S POSITION:** NSI and Student Assistance Corporation ("SAC") are separate companies, as discussed, and plaintiff now has named SAC as a defendant. While the number of calls made by SAC is irrelevant to NSI, SAC will provide a response for itself. In that regard, we do not insist that you serve a separate demand."

29. It is the Plaintiff's position that Defendant should be required to produce an answer to this question, as this information is directly related to Plaintiff's claims under the TCPA and FCCPA. Defendant has this information in its possession and/or control, as has been demonstrated by Counsels pre-mediation statement that there were an estimated 716 total calls made (which NSI now has apparently bifurcated into 249 calls from NSI and 467 calls from SAC.) As a result, Plaintiff would ask that NSI be compelled to provide this information.

30. NSI has failed to adequately respond to Interrogatory No. 12:

**INTERROGATORY NO. 12:** Identify the total number of calls made to the Plaintiff's cellular telephone by Student Assistance Corporation using manual dialing and/or human intervention and the name, model and software version of the system used to make those calls.

**ANSWER TO INTERROGATORY NO. 12:** NSI objects to this Interrogatory on the grounds, among others, that it seeks information that is neither relevant nor

7

reasonably calculated to lead to the discovery of admissible evidence in this action.

31. Again, following a Local Rule 3.01 (g) conference on this issue, NSI provided the following response:

> "**NSI'S POSITION:** This interrogatory does not seek information relevant to NSI. SAC will provide a response for itself. In that regard, we do not insist that you serve a separate demand."

32. It is the Plaintiff's position that Defendant should be required to produce an answer to this question, as this information is directly related to Plaintiff's claims under the TCPA and FCCPA. Defendant has this information in its possession and/or control, as has been demonstrated by Counsels pre-mediation statement that there were an estimated 716 total calls made (which NSI now has apparently bifurcated into 249 calls from NSI and 467 calls from SAC.) As a result, Plaintiff would ask that NSI be compelled to provide this information.

33. Since the morning of mediation Defendant has employed a mix of improper stonewalling and "cat and mouse" tactics to resist much of Plaintiffs' discovery efforts in this case. Specifically, the Defendant is playing hide-the-ball with regards to the phone records and number of calls placed to the Plaintiff's cellular telephone, which serves no purpose other than to prejudice the Plaintiff and cause delay in this matter.

## MEMORANDUM OF LAW

### I.  Legal Standard for Motion to Compel

The Federal Rules state that, on notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action. Fed. R. Civ. P. 37(a)(1). Under Federal Rule 26, the information sought in discovery need not itself by

admissible; instead, to be the proper basis of a discovery request it must only be likely to lead to the discovery of admissible evidence.

If a party does not receive disclosures or adequate discovery responses pursuant to Rule 26, then that party may request an order compelling disclosure. Fed. R. Civ. P. 37(a). Whether or not to grant the motion to compel is at the discretion of the trial court. Commercial Union Insurance Co. v. Westrope 730 F.2d 729, 731 (11th Cir. 1984). If the motion is granted, Fed. R. Civ. P. 37(a)(5)(A) goes on to provide that the Court must award the movant's reasonable expenses incurred in making the motion, including attorney's fees, except in certain enumerated circumstances. Broad Music, Inc. v. Bourbon St. Station, Inc., 3:09-cv-468-J-25MCR, 2010 WL 376619 (M.D. Fla. 2010).

## II.   Specified Deficiencies & Basis to Compel

The Scheduling Order [Doc. 7] dated July 21, 2015 instructed the Defendant to provide the Plaintiff with:

> "All documents in Defendant's possession, custody, or control that relate to the telephone calls in question. That includes, but is not limited to:
>
> A. Telephone records, call logs, and voice recordings pertaining to the telephone calls Plaintiff contends were made by Defendant, which includes any and all notations made by Defendant's representative or employee during the telephone call".

Instead of providing the actual call logs, NSI created its own set of call logs in a Microsoft Word document which do not include the phone numbers that NSI initiated calls to the Plaintiff's cellular telephone from. (See attached Exhibit 1). These logs are insufficient as they do not allow the Plaintiff to cross reference the number NSI called from with her own phone records in order to calculate the total number of calls placed by NSI to the Plaintiff. Additionally,

9

the Plaintiff cannot check her AT&T logs for additional numbers that she may have missed without NSI disclosing what numbers it called her cellular telephone from.

