IN THE UNITED STATES DISTRICT COURT
IN THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIE MCCASKILL,

    Plaintiff,

-vs-

                                     CASE NO.:  8:15-cv-1559-T-33-TBM

NAVIENT SOLUTIONS, INC., STUDENT
ASSISTANCE CORPORATION, and
NAVIENT CORPORATION,

    Defendants.

_____/

### PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO PROVIDE DATES & LOCATION TO DEPOSE A WITNESS

COMES NOW the Plaintiff, Willie McCaskill ("Plaintiff"), by and through her undersigned counsel and pursuant to Federal Rules of Civil Procedure 26, 30 and 37, moves to compel NAVIENT SOLUTIONS, INC., to produce a witness, Patricia Peterson, who has been listed in its Rule 26 Initial Disclosures, and in support thereof states the following:

1.      Plaintiff filed her Complaint [Doc. 1] on July 2, 2015 alleging violations of the Telephone Consumer Protection Act, Florida Consumer Collection Practices Act, and Fair Debt Collection Practices Act.

2.      On or about October 6, 2015, Defense counsel, pursuant to Federal Rules of Civil Procedure Rule 26, served Plaintiff's counsel with Defendant Navient Solutions, Inc.'s Initial Disclosures.

3.      A witness, Patricia Peterson, is listed in the Defendant's Initial Disclosures as follows:

**II. WITNESSES**

NSI believes that the persons identified below possess knowledge that may be pertinent to the factual issues in this action:

1. Plaintiff, c/o Plaintiff's counsel.

2. Maretta Newsome.

3. **Patricia Peterson, an employee of NSI, to testify regarding NSI's policies and procedures with respect to the use of automated telephone dialing systems, particularly as related to calls allegedly made to wrong numbers and documents and records existing with respect to these topics**. (Emphasis added.)

4.      Plaintiff's Counsel has repeatedly asked to depose Ms. Peterson during 3.01(g) conferences regarding this issue, including on December 8, 2015 and December 9, 2015; however to date no dates or times have been provided by Defense Counsel. In fact, Defense Counsel has stated that they will provide another representative and not Ms. Peterson specifically. Defendant refuses to provide pertinent information regarding Ms. Peterson that would otherwise permit Plaintiff's Counsel to subpoena Ms. Peterson for deposition.

5.      Because Ms. Peterson was listed in the Initial Disclosures and has information relevant to the willful and knowing nature of the TCPA violations made by the Defendant, her deposition is imperative to Plaintiff's case.

6.      Defense counsel should have provided date and location suggestions to Plaintiff's counsel prior to requiring Plaintiff to file this motion. Defense counsel had multiple opportunities to fulfill its responsibilities pursuant to the Federal Rules of Civil Procedure and simply failed to do so. Thus, Plaintiff was required to file this motion and incurred fees and costs as a result.

7.      To date this issue remains unresolved. Given the upcoming discovery deadline (January 5, 2016) it is imperative that Plaintiff obtain dates for this deposition as soon as possible. Absent cooperation from the Defendant it is impossible to notice Ms. Peterson for a deposition, as her address (or even state of residence) is unknown to Plaintiff.

**MEMORANDUM OF LAW**

A party is permitted to take the deposition of *any* person, including another party.

F.R.Civ.P. 30(a)(1). (Emphasis added.) When an intended deponent fails to submit to deposition,

a motion to compel is proper. F.R.Civ.P. 37(a)(1). By failing to make its agent available for

deposition, Navient Solutions, Inc. has violated Rule 30(a)(1) and is subject to a motion to

compel. Furthermore, Defendant's counsel's failure to properly provide dates for deposition in

face of numerous attempts is a violation of Rule 30(a)(1). An order compelling attendance at a

deposition is appropriate where a party fails to make itself available for a deposition as requested

through proper discovery mechanisms. F.R.Civ.P.37(a)(1).

