UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIE MCCASKILL,

    Plaintiff,

v.                                            CASE NO.:  8:15-CV-1559-T-33-TBM

NAVIENT CORPORATION, NAVIENT SOLUTIONS INC., and STUDENT ASSISTANCE CORPORATION,

    Defendant.
_____/

## PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S DISCOVERY RESPONSES

**COMES NOW**, Plaintiff, Willie McCaskill, by and through her undersigned counsel and pursuant to Federal Rule of Civil Procedure 37 and Local Rule 3.04, and hereby respectfully requests that this Honorable Court grant her Motion to Compel Defendant's Discovery Responses, and further request that Defendant be ordered to pay Plaintiffs' reasonable attorney fees and costs incurred in bringing this motion, and states the following in support thereof:

1.    The discovery disputes underlying this motion revolve around Plaintiff's First Request for Production.

2.    Pursuant to Local Rule 3.01(g), Plaintiff has made an attempt to remedy this matter prior to the filing of this motion (on December 8, 2015); however the parties were unable to come to an agreement on the issues below.

3.    Through this motion to compel Plaintiffs seek to obtain discovery to which she is clearly entitled.

1

4. Plaintiff filed her Complaint [Doc. 1] on July 21, 2015 alleging that Navient Solutions, Inc. (NSI) violated the Telephone Consumer Protection Act ("TCPA") and Florida Consumer Collection Practices Act ("FCCPA").

5. Subsequently NSI was served with requests for production pursuant to Rule 34, Fed. R. Civ. P., which were not all adequately responded to as illustrated below.

6. The Defendant failed to comply with Request for Production No. 12:

**REQUEST NO. 12:** "Internal memoranda, bulletins, committee or team reports, emails, meeting minutes, or other documents created or modified within the "relevant time period" concerning or relating to preventing violations of the TCPA of the type alleged in this lawsuit."

**RESPONSE TO REQUEST NO. 12:** NSI objects to this Request to the extent that: (i) it is overboard, unduly burdensome and harassing; (ii) it is vague and ambiguous; (iii) it seeks confidential, proprietary business documents that belong to NSI; (iv) it seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product privilege; and (v) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

7. To date, NSI has failed to cooperate with this request, which would provide documents directly related to the willful and knowing nature of the violations of the TCPA. Because this request is limited to the "relevant time period" it is minimally burdensome and also extremely relevant and important to the Plaintiff's case. As a result, the Defendant should be required to produce these documents.

8. The Defendant failed to comply with Request for Production No. 13:

**REQUEST NO. 13:** Documents, in effect during the "relevant period", describing your tape recording procedures for incoming calls.

**RESPONSE TO REQUEST NO. 13:** NSI objects to this Request on the grounds that: (i) the term "tape recording procedures" is vague and ambiguous; (ii) it seeks confidential, proprietary business documents that belong to NSI; and (iii) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

9. The Plaintiff, in her complaint, alleges that she spoke with an representative of the Defendant named "Heather"; however this conversation is not listed in the Defendant's call notes. As a result, obtaining information regarding the Defendant's recording procedures is extremely relevant and important to the Plaintiff's case.

10. The Defendant failed to comply with Request for Production No. 14:

**REQUEST NO. 14:** Documents, in effect during the "relevant period", describing your tape recording procedures for outgoing calls.

**RESPONSE TO REQUEST NO. 14:** NSI objects to this Request on the grounds that: (i) the term "tape recording procedures" is vague and ambiguous; (ii) it seeks confidential, proprietary business documents that belong to NSI; and (iii) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

11. Again, the Plaintiff, in her complaint, alleges that she spoke with an representative of the Defendant named "Heather"; however this conversation is not listed in the Defendant's call notes. As a result, obtaining information regarding the Defendant's recording procedures is extremely relevant and important to the Plaintiff's case.

12. The Defendant failed to comply with Request for Production No. 18:

**REQUEST NO. 18:** Documents, in effect during the "relevant time period", describing your retention policy concerning saving tape recordings that are the subject of legal complaints filed against you.

