IN THE UNITED STATES DISTRICT COURT
IN THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIE MCCASKILL,

   Plaintiff,

-vs-

                                      CASE NO.:  8:15-cv-1559-T-33-TBM

NAVIENT SOLUTIONS, INC., STUDENT
ASSISTANCE CORPORATION, and
NAVIENT CORPORATION,

   Defendants.
_____/

**PLAINTIFF'S MOTION TO COMPEL PROPER
DESIGNATION OF CORPORATE REPRESENTATIVE.**

COMES NOW the Plaintiff, Willie McCaskill ("Plaintiff"), by and through her undersigned counsel and pursuant to Federal Rules of Civil Procedure 26, 30 and 37, moves to compel NAVIENT SOLUTIONS, INC., STUDENT ASSITANCE CORPORATION, and NAVIENT CORPORATION to produce a proper corporate representative to testify on the areas of inquiry as designated in Plaintiff's Rule 30(b)(6) notice.

    1.    Plaintiff filed her Complaint [Doc. 1] on July 2, 2015 alleging violations of the Telephone Consumer Protection Act (TCPA), Florida Consumer Collection Practices Act (FCCPA), and Fair Debt Collection Practices Act (FDCPA).  It is now confirmed that the Defendants called the Plaintiff's cellular telephone an unbelievable seven-hundred and twenty-seven (727) times without having the Plaintiff's "prior express" consent to do so in blatant violation of the TCPA (despite defense counsel having previously told the Court that the number was obtained via the Plaintiff's daughter; however that story has now changed and the Defendants have admitted the Plaintiff's number was obtained via "skip tracing").

1

2. On November 20, 2015, Plaintiff's counsel, pursuant to Federal Rules of Civil Procedure Rule 30(b)(6), gave Notice of Taking Depositions of Navient Solutions, Inc., Student Assistance Corporation, and Navient Corporation's corporate representatives, setting the depositions for December 1, 2015, December 2, 2015, and December 3, 2015 (See Attached Composite Exhibit "1").   Attached to the notices, plaintiff's counsel provided defense counsel with a cover letter advising:

> **"Should you suggest a different time or location for any I ask you to do so immediately so that we can consider. Given the upcoming discovery deadline your prompt attention to this is appreciated."** (Emphasis added.)

3. On Wednesday, November 25, 2015, counsel for the Defendants responded to the letter advising that the Defendants had a pending Motion to Stay (which was subsequently denied) [Doc. 48] and that the Defendants would file a Motion for Protective order if necessary; however no motion for protective order was filed and no alternative dates, times or locations were provided.

4. Since Defense Counsel refused to provide alternative dates or file a Motion for Protective Order, Counsel for the Plaintiff went forward with the depositions and obtained a Certificate of Non-Appearance for each of the three Defendants corporate representative deposition. (See Attached Composite Exhibit "2").

5. Defense counsel, on the eve of the anticipated filing of this motion on December 4, 2015, finally provided one date, time and location for the requested depositions.

6. It was not until December 7, 2015, *after* the second Rule 3.01(g) conference regarding this issue that Counsel for the Defense submitted written objections to the areas of inquiry and dates/times of the depositions as proposed by Plaintiff.

7.      Defense counsel should have provided alternative date and location suggestions to Plaintiff's counsel prior to requiring Plaintiff to file this motion. Defense counsel had multiple opportunities to fulfill its responsibilities pursuant to the Federal Rules of Civil Procedure and simply failed to do so. Thus, Plaintiff was required to file this motion and incurred fees and costs as a result.

8.      Given the upcoming discovery deadline (January 5, 2016) it is imperative that Defendants provide corporate representatives that are capable of testifying regarding the issues described in the Rule 30(b)(6) deposition notice and at this point any objections to any topics should be waived.

9.      The Plaintiff incurred fees and costs associated with the three depositions where Defendants failed to provide a corporate representative. As a result, Plaintiff is seeking sanctions including attorney's fees and costs.

## MEMORANDUM OF LAW

A party is permitted to take the deposition of any person, including another party. F.R.Civ.P. 30(a)(1). When an intended deponent fails to submit to deposition, a motion to compel is proper. F.R.Civ.P. 37(a)(1). By failing to make itself available for deposition, Navient Solutions, Inc., Student Assistance Corporation, and Navient Corporation, have violated Rule 30(a)(1) and are subject to a motion to compel. Furthermore, Defendant's counsel's failure to properly provide dates for deposition in face of numerous attempts is a violation of Rule 30(a)(1). An order compelling attendance at a deposition is appropriate where a party fails to make itself available for a deposition as requested through proper discovery mechanisms. F.R.Civ.P.37(a)(1).

