# COMPOSITE EXHIBIT 1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIE MCCASKILL,

    Plaintiff,

v.

                              CASE NO.: 8:15-CV-1559-T-33-TBM

NAVIENT SOLUTIONS, INC., STUDENT
ASSISTANCE CORPORATION, and
NAVIENT CORPORATION,

    Defendants.
_____/

## PLAINTIFF'S NOTICE OF TAKING VIDEOTAPE DEPOSITION OF NAVIENT CORPORATION PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 30(B)(6)

**PLEASE TAKE NOTICE** that pursuant to Federal Rules of Civil Procedure, including 30(b)(6), Plaintiff, Willie McCaskill, by and through her undersigned counsel, will take the deposition, by oral examination, and videotape, of the following person as indicated below or at such other location, time and date as is mutually agreed upon by counsel or ordered by the Court, before an associate or deputy court reporter at the offices as indicated below, before its designated representatives, of Stratos Legal, who are not counsel to the parties of interested in the events of the cause.

| NAME | DATE & TIME | LOCATION |
|---|---|---|
| Navient Corporation | Tuesday, December 1, 2015 9:00 a.m. | Stratos Legal<br>201 East Kennedy Boulevard, Suite 950<br>Tampa, FL 33602<br>(800) 971-1127 |

The deposition is being taken for the purposes of discovery, for use at trial, or for such other purposes as are permitted under the Federal Rules of Civil Procedure including 30(b)(6). As directed by the Federal Rules of Civil Procedures including 30(b)(6), Navient Solutions, Inc.

is to produce the appropriate person(s) concerning the areas of inquiry listed on Exhibit "A" attached hereto.

This deposition is to continue from day-to-day until such time as it is completed or may be adjourned to be reconvened at such later date as may be established therefore by those in attendance at such deposition, and is intended for use at trial or other such purposes as authorized by law. You are invited to attend and cross-examine the witness.

Dated November 20, 2015.

                                     *s/William Peerce Howard*
                                     William Peerce Howard, Esq.
                                     Florida Bar No.: 0103330
                                     whoward@forthepeople.com
                                     Frank H. Kerney III, Esq.
                                     Florida Bar No.: 88672
                                     fkerney@forthepeople.com
                                     Morgan & Morgan, Tampa, P.A.
                                     One Tampa City Center, 7th Floor
                                     201 North Franklin Street
                                     Tampa, FL 33602
                                     Telephone: (813) 223-5505
                                     Facsimile: (813) 223-5402
                                     *Attorney for Plaintiff*

## **EXHIBIT A**

**DEFINITIONS:**

1. "Any," "All," and "each" shall be construed as any, all and each.

2. "And" shall mean and/or.

3. "Automatic telephone dialing system" shall mean equipment which has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers, per 47 U.S.C. 227(a)(1).

4. "Concern," "concerning," "refer," "referring," "relate," "relating," "regard" or "regarding" shall all mean documents which explicitly or implicitly, in whole or in part, compare, were received in conjunction with, or were generated as a result of the subject matter of the request, including all documents which reflect, record, specify, memorialize, relate, describe, discuss, consider, concern, constitute, embody, evaluate, analyze, refer to, review, report on, comment on, impinge upon, or impact the subject matter of the request.

5. "Communication" includes every manner or means of disclosure, transfer, or exchange of information, and every disclosure, transfer or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, or otherwise.

