**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**WILLIE MCCASKILL,**

    **Plaintiff,**

**v.**                                                              **Case No. 8:15-cv-1559-T-33TBM**

**NAVIENT SOLUTIONS, INC, et al.,**

    **Defendants.**

                                                          /

**O R D E R**

THIS MATTER is before the Court on **Plaintiff's Motion to Compel Defendant to Provide Dates & Location to Depose a Witness** (Doc. 55) and **Plaintiff's Motion to Compel Proper Designation of Corporate Representative** (Doc. 56).  Defendants' responses are not yet due.[1]  As explained below, the Motions are granted in part.

By her first Motion (Doc. 55), Plaintiff seeks an Order compelling Defendant, Navient Solutions, Inc. ("NSI"), to produce for deposition Patricia Peterson, an employee of NSI and listed in NSI's Initial Disclosures.  According to Plaintiff, NSI stated that it intends to provide another representative for deposition and not Ms. Peterson, and it refused to give Plaintiff information regarding Ms. Peterson that would permit Plaintiff's counsel to subpoena Ms. Peterson for deposition.  By her second Motion (Doc. 56), Plaintiff seeks an Order compelling all three Defendants to provide corporate representatives capable of testifying to the issues described in the Rule 30(b)(6) deposition notice and to do the same by

---

[1] I have elected to rule on the Motions without the benefit of responses because such appear unnecessary and because the discovery deadline is quickly approaching.

or before the close of discovery.  Further, Plaintiff requests that any objections to the deposition topics be deemed waived because Defendants' written objections were not timely.  Plaintiff seeks the fees and costs incurred in bringing her Motions.  (Doc. 56).

Upon consideration and in light of the upcoming discovery deadline of January 5, 2016, and dispositive motion deadline of January 11, 2016, **Plaintiff's Motion to Compel Defendant to Provide Dates & Location to Depose a Witness** (Doc. 55) and **Plaintiff's Motion to Compel Proper Designation of Corporate Representative** (Doc. 56) are **GRANTED in part**.  There appears no good reason to prevent Plaintiff from deposing Patricia Peterson, an NSI employee identified in its initial disclosures as a person having knowledge of NSI's policies, procedures, and practices.  And, while there may be issues as to scope, I see no good reason to prevent Plaintiff from taking a Rule 30(b)(6) deposition from each of the corporate defendants.  Accordingly, NSI is ordered to immediately cooperate with Plaintiff's counsel in scheduling Ms. Peterson's deposition on or before the discovery deadline.  Each Defendant is likewise ordered to immediately cooperate with Plaintiff's counsel in the timely scheduling of corporate representative depositions.  To the extent that there is a dispute over the scope of such depositions, such should be raised promptly to allow the Court time to address the issues before the date of deposition.  The Court defers ruling on Plaintiff's request for fees and costs pending Defendants' compliance with this Order.

**Done and Ordered** at Tampa, Florida, this 18th day of December 2015.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record