Furthermore, Counsel for NSI originally agreed with Counsel for the Plaintiff that there were an estimated 726 total calls placed by NSI to the Plaintiff's cellular telephone number. It was only until the morning of September 21, 2015, an hour before the parties were scheduled for mediation, that Counsel for NSI reached out to Counsel for the Plaintiff to let him know that NSI would only stipulate to 249 calls – far less than originally agreed upon. This dramatic change seems disingenuous when coupled with the fact that NSI refuses to provide an accurate record of what numbers it called the Plaintiff from.

Further suspicion is raised upon review of the Plaintiff's AT&T call logs, which demonstrate far more calls from numbers registered to NSI (703 calls total), including, but not limited to: 888-272-5543; 513-605-7539; 513-607-7539; 317-595-1244; 607-562-4731; 888-913-7654; 317-550-5549; 703-763-0079; 765-637-0775; 607-235-5092; 585-445-6796; 703-763-0111; 585-237-7879; 317-348-9732; 866-905-8941; 765-283-3495; 317-348-9728; 800-335-9188; 317-348-9725; 765-283-3485; 866-283-5184; 765-637-0782; 317-550-5534; 317-550-5540; 317-550-5548; 765-637-0781; and 866-640-5206.

Similarly, Request for Production No. 9 addressed the same issue regarding call logs when Plaintiff requested complete call logs from NSI and/or any third party, which would include its sister corporation SAC. Again, NSI has failed to provide its own actual call logs/records and has failed entirely to produce any records as they relate to SAC, which are clearly in NSI's possession and/or control. "Under Fed.R.Civ.P. 34, control is the test with regard to the production of documents. Control is defined not only as possession, but as the legal right to obtain the documents requested upon demand." Searock v. Stripling, 736 F.2d 650, (11th

Cir. Fla. 1984). It is abundantly clear that NSI has, both in its possession and control, access to complete call logs and phone records of both itself and SAC. As a result, NSI should be compelled to provide the actual call logs/records of both.

NSI has further failed to provide basic responses with regards to Interrogatories 3, 5, 6, 10, and 12. The answers that have been provided with regards to those Interrogatories are evasive and/or incomplete. The Court should compel NSI to provide full and complete responses to these Interrogatories pursuant to Plaintiff's aforementioned position on each.

### III.   Further Justification for Production

The documents required to be disclosed which NSI failed to provide are of paramount importance in primarily deciding whether treble damages are warranted under the TCPA, as well as whether punitive damages are appropriate in light of NSI's conduct. The Plaintiff has asserted that she spoke to an agent of NSI and informed NSI that she was not the party NSI was intending to reach, yet the calls continued. The TCPA provides that "[i]f the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." 47 U.S.C. § 227(b)(3)(C).

In Harris v. World Financial Network National Bank, 867 F. Supp. 2d 888 (E.D. MI 2012), the Defendant was placing telephone calls to an individual in error, and upon being notified by the Plaintiff that said calls were mistaken, the Defendant ceased calling one account but continued placing calls on two other accounts. The Court found that the "Defendant's continuous phone calls regarding the other two accounts constitute willful violations of § 227(b)(1)(A). At that point, Defendants were put on notice." The Court further went on to say

that "When a third party, that is, a person who is not the actual debtor on the past due account, notified Defendants that they have the wrong number for an account, it is Defendants policy to remove the phone number from that account only." The Defendants' actions in *Harris* ultimately caused the Court to "award triple damages, pursuant to 47 U.S.C. § 227(b)(3) for the phone calls and prerecorded messages Defendants placed to Plaintiff's cellular phone after August 23, 2010 – the date on which Plaintiff first notified Defendants that they had the wrong number."

Additionally, in King v. Time Warner Cable, 1:14-cv-02018-AKH (S.D. NY July 7, 2015), the Court ruled for treble damages against Time Warner Cable for calling Ms. King after revocation stating that Defendant "had knowledge through its agent that King did not consent to further robo-calls. Therefore, Defendant's subsequent calls were knowing violations and treble damages are appropriate." The actions of Defendant and whether or not treble damages are appropriate, along with punitive damages, would be clarified by the production of Defendant's complete call logs as described above.