Under Federal Rule 26, information sought need not itself be admissible.  Instead, to be

the proper basis of a discovery request it must only be likely to lead to the discovery of

admissible evidence.  Rule 37(a)(3)(B) provides a party a mechanism to address another party's

failure to comply with its discovery obligations:

> *To Compel a Discovery Response.* A party seeking discovery may
> move for an order compelling an answer, designation, production,
> or inspection. This motion may be made if: (i) a deponent fails to
> answer a question asked under Rule 30 or 31; (ii) a corporation or
> other entity fails to make a designation under Rule 30(b)(6) or
> 31(a)(4).

Rule 30(d)(2) provides that the court "may impose an appropriate sanction—including

the reasonable expenses and attorney's fees incurred by any party—on a person who impedes,

delays, or frustrates the fair examination of the deponent." Here the Defendant is clearly

impeding the deposition of its own employee and should be sanctioned appropriately.

Additionally, the prevailing party on a motion to compel is entitled to an award of reasonably

attorney's fees incurred in making the motion. F.R.Civ.P. 37(a)(5)(A). Federal Rule of Civil

Procedure states, "if the motion is granted - or if the disclosure or requested discovery is provided after the motion is filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising the conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. Id. Accordingly, this Honorable Court should properly award Plaintiff with reasonably attorney's fees and costs incurred in making this motion against Defendant NSI and should sanction Defendant accordingly.

WHEREFORE Plaintiff, Willie McCaskill, respectfully requests this Honorable Court order Defendant, Navient Solutions, Inc to provide dates, times, and locations for the deposition of its employee, Patricia Peterson, and seeks costs incurred in bringing this Motion to Compel and grant such other relief as this Honorable Court deems proper and just, including an order Compelling Defendant to immediately provide Plaintiff with dates, times, and locations for depositions of all appropriate corporate representatives and sanctions against Defendant.

### CERTIFICATE OF GOOD FAITH PURSUANT TO LOCAL RULE 3.01

Plaintiff has made a good-faith effort to confer with opposing counsel to resolve these disputes, pursuant to Local Rule 3.01(g) and Defendant and Plaintiff have been unable to resolve said dispute as Defendant is not agreeable to the relief sought by Plaintiff.

/s/ WILLIAM P. HOWARD
William Peerce Howard, Esq.
Morgan & Morgan, Tampa,  P.A.
One Tampa City Center
Tampa, FL 33602
Tele:  (813) 223-5505
Fax:  (813) 223-5402
WPHPleadings@forthepeople.com
JPlaceres@ForThePeople.com
Florida Bar #:  0103330
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing was filed electronically on the 9th day of December, 2015, in accordance with the Court's Electronic Filing Guidelines. Notice of this filing will be sent to all parties by operation of the Court's Electronic Filing System. Parties may access this filing through the Court's Filing System.

**Dayle Marie Van Hoose**
Sessions, Fishman, Nathan & Israel, LLC
Suite 195
3350 Buschwood Park Dr
Tampa, FL 33618
813/890-2463
Fax: 866/466-3140
Email: dvanhoose@sessions-law.biz

**Lisa M. Simonetti**
Vedder Price (CA), LLP
1925 Century Park East, Suite 1900
Los Angeles, CA 90067
424/204-7700
Fax: 424/204-7702
Email: lsimonetti@vedderprice.com

**Pamela Haddock Klavon**
**Rutledge Richardson Liles**
Liles Gavin, P.A.
301 W Bay St Ste 1030
Jacksonville, FL 32202-5103
904/634-1100
Fax: 904/634-1234
Email: pklavon@lilesgavin.com
Email: rliles@lilesgavin.com

**Scott Parker Yount**
Garrison, Yount, Forte, & Mulcahy, LLC
Suite 800
601 N Bayshore Blvd
Tampa, FL 33606-2760
813/275-0404
Fax: 813/275-0304
Email: syount@garrisonyount.com

/s/ WILLIAM P. HOWARD
William Peerce Howard, Esq.
Morgan & Morgan, Tampa,  P.A