**RESPONSE TO REQUEST NO. 18:** NSI objects to this Request on the grounds that: (i) the term "tape recordings" is vague and ambiguous; (ii) it seeks confidential, proprietary business documents that belong to NSI; and (iii) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

13. Again, the Plaintiff, in her complaint, alleges that she spoke with an representative of the Defendant named "Heather"; however this conversation is not listed in the Defendant's call notes. As a result, obtaining information regarding the Defendant's recording procedures is extremely relevant and important to the Plaintiff's case.

14. The Defendant failed to comply with Request for Production No. 27:

    **REQUEST NO. 27:** Defendant's policies and procedures in effect during the "relevant time period" related to "telephone alerts" made by you in calling, communicating with or attempting to communicate with the "Account" holder and involving the use of "telephone calls", an "automatic telephone dialing system," "artificial voice" and/or "prerecorded voice."

    **RESPONSE TO REQUEST NO. 27:** NSI objects to this Request on the grounds that: (i) it is vague and ambiguous; and (ii) it seeks confidential, proprietary business documents that belong to NSI.

15. To date, NSI has failed to cooperate with this request, which would provide documents directly related to the willful and knowing nature of the violations of the TCPA. Because this request is limited to the "relevant time period" it is minimally burdensome and also extremely relevant and important to the Plaintiff's case. As a result, the Defendant should be required to produce these documents.

16. The Defendant failed to comply with Request for Production No. 32:

    **REQUEST NO. 32:** Documents which identify the name of each and every employee of Defendant who made any call to "Plaintiff's cellular telephone number" during the "relevant time period."

    **RESPONSE TO REQUEST NO. 32:** NSI objects to this Request on the grounds that it seeks information in which non-party employees have a legitimate expectation of privacy. NSI's counsel will provide the names to Plaintiff's counsel, who may contact these employee's through NSI's counsel.

17. To date these names have not been provided. Furthermore, this information is highly relevant, as the Plaintiff, in her complaint, alleges that she spoke with an representative of the Defendant named "Heather"; however this conversation is not listed in the Defendant's call notes. Production of this information would provide Plaintiff with an opportunity to depose "Heather" should a "Heather" exist.

18. The Defendant failed to comply with Request for Production No. 38:

14. The Defendant failed to comply with Request for Production No. 27:

    **REQUEST NO. 27:** Defendant's policies and procedures in effect during the "relevant time period" related to "telephone alerts" made by you in calling, communicating with or attempting to communicate with the "Account" holder and involving the use of "telephone calls", an "automatic telephone dialing system," "artificial voice" and/or "prerecorded voice."

    **RESPONSE TO REQUEST NO. 27:** NSI objects to this Request on the grounds that: (i) it is vague and ambiguous; and (ii) it seeks confidential, proprietary business documents that belong to NSI.

15. To date, NSI has failed to cooperate with this request, which would provide documents directly related to the willful and knowing nature of the violations of the TCPA. Because this request is limited to the "relevant time period" it is minimally burdensome and also extremely relevant and important to the Plaintiff's case. As a result, the Defendant should be required to produce these documents.

16. The Defendant failed to comply with Request for Production No. 32:

    **REQUEST NO. 32:** Documents which identify the name of each and every employee of Defendant who made any call to "Plaintiff's cellular telephone number" during the "relevant time period."

    **RESPONSE TO REQUEST NO. 32:** NSI objects to this Request on the grounds that it seeks information in which non-party employees have a legitimate expectation of privacy. NSI's counsel will provide the names to Plaintiff's counsel, who may contact these employee's through NSI's counsel.

17. To date these names have not been provided. Furthermore, this information is highly relevant, as the Plaintiff, in her complaint, alleges that she spoke with an representative of the Defendant named "Heather"; however this conversation is not listed in the Defendant's call notes. Production of this information would provide Plaintiff with an opportunity to depose "Heather" should a "Heather" exist.

18. The Defendant failed to comply with Request for Production No. 38:

**REQUEST NO. 38:** A copy of all policies and procedures in effect during the "relevant period," regarding Defendant's use of an "automatic telephone dialing system," "artificial voice," and/or "prerecorded voice."