Under Federal Rule 26, information need not itself be admissible. Instead, to be the proper basis of a discovery request it must only be likely to lead to the discovery of admissible evidence. Fed. R. Civ. Pro. 30(b)(6) ["Notice or Subpoena Directed to an Organization"] provides a mechanism for taking the testimony of a corporation and provides in pertinent part:

> In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; ... The persons designated must testify about information **known or reasonably available to the organization.**

(emphasis added). The purpose of the allowing a deposition of a corporate representative is clearly established in case law:

> The rule's purpose is to streamline the discovery process. In particular, the rule serves a unique function in allowing a specialized form of deposition. *Great Am. Ins. Co. v. Vegas Constr. Co., Inc.,* 251 F.R.D. 534, 539 (D.Nev.2008) […] It is a discovery device designed to avoid the bandying by corporations where individual officers or employees disclaim knowledge of facts clearly known to the corporation. *Great Am.,* 251 F.R.D. at 539; *Taylor,* 166 F.R.D. at 361. […] Therefore, one purpose is to curb any temptation by the corporation to shunt a discovering party from "pillar to post" by presenting deponents who each disclaim knowledge of facts known to someone in the corporation. *Great Am.,* 251 F.R.D. at 539. *Cf. Ierardi v. Lorillard, Inc.,* No. 90–7049, 1991 WL 66799, *2 (E.D.Pa. Apr. 15, 1991), at *2 (without the rule, a corporation could "hide behind the alleged 'failed' memories of its employees").

QBE Ins. Corp. v. Jorda Enterprises, Inc., 277 F.R.D. 676 (S.D. Fla. 2012)

As was set forth by this Court recently:

> The party to whom a Rule 30(b)(6) deposition notice is directed has a duty to " 'make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought [by the party noticing the deposition] and to prepare those persons in

4

>order that they can answer fully, completely, unevasively, the questions posed ... as to the relevant subject matters.' " The designating party may designate more than one witness if necessary to respond to a relevant area of inquiry. And, if it becomes apparent that a corporate designee is deficient, the corporation must provide a substitute or additional designees.

Coach, Inc. v. Visitors Flea Mkt., LLC, 6:11-CV-1905-ORL-22, 2014 WL 2612036 (M.D. Fla. June 11, 2014) (Internal Citations Omitted). The recent case of *QBE Ins. Corp. v. Jorda Enterprises, Inc.* out of the Southern District of Florida provides a throughout summary of the "litigation commandments and fundamental passages" of the "*de facto* Bible governing corporate depositions" under Fed. R. Civ. Pro. 30(b)(6):

>5. Rule 30(b)(6) imposes burdens on both the discovering party and the designating party. The party seeking discovery must describe the matters with reasonable particularity and the responding corporation or entity must produce one or more witnesses who can testify about the corporation's knowledge of the noticed topics. *Great Am.,* 251 F.R.D. at 539.
>
>6. The testimony of a Rule 30(b)(6) witness represents the collective knowledge of the corporation, not of the specific individual deponents. A Rule 30(b)(6) designee presents the corporation's position on the listed topics. The corporation appears vicariously through its designees. *Taylor,* 166 F.R.D. at 361.
>
>7. **A corporation has an affirmative duty to provide a witness who is able to provide binding answers on behalf of the corporation.** *Ecclesiastes 9:10–11–12, Inc. v. LMC Holding Co.,* 497 F.3d 1135, 1147 (10th Cir.2007).(Emphasis added.)
>
>9. The designating party has a duty to designate more than one deponent if necessary to respond to questions on all relevant areas of inquiry listed in the notice or subpoena. *Ecclesiastes,* 497 F.3d at 1147; *Marker v. Union Fidelity Life Ins. Co.,* 125 F.R.D. 121, 127 (M.D.N.C.1989) (duty to substitute another witness as a designee once the initial designee's deficiencies become apparent during the deposition); *Alexander v. F.B.I.,* 186 F.R.D. 137, 142 (D.D.C.1998). […]

> 11. Although the rule is not designed to be a memory contest, the corporation has a duty to make a good faith, conscientious effort to designate appropriate persons and to prepare them to testify fully and non-evasively about the subjects. *Great Am.*, 251 F.R.D. at 540.