6. "Document" or "documents" shall be interpreted in the broadest possible sense and includes, without limitation, all written, recorded, printed, typed, transcribed, filmed, digitized or graphic matter and all other tangible things and media upon which any handwriting, typing printing, drawing, representation, electrostatic or other copy, sound or video records, magnetic or electrical impulse, electronically stored information ("ESI"), visual reproduction or communication is recorded, reproduced or represented, including each and any book, record,

correspondence, report, memoranda, electronic mail (*i.e.,* email), contract, table, tabulation, graph, chart, diagram, plan, schedule, appointment book, calendar, diary, time sheet, report, study, analysis, draft, telegram, teletype or telecopy message file, telephone log, telephone message, check, microfilm, microfiche, picture, photograph, printout, electronic data compilation, tape, diskette, drive, removable media, note, minutes or transcript of proceedings, including, but not limited to, minutes of meetings, or other communication of any type, including inter-office communications, questionnaires, surveys, charges, newspapers, booklets, circulars, work papers, bulletin, notices, instructions, resolutions, reports, records, papers, bills or invoices, books of account, financial statements, working papers, deeds, loan agreements, notes, ledgers, security agreements, financing statements, tax returns, checks, receipts, journals and data of every description, and shall include each and every original produced or reproduced by any method, all non-identical copies (whether different from the original because of notes made in or attached to such copy, or otherwise), all data compilations from which information can be obtained (translated, if necessary, into reasonably usable form) and any preliminary versions, drafts or revisions of any of the foregoing.

7. "Including" means (1) including, but not limited to, or (2) including, without limitation. Any examples, which follow these phrases, are set forth to clarify the request, definition or instruction, not limited to the request, definition or instruction.

8. "Identify" with respect to natural person, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

9. "Or" shall mean and/or.

10. "Person" or "Persons" shall mean natural persons, proprietorships, joint ventures, partnerships, corporations, trust, groups, associations, organizations, governmental agencies and all other entities.

12. If no time frame is specified it should be two years prior to the filing of this complaint.

**AREAS OF INQUIRY:**

1. Each and every communication Defendant had with Plaintiff, which are the subject matter of this litigation.

2. The name and address of every individual that participated in the telephone calls that are the subject matter of this lawsuit.

3. Name, description and explanation of the telephone equipment used to contact the cellular telephone number (727) 581-6140, from January 1, 2014 through present.

4. Name, description and explanation of the telephone equipment used to contact the Plaintiff, including the capacity of the equipment to store or produce numbers to be called.

5. Description and explanation of any random or sequential number generator used by the Defendant.

6. The exact number of phone calls that were made to and received from (727) 581-6140 by the Defendant, from January 1, 2014 to present.

7. Identify the method by which each phone call was placed to (727) 581-6140 by the Defendant.

8. Any express consent received by the Defendant to contact the Plaintiff on his cellular telephone using an automatic telephone dialing system.

9. Description and explanation of the debt, which is the subject matter of this litigation, including the nature of the debt, any alleged deficiency balance, interest, and other fees.

10. Description and explanation of each and every entry on documents produced by Defendant.

11. Defendant's policy and procedures for collecting consumer debts.

12. Defendant's policy and procedures for contacting consumers on their cellular telephone.

13. Defendant's policy and procedures for using an automated telephone dialing system.

14. Defendant's policy and procedures for using an artificial voice.

15. Defendant's policy and procedures for leaving prerecorded messages on Plaintiff's cellular telephone.

16. Prior lawsuits filed against the Defendant concerning alleged violations of the Telephone Consumer Protection Act.

17. Prior lawsuits filed against the Defendant concerning alleged violations of the Fair Debt Collections Practices Act.

18. Prior lawsuits filed against the Defendant concerning alleged violations of the Florida Consumer Collection Practices Act.

19. Prior complaints, formal or informal, whether in writing or not, made by consumers or their attorneys, concerning alleged violations of state and federal law relating to the collection of consumer debts.

20. Prior requests by individuals not to be called by the Defendant.

21. Factual basis for each affirmative defense alleged or raised by you in your Answer to the Complaint.

22. Factual basis for each denial contained within Defendant's answer to Plaintiff's complaint.

23. Defendant's answers to any Interrogatories served in this case.

24. Defendant's responses to any Requests for Production served in this case.

25. Defendant's responses to any Request for Admission served in this case.

26. Defendant's Policies and Procedures for handling individuals who ask the Defendant to stop calling or informs the Defendant they have called the wrong person.