### IV. Legal Authority for Motion to Compel

"Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." Hickman v. Taylor, 329 U.S. 495, 507 (1947). The information sought by Plaintiff is necessary to the proper preparation and prosecution of the Plaintiff's case, as "[t]he discovery provisions of the Federal Rules of Civil Procedure allow the parties to develop fully and crystalize concise factual issues for trial. Properly used, they prevent prejudicial surprises and conserve previous judicial energies. The United States Supreme Court has said they are to be broadly and liberally construed." Callaway v. Papa John's USA, Inc. 09-61989-CIV-ZLOCH, 2010 WL 4024883 (S.D. Fla. 2010) citing Hickman v. Taylor, 507. Defendant's failure to

provide the appropriate disclosures and discovery responses is calculated to and does defeat, impede, impair and prejudice the Plaintiff in the prosecution of her case.

By its very design, discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requesting judicial intervention. "The rules require that discovery be accomplished voluntarily; that is, the parties should affirmatively disclose relevant information without the necessity of court orders compelling disclosure." Bush Ranch, Inc. v. E.I. DuPont De Nemours & Co., 918 F. Supp. 1542 (M.D. Ga. 1995), *rev'd on other grounds*, 99 F. 3d 363 (11th Cir. 1996). Defendant's unwillingness to participate in good faith discovery, however, requires the Plaintiff to file this instant Motion to Compel. Federal Rule of Civil procedure 37(a)(1); 37(a)(4). In order to obtain the appropriate documents, Plaintiff compels Defendant to provide its actual call logs pursuant to Request for Production No. 9, including the numbers which it used to place calls to the Plaintiff's cellular telephone, as well as answers to the previously mentioned Interrogatories.

V. **Request for Attorney Fees Regarding Motion to Compel**

F.R. Civ. P. 37(a)(5)(A) states that if the Motion to Compel Discovery is "granted – or if the disclosure of requested discovery is provided after the motion is filed – the court shall . . . require the party . . . whose conduct necessitated the motion . . . to pay the moving party reasonable expenses incurred in making the motion, including attorney's fees." If this Court finds that the Defendant has been less than forthright with regards to its production of documents, Plaintiff should be awarded fees and expenses associated with the instant motion, pursuant to the Rule.

It is the Plaintiff's position that NSI's actions in this case have been obstructive and that information has been knowingly withheld. NSI's actions in the instant case are the type of

conduct where sanctions, fees, and costs are appropriate. NSI's failure and refusal to provide even basic information, such as the numbers which NSI called Plaintiff from, constitute ample grounds for the granting of sanctions and attorney fees and costs.

### RULE 3.01(g) CERTIFICATE

In accordance with Local Rule 3.01(g), the undersigned certifies that he contacted Defendant's counsel by email and telephone on multiple occasions, including but not limited to emails exchanged on November 12 and 17, 2015 to resolve these discovery issues; however to date adequate responses have not been provided. Therefore, this motion is submitted to the Court for consideration.

**WHEREFORE,** As Plaintiff has made numerous good-faith efforts to confer with opposing counsel to resolve this dispute, the Court should compel NSI's disclosure of "[t]elephone records, call logs, and voice recordings pertaining to the telephone calls Plaintiff contends were made by NSI, which includes any and all notations made by NSI's representative or employee during the telephone call" as well as adequate and complete responses to Request for Production No. 9 and Interrogatories 3, 5, 6, 10, and 12. Plaintiff further asks the Court to award Plaintiff reasonable sanctions and attorney fees, as well as any further relief this Court deems just and proper.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 20, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system to the following CM/ECF participants:

lsimonetti@vedderprice.com; dmaye@vedderprice.com; ecfladocket@vedderprice.com; pklavon@lilesgavin.com; rliles@lilesgavin.com, spisarek@lilesgavin.com

                                    *s/William Peerce Howard*
                                    William Peerce Howard, Esq.
                                    Florida Bar No.:  0103330

whoward@forthepeople.com
Morgan & Morgan, Tampa, P.A.
One Tampa City Center, 7th Floor
201 North Franklin Street
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 223-5402
*Attorney for Plaintiff*