**RESPONSE TO REQUEST NO. 38:** NSI objects to this Request on the grounds that it seeks confidential, proprietary business documents that belong to NSI. Without waiving and subject to this objection and the general objections, NSI responds to this Request as follows: NSI will produce those non-confidential documents in its possession, custody or control that can be located after a diligent search and reasonably inquiry.

19. Despite the fact that Defendant has stipulated to the use of an ATDS in this case, Defendant's policies and procedures regarding its use of an ATDS are highly relevant towards the Plaintiff's contention that the calls were willful and knowing under the TCPA, thereby entitling the Plaintiff to trebled damages. Therefore the Defendant should be required to produce these documents. To date no documents have been produced.

20. The Defendant failed to comply with Request for Production No. 39:

**REQUEST NO. 39:** A copy of all policies and procedures in effect during the "relevant period," regarding Defendant's determination of whether Plaintiff consented to calls placed to "Plaintiff's cellular telephone number" using an "automatic telephone dialing system," "artificial voice," and/or "prerecorded voice."

**RESPONSE TO REQUEST NO. 39:** NSI objects to this Request on the grounds that it seeks confidential, proprietary business documents that belong to NSI. Without waiving and subject to this objection and the general objections, NSI responds to this Request as follows: NSI will produce those non-confidential documents in its possession, custody or control that can be located after a diligent search and reasonably inquiry.

21. Despite the fact that Defendant has stipulated to the use of an ATDS in this case, Defendant's policies and procedures regarding its use of an ATDS with regards to the Plaintiff specifically are highly relevant towards the Plaintiff's contention that the calls were willful and knowing under the TCPA, thereby entitling the Plaintiff to trebled damages. Therefore the

Defendant should be required to produce these documents. To date no documents have been produced.

    22.    The Defendant failed to comply with Request for Production No. 40:

**REQUEST NO. 40:** A copy of all policies and procedure which concern or related to practices to be followed by Defendant in communicating with or attempting to collect a debt from the Plaintiffs and specifically related to compliance with F.S. §§ 559.72(7) and 559.72(9).

**RESPONSE TO REQUEST NO. 40:** NSI objects to this Request on the grounds that it seeks confidential, proprietary business documents that belong to NSI. Without waiving and subject to this objection and the general objections, NSI responds to this Request as follows: NSI will produce those non-confidential documents in its possession, custody or control that can be located after a diligent search and reasonably inquiry.

    23.    These policies and procedures are highly relevant to the Plaintiff's claim for punitive damages under the FCCPA. As a result, the Defendant should be required to produce these documents. To date, no documents have been produced.

    24.    The Defendant failed to comply with Request for Production No. 48:

**REQUEST NO. 48:** Prior complaints, formal or informal, whether in writing or not, made by consumers or their attorneys, concerning alleged violations of state and federal law relating to the collection of consumer debts.

**RESPONSE TO REQUEST NO. 48:** NSI objects to this Request to the extent that: (i) it is overboard, unduly burdensome and harassing; (ii) it is vague and ambiguous; (iii) it seeks confidential, proprietary business documents that belong to NSI; (iv) it seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product privilege; (v) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action and (vi) it is not limited to a time period or even proximate to the events at issue in this action.

    25.    Prior complaints made to the Defendant about its own practices and procedures are highly relevant to the Plaintiff's claims for punitive damages under the TCPA and FCCPA, as well as towards the willful and knowing nature of the violations under the TCPA and therefore the Plaintiff's claim for trebled damages. The simple fact that Defendant is attempting to hide

behind the fact that this request is "overboard" and "unduly burdensome" likely speaks volumes about the number of complaints similar to Plaintiff's that have been received.

26.    The Defendant failed to comply with Request for Production No. 49:

**REQUEST NO. 49:** Prior complaints, formal or informal, whether in writing or not, received from government entities concerning alleged violations of state and federal law relating to the collection of consumer debts.

**RESPONSE TO REQUEST NO. 49:** NSI objects to this Request to the extent that: (i) it is overboard, unduly burdensome and harassing; (ii) it is vague and ambiguous; (iii) it seeks confidential, proprietary business documents that belong to NSI; (iv) it seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product privilege; (v) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action and (vi) it is not limited to a time period or even proximate to the events at issue in this action.