*QBE Ins. Corp. v. Jorda Enterprises, Inc.*, 277 F.R.D. 676 (S.D. Fla. 2012).

Rule 37(a)(3)(B) provides a party a mechanism to address another party's failure to comply with its discovery obligations:

> *To Compel a Discovery Response.* A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: (i) a deponent fails to answer a question asked under Rule 30 or 31; (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4).

Further, Rule 37(a) (4) provides that "[f]or purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." "Rule 30(b)(6) means what it says. Corporations must act responsibly. They are not permitted to simply declare themselves to be mere document-gatherers. They must produce live witnesses who have been prepared to provide testimony to bind the entity and to explain the corporation's position. *Wilson,* 228 F.R.D. at 531; *Great Am.,* 251 F.R.D. at 542 (entitled to 'corporation's position'). […] Despite the potentially difficult burdens which sometimes are generated by Rule 30(b)(6) depositions, the corporation is not without some protection, as it may timely seek a protective order or other relief. *C.F.T.C. v. Noble Metals Int'l, Inc.,* 67 F.3d 766, 772 (9th Cir.1995)." *QBE Ins. Corp. v. Jorda Enterprises, Inc.*, 277 F.R.D. 676 (S.D. Fla. 2012) .

The prevailing party on a motion to compel is entitled to an award of reasonably attorney's fees incurred in making the motion. F.R.Civ.P. 37(a)(5)(A). Federal Rule of Civil Procedure states, "if the motion is granted - or if the disclosure or requested discovery is

6

provided after the motion is filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising the conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. Id. Accordingly, this Honorable Court should properly award Plaintiff with reasonably attorney's fees and costs incurred in making this motion against Defendants, Navient Solutions, Inc., Student Assistance Corporation, and Navient Corporation, and its counsel.

WHEREFORE Plaintiff, Willie McCaskill, respectfully requests this Honorable Court order Defendant, Navient Solutions, Inc., Student Assistance Corporation, and Navient Corporation to attend and testify at deposition to each area of inquiry and award Plaintiff his reasonable attorney's fees and costs incurred in bringing this Motion to Compel and grant such other relief as this Honorable Court deems proper and just, including the Court utilizing its inherit authority to issue sanctions to grant an order Compelling Defendant to ensure that its representatives are able to testify to all areas of the 30(b)(6) deposition notice provided by Plaintiff without objection.

### CERTIFICATE OF GOOD FAITH PURSUANT TO LOCAL RULE 3.01

Plaintiff has made a good-faith effort to confer with opposing counsel to resolve these disputes, pursuant to Local Rule 3.01(g) and Defendant and Plaintiff have been unable to resolve said dispute as Defendant is not agreeable to the relief sought by Plaintiff.

/s/ FRANK H. KERNEY III, ESQ.
Frank H. Kerney III, Esq.
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
Tampa, FL 33602

>Tele:  (813) 223-5505
>Fax:  (813) 223-5402
>FKerney@forthepeople.com
>JPlaceres@ForThePeople.com
>Florida Bar #:  88672
>Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the foregoing was filed electronically on the 10th day of December, 2015, in accordance with the Court's Electronic Filing Guidelines. Notice of this filing will be sent to all parties by operation of the Court's Electronic Filing System. Parties may access this filing through the Court's Filing System.

**Dayle Marie Van Hoose**
Sessions, Fishman, Nathan & Israel, LLC
Suite 195
3350 Buschwood Park Dr
Tampa, FL 33618
813/890-2463
Fax: 866/466-3140
Email: dvanhoose@sessions-law.biz

**Lisa M. Simonetti**
Vedder Price (CA), LLP
1925 Century Park East, Suite 1900
Los Angeles, CA 90067
424/204-7700
Fax: 424/204-7702
Email: lsimonetti@vedderprice.com

**Pamela Haddock Klavon**
**Rutledge Richardson Liles**
Liles Gavin, P.A.
301 W Bay St Ste 1030
Jacksonville, FL 32202-5103
904/634-1100
Fax: 904/634-1234
Email: pklavon@lilesgavin.com
Email: rliles@lilesgavin.com

**Scott Parker Yount**
Garrison, Yount, Forte, & Mulcahy, LLC
Suite 800
601 N Bayshore Blvd
Tampa, FL 33606-2760
813/275-0404
Fax: 813/275-0304
Email: syount@garrisonyount.com

            */s/ FRANK H. KERNEY III, ESQ.*
             Frank H. Kerney III, Esq.
             Morgan & Morgan, Tampa, P.A.