27. Defendant's net worth for the last four years.

28. The name of any insurance company that has a written policy for the Defendant in the last four years.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIE MCCASKILL,

    Plaintiff,

v.

NAVIENT SOLUTIONS, INC., STUDENT
ASSISTANCE CORPORATION, and
NAVIENT CORPORATION,

    Defendants.

CASE NO.: 8:15-CV-1559-T-33-TBM

_____/

**PLAINTIFF'S NOTICE OF TAKING VIDEO TAPE DEPOSITION OF STUDENT ASSISTANCE CORPORATION PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 30(B)(6)**

**PLEASE TAKE NOTICE** that pursuant to Federal Rules of Civil Procedure, including 30(b)(6), Plaintiff, Willie McCaskill, by and through her undersigned counsel, will take the deposition, by oral examination, and videotape, of the following person as indicated below or at such other location, time and date as is mutually agreed upon by counsel or ordered by the Court, before an associate or deputy court reporter at the offices as indicated below, before its designated representatives, of Stratos Legal, who are not counsel to the parties of interested in the events of the cause.

| NAME | DATE & TIME | LOCATION |
|---|---|---|
| Student Assistance Corporation | Thursday, December 3, 2015 at 9:00 a.m. | Stratos Legal<br>201 East Kennedy Boulevard, Suite 950<br>Tampa, FL 33602<br>(800) 971-1127 |

The deposition is being taken for the purposes of discovery, for use at trial, or for such other purposes as are permitted under the Federal Rules of Civil Procedure including 30(b)(6). As directed by the Federal Rules of Civil Procedures including 30(b)(6), Navient Solutions, Inc.

is to produce the appropriate person(s) concerning the areas of inquiry listed on Exhibit "A" attached hereto.

This deposition is to continue from day-to-day until such time as it is completed or may be adjourned to be reconvened at such later date as may be established therefore by those in attendance at such deposition, and is intended for use at trial or other such purposes as authorized by law. You are invited to attend and cross-examine the witness.

Dated November 20, 2015.

                                      *s/William Peerce Howard*
                                      William Peerce Howard, Esq.
                                      Florida Bar No.: 0103330
                                      whoward@forthepeople.com
                                      Frank H. Kerney III, Esq.
                                      Florida Bar No.: 88672
                                      fkerney@forthepeople.com
                                      Morgan & Morgan, Tampa, P.A.
                                      One Tampa City Center, 7th Floor
                                      201 North Franklin Street
                                      Tampa, FL 33602
                                      Telephone: (813) 223-5505
                                      Facsimile: (813) 223-5402
                                      *Attorney for Plaintiff*

# EXHIBIT A

**DEFINITIONS:**

1. "Any," "All," and "each" shall be construed as any, all and each.

2. "And" shall mean and/or.

3. "Automatic telephone dialing system" shall mean equipment which has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers, per 47 U.S.C. 227(a)(1).

4. "Concern," "concerning," "refer," "referring," "relate," "relating," "regard" or "regarding" shall all mean documents which explicitly or implicitly, in whole or in part, compare, were received in conjunction with, or were generated as a result of the subject matter of the request, including all documents which reflect, record, specify, memorialize, relate, describe, discuss, consider, concern, constitute, embody, evaluate, analyze, refer to, review, report on, comment on, impinge upon, or impact the subject matter of the request.

5. "Communication" includes every manner or means of disclosure, transfer, or exchange of information, and every disclosure, transfer or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, or otherwise.