27.    Again, Prior complaints made to the Defendant about its own practices and procedures *by the government specifically* are clearly highly relevant to the Plaintiff's claims for punitive damages under the TCPA and FCCPA, as well as towards the willful and knowing nature of the violations under the TCPA and therefore the Plaintiff's claim for trebled damages. The simple fact that Defendant is attempting to hide behind the fact that this request is "overboard" and "unduly burdensome" likely speaks volumes about the number of complaints similar to Plaintiff's that have been received from governmental entities.

28.    Additionally, with regards to the records that have been produced regarding other Requests for Production, the Defendant has provided thousands of pages of documents but has failed to identify which documents go with which requests. The Plaintiff has requested this information on multiple occasions and those requests have gone ignored.

## MEMORANDUM OF LAW

### I.    Legal Standard for Motion to Compel

7

The Federal Rules state that, on notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action. Fed. R. Civ. P. 37(a)(1). Under Federal Rule 26, the information sought in discovery need not itself by admissible; instead, to be the proper basis of a discovery request it must only be likely to lead to the discovery of admissible evidence.

If a party does not receive disclosures or adequate discovery responses pursuant to Rule 26, then that party may request an order compelling disclosure. Fed. R. Civ. P. 37(a). Whether or not to grant the motion to compel is at the discretion of the trial court. Commercial Union Insurance Co. v. Westrope 730 F.2d 729, 731 (11th Cir. 1984). If the motion is granted, Fed. R. Civ. P. 37(a)(5)(A) goes on to provide that the Court must award the movant's reasonable expenses incurred in making the motion, including attorney's fees, except in certain enumerated circumstances. Broad Music, Inc. v. Bourbon St. Station, Inc., 3:09-cv-468-J-25MCR, 2010 WL 376619 (M.D. Fla. 2010).

II.     **Specified Deficiencies & Basis to Compel**

The Plaintiff served the Defendant with her First Request for Production and unfortunately did not receive adequate responses to several of her requests.[1] Specifically, inadequate (or no) responses were received with regards to Requests No. 12 – 14, 18, 27, 32, 38 – 40, and 48 – 49 as previously outlined in this Motion.

III.     **Further Justification for Production**

---

[1] Note that Request for Production No. 9, which is not addressed herein, remains the subject of a previously filed Motion to Compel.

The documents required to be disclosed which NSI failed to provide are of paramount importance in primarily deciding whether treble damages are warranted under the TCPA, as well as whether punitive damages are appropriate in light of NSI's conduct under both the TCPA and FCCPA. The Plaintiff has asserted that she spoke to an agent of NSI and informed NSI that she was not the party NSI was intending to reach, yet the calls continued. The TCPA provides that "[i]f the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." 47 U.S.C. § 227(b)(3)(C).

In Harris v. World Financial Network National Bank, 867 F. Supp. 2d 888 (E.D. MI 2012), the Defendant was placing telephone calls to an individual in error, and upon being notified by the Plaintiff that said calls were mistaken, the Defendant ceased calling one account but continued placing calls on two other accounts. The Court found that the "Defendant's continuous phone calls regarding the other two accounts constitute willful violations of § 227(b)(1)(A). At that point, Defendants were put on notice." The Court further went on to say that "When a third party, that is, a person who is not the actual debtor on the past due account, notified Defendants that they have the wrong number for an account, it is Defendants policy to remove the phone number from that account only." The Defendants' actions in *Harris* ultimately caused the Court to "award triple damages, pursuant to 47 U.S.C. § 227(b)(3) for the phone calls and prerecorded messages Defendants placed to Plaintiff's cellular phone after August 23, 2010 – the date on which Plaintiff first notified Defendants that they had the wrong number."

Additionally, in King v. Time Warner Cable, 1:14-cv-02018-AKH (S.D. NY July 7, 2015), the Court ruled for treble damages against Time Warner Cable for calling Ms. King after

9

revocation stating that Defendant "had knowledge through its agent that King did not consent to further robo-calls. Therefore, Defendant's subsequent calls were knowing violations and treble damages are appropriate." The actions of Defendant and whether or not treble damages are appropriate, along with punitive damages, would be clarified by the production of Defendant's complete call logs as described above.