6. "Document" or "documents" shall be interpreted in the broadest possible sense and includes, without limitation, all written, recorded, printed, typed, transcribed, filmed, digitized or graphic matter and all other tangible things and media upon which any handwriting, typing printing, drawing, representation, electrostatic or other copy, sound or video records, magnetic or electrical impulse, electronically stored information ("ESI"), visual reproduction or communication is recorded, reproduced or represented, including each and any book, record,

correspondence, report, memoranda, electronic mail (*i.e.*, email), contract, table, tabulation, graph, chart, diagram, plan, schedule, appointment book, calendar, diary, time sheet, report, study, analysis, draft, telegram, teletype or telecopy message file, telephone log, telephone message, check, microfilm, microfiche, picture, photograph, printout, electronic data compilation, tape, diskette, drive, removable media, note, minutes or transcript of proceedings, including, but not limited to, minutes of meetings, or other communication of any type, including inter-office communications, questionnaires, surveys, charges, newspapers, booklets, circulars, work papers, bulletin, notices, instructions, resolutions, reports, records, papers, bills or invoices, books of account, financial statements, working papers, deeds, loan agreements, notes, ledgers, security agreements, financing statements, tax returns, checks, receipts, journals and data of every description, and shall include each and every original produced or reproduced by any method, all non-identical copies (whether different from the original because of notes made in or attached to such copy, or otherwise), all data compilations from which information can be obtained (translated, if necessary, into reasonably usable form) and any preliminary versions, drafts or revisions of any of the foregoing.

      7.    "Including" means (1) including, but not limited to, or (2) including, without limitation. Any examples, which follow these phrases, are set forth to clarify the request, definition or instruction, not limited to the request, definition or instruction.

      8.    "Identify" with respect to natural person, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

9. "Or" shall mean and/or.

10. "Person" or "Persons" shall mean natural persons, proprietorships, joint ventures, partnerships, corporations, trust, groups, associations, organizations, governmental agencies and all other entities.

12. If no time frame is specified it should be two years prior to the filing of this complaint.

**AREAS OF INQUIRY:**

1. Each and every communication Defendant had with Plaintiff, which are the subject matter of this litigation.

2. The name and address of every individual that participated in the telephone calls that are the subject matter of this lawsuit.

3. Name, description and explanation of the telephone equipment used to contact the cellular telephone number (727) 581-6140, from January 1, 2014 through present.

4. Name, description and explanation of the telephone equipment used to contact the Plaintiff, including the capacity of the equipment to store or produce numbers to be called.

5. Description and explanation of any random or sequential number generator used by the Defendant.

6. The exact number of phone calls that were made to and received from (727) 581-6140 by the Defendant, from January 1, 2014 to present.

7. Identify the method by which each phone call was placed to (727) 581-6140 by the Defendant.

8. Any express consent received by the Defendant to contact the Plaintiff on his cellular telephone using an automatic telephone dialing system.

9. Description and explanation of the debt, which is the subject matter of this litigation, including the nature of the debt, any alleged deficiency balance, interest, and other fees.

10. Description and explanation of each and every entry on documents produced by Defendant.

11. Defendant's policy and procedures for collecting consumer debts.

12. Defendant's policy and procedures for contacting consumers on their cellular telephone.

13. Defendant's policy and procedures for using an automated telephone dialing system.

14. Defendant's policy and procedures for using an artificial voice.

15. Defendant's policy and procedures for leaving prerecorded messages on Plaintiff's cellular telephone.

16. Prior lawsuits filed against the Defendant concerning alleged violations of the Telephone Consumer Protection Act.

17. Prior lawsuits filed against the Defendant concerning alleged violations of the Fair Debt Collections Practices Act.

18. Prior lawsuits filed against the Defendant concerning alleged violations of the Florida Consumer Collection Practices Act.

19. Prior complaints, formal or informal, whether in writing or not, made by consumers or their attorneys, concerning alleged violations of state and federal law relating to the collection of consumer debts.

20. Prior requests by individuals not to be called by the Defendant.

21. Factual basis for each affirmative defense alleged or raised by you in your Answer to the Complaint.

22. Factual basis for each denial contained within Defendant's answer to Plaintiff's complaint.

23. Defendant's answers to any Interrogatories served in this case.

24. Defendant's responses to any Requests for Production served in this case.

25. Defendant's responses to any Request for Admission served in this case.

26. Defendant's Policies and Procedures for handling individuals who ask the Defendant to stop calling or informs the Defendant they have called the wrong person.