Furthermore, information regarding Defendant's policies and procedures is also relevant as to whether or not trebled/punitive damages are appropriate.

## IV.    Legal Authority for Motion to Compel

"Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." Hickman v. Taylor, 329 U.S. 495, 507 (1947). The information sought by Plaintiff is necessary to the proper preparation and prosecution of the Plaintiff's case, as "[t]he discovery provisions of the Federal Rules of Civil Procedure allow the parties to develop fully and crystalize concise factual issues for trial. Properly used, they prevent prejudicial surprises and conserve previous judicial energies. The United States Supreme Court has said they are to be broadly and liberally construed." Callaway v. Papa John's USA, Inc. 09-61989-CIV-ZLOCH, 2010 WL 4024883 (S.D. Fla. 2010) citing Hickman v. Taylor, 507. Defendant's failure to provide the appropriate disclosures and discovery responses is calculated to and does defeat, impede, impair and prejudice the Plaintiff in the prosecution of her case.

By its very design, discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requesting judicial intervention. "The rules require that discovery be accomplished voluntarily; that is, the parties should affirmatively disclose relevant information without the necessity of court orders compelling disclosure." Bush

Ranch, Inc. v. E.I. DuPont De Nemours & Co., 918 F. Supp. 1542 (M.D. Ga. 1995), *rev'd on other grounds*, 99 F. 3d 363 (11th Cir. 1996). Defendant's unwillingness to participate in good faith discovery, however, requires the Plaintiff to file this instant Motion to Compel. Federal Rule of Civil procedure 37(a)(1); 37(a)(4). In order to obtain the appropriate documents, Plaintiff compels Defendant to provide documents related to Requests for Production No. 12 – 14; 18; 27; 32; 38 – 40; and 48 – 49.

### V.    Request for Attorney Fees Regarding Motion to Compel

F.R. Civ. P. 37(a)(5)(A) states that if the Motion to Compel Discovery is "granted – or if the disclosure of requested discovery is provided after the motion is filed – the court shall . . . require the party . . . whose conduct necessitated the motion . . . to pay the moving party reasonable expenses incurred in making the motion, including attorney's fees." If this Court finds that the Defendant has been less than forthright with regards to its production of documents, Plaintiff should be awarded fees and expenses associated with the instant motion, pursuant to the Rule.

It is the Plaintiff's position that NSI's actions in this case have been obstructive and that documents have been withheld in order to prevent Plaintiff from obtaining information relevant to her case. NSI's actions in the instant case are the type of conduct where sanctions, fees, and costs are appropriate. NSI's failure and refusal to provide even basic information, such as the names of agents that called Plaintiff constitute ample grounds for the granting of sanctions and attorney fees and costs.

### RULE 3.01(g) CERTIFICATE

In accordance with Local Rule 3.01(g), the undersigned certifies that he contacted Defendant's counsel by email and telephone on December 8, 2015 to resolve these discovery

issues; however to date adequate responses have not been provided. Therefore, this motion is submitted to the Court for consideration.

**WHEREFORE,** As Plaintiff has made a good-faith effort to confer with opposing counsel to resolve this dispute, the Court should compel NSI's disclosure of documents as they pertain to Requests for Production 12 – 14, 18, 27, 32, 38 – 40, and 48 – 49 as outlined in this Motion. Plaintiff further asks the Court to award Plaintiff reasonable sanctions and attorney fees, as well as any further relief this Court deems just and proper.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 9, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system to the following CM/ECF participants: lsimonetti@vedderprice.com; dmaye@vedderprice.com; ecfladocket@vedderprice.com; pklavon@lilesgavin.com; rliles@lilesgavin.com, spisarek@lilesgavin.com

*s/Frank H. Kerney III*
Frank H. Kerney III, Esq.
Florida Bar No.: 88672
fkerney@forthepeople.com
Morgan & Morgan, Tampa, P.A.
One Tampa City Center, 7th Floor
201 North Franklin Street
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 223-5402
*Attorney for Plaintiff*