27. Defendant's net worth for the last four years.

28. The name of any insurance company that has a written policy for the Defendant in the last four years.

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

WILLIE MCCASKILL,

    Plaintiff,

v.

CASE NO.: 8:15-CV-1559-T-33-TBM

NAVIENT SOLUTIONS, INC., STUDENT
ASSISTANCE CORPORATION, and
NAVIENT CORPORATION,

    Defendants.
_____/

### PLAINTIFF'S NOTICE OF TAKING VIDEOTAPE DEPOSITION OF NAVIENT SOLUTIONS, INC. PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 30(B)(6)

**PLEASE TAKE NOTICE** that pursuant to Federal Rules of Civil Procedure, including 30(b)(6), Plaintiff, Willie McCaskill, by and through her undersigned counsel, will take the deposition, by oral examination, and videotape, of the following person as indicated below or at such other location, time and date as is mutually agreed upon by counsel or ordered by the Court, before an associate or deputy court reporter at the offices as indicated below, before its designated representatives, of Stratos Legal, who are not counsel to the parties of interested in the events of the cause.

| NAME | DATE & TIME | LOCATION |
|---|---|---|
| Navient Solutions, Inc. | Wednesday, December 2, 2015 9:00 a.m. | Stratos Legal<br>201 East Kennedy Boulevard, Suite 950<br>Tampa, FL 33602<br>(800) 971-1127 |

The deposition is being taken for the purposes of discovery, for use at trial, or for such other purposes as are permitted under the Federal Rules of Civil Procedure including 30(b)(6). As directed by the Federal Rules of Civil Procedures including 30(b)(6), Navient Solutions, Inc.

is to produce the appropriate person(s) concerning the areas of inquiry listed on Exhibit "A" attached hereto.

This deposition is to continue from day-to-day until such time as it is completed or may be adjourned to be reconvened at such later date as may be established therefore by those in attendance at such deposition, and is intended for use at trial or other such purposes as authorized by law. You are invited to attend and cross-examine the witness.

Dated November 20, 2015.

*s/William Peerce Howard*
William Peerce Howard, Esq.
Florida Bar No.: 0103330
whoward@forthepeople.com
Frank H. Kerney III, Esq.
Florida Bar No.: 88672
fkerney@forthepeople.com
Morgan & Morgan, Tampa, P.A.
One Tampa City Center, 7th Floor
201 North Franklin Street
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 223-5402
*Attorney for Plaintiff*

## EXHIBIT A

**DEFINITIONS:**

1. "Any," "All," and "each" shall be construed as any, all and each.

2. "And" shall mean and/or.

3. "Automatic telephone dialing system" shall mean equipment which has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers, per 47 U.S.C. 227(a)(1).

4. "Concern," "concerning," "refer," "referring," "relate," "relating," "regard" or "regarding" shall all mean documents which explicitly or implicitly, in whole or in part, compare, were received in conjunction with, or were generated as a result of the subject matter of the request, including all documents which reflect, record, specify, memorialize, relate, describe, discuss, consider, concern, constitute, embody, evaluate, analyze, refer to, review, report on, comment on, impinge upon, or impact the subject matter of the request.

5. "Communication" includes every manner or means of disclosure, transfer, or exchange of information, and every disclosure, transfer or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, or otherwise.

6. "Document" or "documents" shall be interpreted in the broadest possible sense and includes, without limitation, all written, recorded, printed, typed, transcribed, filmed, digitized or graphic matter and all other tangible things and media upon which any handwriting, typing printing, drawing, representation, electrostatic or other copy, sound or video records, magnetic or electrical impulse, electronically stored information ("ESI"), visual reproduction or communication is recorded, reproduced or represented, including each and any book, record,

correspondence, report, memoranda, electronic mail (*i.e.*, email), contract, table, tabulation, graph, chart, diagram, plan, schedule, appointment book, calendar, diary, time sheet, report, study, analysis, draft, telegram, teletype or telecopy message file, telephone log, telephone message, check, microfilm, microfiche, picture, photograph, printout, electronic data compilation, tape, diskette, drive, removable media, note, minutes or transcript of proceedings, including, but not limited to, minutes of meetings, or other communication of any type, including inter-office communications, questionnaires, surveys, charges, newspapers, booklets, circulars, work papers, bulletin, notices, instructions, resolutions, reports, records, papers, bills or invoices, books of account, financial statements, working papers, deeds, loan agreements, notes, ledgers, security agreements, financing statements, tax returns, checks, receipts, journals and data of every description, and shall include each and every original produced or reproduced by any method, all non-identical copies (whether different from the original because of notes made in or attached to such copy, or otherwise), all data compilations from which information can be obtained (translated, if necessary, into reasonably usable form) and any preliminary versions, drafts or revisions of any of the foregoing.

7. "Including" means (1) including, but not limited to, or (2) including, without limitation. Any examples, which follow these phrases, are set forth to clarify the request, definition or instruction, not limited to the request, definition or instruction.

8. "Identify" with respect to natural person, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

9. "Or" shall mean and/or.

10. "Person" or "Persons" shall mean natural persons, proprietorships, joint ventures, partnerships, corporations, trust, groups, associations, organizations, governmental agencies and all other entities.

12. If no time frame is specified it should be two years prior to the filing of this complaint.

## AREAS OF INQUIRY:

1. Each and every communication Defendant had with Plaintiff, which are the subject matter of this litigation.

2. The name and address of every individual that participated in the telephone calls that are the subject matter of this lawsuit.

3. Name, description and explanation of the telephone equipment used to contact the cellular telephone number (727) 581-6140, from January 1, 2014 through present.

4. Name, description and explanation of the telephone equipment used to contact the Plaintiff, including the capacity of the equipment to store or produce numbers to be called.

5. Description and explanation of any random or sequential number generator used by the Defendant.

6. The exact number of phone calls that were made to and received from (727) 581-6140 by the Defendant, from January 1, 2014 to present.

7. Identify the method by which each phone call was placed to (727) 581-6140 by the Defendant.

8. Any express consent received by the Defendant to contact the Plaintiff on his cellular telephone using an automatic telephone dialing system.

9. Description and explanation of the debt, which is the subject matter of this litigation, including the nature of the debt, any alleged deficiency balance, interest, and other fees.

10. Description and explanation of each and every entry on documents produced by Defendant.

11. Defendant's policy and procedures for collecting consumer debts.

12. Defendant's policy and procedures for contacting consumers on their cellular telephone.

13. Defendant's policy and procedures for using an automated telephone dialing system.

14. Defendant's policy and procedures for using an artificial voice.

15. Defendant's policy and procedures for leaving prerecorded messages on Plaintiff's cellular telephone.

16. Prior lawsuits filed against the Defendant concerning alleged violations of the Telephone Consumer Protection Act.

17. Prior lawsuits filed against the Defendant concerning alleged violations of the Fair Debt Collections Practices Act.

18. Prior lawsuits filed against the Defendant concerning alleged violations of the Florida Consumer Collection Practices Act.

19. Prior complaints, formal or informal, whether in writing or not, made by consumers or their attorneys, concerning alleged violations of state and federal law relating to the collection of consumer debts.

20. Prior requests by individuals not to be called by the Defendant.

21. Factual basis for each affirmative defense alleged or raised by you in your Answer to the Complaint.

22. Factual basis for each denial contained within Defendant's answer to Plaintiff's complaint.

23. Defendant's answers to any Interrogatories served in this case.

24. Defendant's responses to any Requests for Production served in this case.

25. Defendant's responses to any Request for Admission served in this case.

26. Defendant's Policies and Procedures for handling individuals who ask the Defendant to stop calling or informs the Defendant they have called the wrong person.

27. Defendant's net worth for the last four years.

28. The name of any insurance company that has a written policy for the Defendant in the last four years.