IN THE UNITED STATES DISTRICT COURT
IN THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIE MCCASKILL,

   Plaintiff,

-vs-

                                           CASE NO.:  8:15-cv-1559-T-33-TBM

NAVIENT SOLUTIONS, INC., STUDENT
ASSISTANCE CORPORATION, and
NAVIENT CORPORATION,

   Defendants.
_____/

**PLAINTIFF'S MOTION TO COMPEL PROPER
DESIGNATION OF CORPORATE REPRESENTATIVE.**

COMES NOW the Plaintiff, Willie McCaskill ("Plaintiff"), by and through her undersigned counsel and pursuant to Federal Rules of Civil Procedure 26, 30 and 37, moves to compel NAVIENT SOLUTIONS, INC. ("NSI"), to produce a proper corporate representative to testify on the areas of inquiry as designated in Plaintiff's Rule 30(b)(6) notice.

1.      Plaintiff filed her Complaint [Doc. 1] on July 2, 2015 alleging violations of the Telephone Consumer Protection Act (TCPA), Florida Consumer Collection Practices Act (FCCPA), and Fair Debt Collection Practices Act (FDCPA).  It is now confirmed that the Defendants called the Plaintiff's cellular telephone number seven-hundred and twenty-seven (727) times without having the Plaintiff's "prior express" consent to do so in violation of the TCPA. At the first Case Management Conference on October 8, 2015, Defense counsel originally advised the Court that "[t]here also is -- there is an issue of consent here. The number was provided to the company by plaintiff's daughter." However that story has now changed and the Defendant has admitted that the Plaintiff's number was obtained via "skip tracing", a process

1

whereby numbers are obtained through a variety of methods, including online searches. In this instance, the Plaintiff's number was obtained via an online search of corporate records related to a Church the Plaintiff operates. The Defendant bases its entire consent argument upon these Church records. [1]

2. On or about December 14, 2015, Plaintiff's counsel, pursuant to Federal Rules of Civil Procedure Rule 30(b)(6), gave Notice of Taking Depositions of Navient Solutions, Inc., setting the deposition for Tuesday, December 29, 2015 in Wilmington, DE (See Attached Exhibit "1").

3. Area of Inquiry No. 19 called for the Corporate Representative to be prepared to testify regarding:

> **"Prior complaints, formal or informal, whether in writing or not, made by consumers or their attorneys, concerning alleged violations of state and federal law relating to the collection of consumer debts."** (Emphasis added.)

4. It is uncontroverted that NSI maintains a comprehensive complaint database containing the information sought under Area of Inquiry 19. In fact, during the deposition of the President of Student Assistance Corp., NSI's sister corporation, it was revealed that the two defendants actually share a joint complaint database.

5. Despite the fact that NSI did not move for a protective order regarding this area of inquiry, the corporate representative arrived at the deposition wholly unprepared to testify regarding prior complaints made by consumers or their attorneys concerning alleged violations of state and federal law relating to the collection of consumer debts.

---

[1] Obtaining a phone number via skip tracing is not a valid method of obtaining consent. "Under the FCC's interpretation of the statute, [Plaintiff] did not consent because his number was not "provided during the transaction that resulted in the debt owed." *Nigro v. Mercantile Adjustment Bureau, LLC*, 769 F.3d 804 at 806 (2nd DCA 2014).

6. It is particularly troubling that NSI's corporate representative was not prepared to testify regarding this area because Plaintiff was already forced to file a Motion to Compel a Proper Corporate Representative [Doc. 56], which was ruled upon by the Court on or about December 18, 2015 [Doc. 58]. At that time, the Court instructed the parties as follows:

> "To the extent that there is a dispute over the scope of such depositions, such should be raised promptly to allow the Court time to address the issues **before the date of deposition**. The Court defers ruling on Plaintiff's request for fees and costs pending Defendants' compliance with this Order." (Emphasis added.)

As previously mentioned, the Defendant failed to ever address any concern over this area of inquiry with the Court and therefore the deponent should have been prepared to answer questions associated with the aforementioned area of inquiry.

7. Because the TCPA permits trebled damages for "willful and knowing" violations of the law, it is imperative that Plaintiff know what kinds of complaints the Defendant has been made aware of in the past. For example, the Plaintiff is seeking evidence that the Defendant has, in situations comparable to the case at hand, skip traced the phone number of a borrower that actually belonged to a family member of the borrower and subsequently called that family member dozens (or even hundreds, as in the case at hand) of times despite not having the prior express consent of the called party.

8. Given the upcoming discovery deadline (January 5, 2016) it is imperative that Defendants provide corporate representatives that are capable of testifying regarding the issues described in the Rule 30(b)(6) deposition notice and at this point any objections to any topics should be waived. It is contemplated that the Defendant will move for summary judgment under the theory that the Plaintiff has not proven any knowing and willful conduct. If Plaintiff is unable to inquire into this area, she will be in an unfair position when responding to this.

9.     The Plaintiff incurred fees and costs associated with the December 29, 2015 deposition where Defendant failed to provide a corporate representative who was properly prepared, as well as with the original depositions where Defendant provided no corporate representative whatsoever [Doc. 56]. As a result, Plaintiff is seeking appropriate sanctions including attorney's fees and costs. However, Plaintiff requests that the Court reserve on these issues until it is determined how much time and travels costs are required.

## MEMORANDUM OF LAW

As discussed in *Donnelly v. NCO Fin. Sys.*, information relating to other complaints in which Defendant was accused of violating the TCPA is relevant in assessing whether the Defendant acted willfully in violating the TCPA in this case. *Donnelly v. NCO Fin. Sys., Inc*, 263 F.R.D. 500, 505 (N.D. Ill. 2009) objections overruled, 09 C 2264, 2010 WL 308975 (N.D, Ill. 2010). Although past violations do not necessarily reflect actual violations, it is relevant to its knowledge of the TCPA and the actions it did or did not take to ensure compliance. Id. In *Lardner v. Diversified Consultants*, 2014 WL 1979221 (S.D. Fla. 2014) the Court found that evidence of past or pending litigation as well as administrative complaints against the Defendant were relevant to determining whether the Defendant willfully or knowing violated the TCPA. Furthermore, in the cases of *Maria Winer v. St. Joseph's Hospital, Inc*., (05-CA-005929, 13th Circuit of Florida, July 17, 2006), *Daniel Ivan Schultz and lam Schultz V. Bank of America. N.A.*, (09-22402, 13th Circuit of Florida, August 22, 2014), and *Eric Lamboi v. Van Ru Credit Corporation, Inc.*, (04- CC-4675, 13th Circuit of Florida, October 7, 2015) the Courts compelled the Defendants to produce copies of prior lawsuits. This information will be admissible to determine if Plaintiff is only entitled to $500 per call or up to $1500 based upon a willful and intentional violation, per the TCPA. Under the TCPA "[i]f the court finds that the defendant

willfully or knowingly violated this subsection of the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." [emphasis added] 47 U.S.C. § 227(b)(3)(C); see also, *Harris v. World Financial Network National Bank. et al.*, 867 F.Supp. 2d 888 (E.D. MI 2012). The Court in *Stewart v. Regent Asset Management Solutions, Inc*., 2011 WL 1766018, *7 (N.D. Ga. 2011) stated that "The undersigned agrees with the Charvat court that 'to establish a knowing violation of the TCPA for an award of treble damages, a plaintiff must prove that the defendant knew that it acted or failed to act in a manner that violated the statute, not that the defendant knew that the conduct itself constituted a violation of the law." Id at 7 (quoting *Charvat v. Ryan*, 879 N.E.2d 765, 770 (Ohio 2007); see also *American Home Services. Inc. v. A Fast Sign Company. Inc*., 747 S.E.2d 205, 2013 WL 3467337 (Ga. App. July 11, 2013); *Sengenberger v. Credit Control Svcs*., 2010 WL 6373008 (N.D. Ill. 2010); and *Cox v. Garvin*, 607 S.E.2d 549 (Ga. 2005).

"Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). The information sought by Plaintiff is necessary to the proper preparation and prosecution of the Plaintiff's case, as "[t]he discovery provisions of the Federal Rules of Civil Procedure allow the parties to develop fully and crystalize concise factual issues for trial. Properly used, they prevent prejudicial surprises and conserve previous judicial energies. The United States Supreme Court has said they are to be broadly and liberally construed." *Callaway v. Papa John's USA, Inc*. 09-61989-CIV-ZLOCH, 2010 WL 4024883 (S.D. Fla. 2010) citing *Hickman v. Taylor*, 507. Defendant's failure to provide a properly prepared corporate representative to testify regarding available facts is

5

calculated to and does defeat, impede, impair, and prejudice the Plaintiff in the prosecution of her case.

A party is permitted to take the deposition of any person, including another party. F.R.Civ.P. 30(a)(1). When an intended deponent fails to submit to deposition, a motion to compel is proper. F.R.Civ.P. 37(a)(1). By failing to make itself available for deposition, Navient Solutions, Inc., Student Assistance Corporation, and Navient Corporation, have violated Rule 30(a)(1) and are subject to a motion to compel. Furthermore, Defendant's counsel's failure to properly provide dates for deposition in face of numerous attempts is a violation of Rule 30(a)(1). An order compelling attendance at a deposition is appropriate where a party fails to make itself available for a deposition as requested through proper discovery mechanisms. F.R.Civ.P.37(a)(1).

Under Federal Rule 26, information need not itself be admissible. Instead, to be the proper basis of a discovery request it must only be likely to lead to the discovery of admissible evidence. Fed. R. Civ. Pro. 30(b)(6) ["Notice or Subpoena Directed to an Organization"] provides a mechanism for taking the testimony of a corporation and provides in pertinent part:

> In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; ... The persons designated must testify about information **known or reasonably available to the organization.** (Emphasis added.)

The purpose of the allowing a deposition of a corporate representative is clearly established in case law:

6

> The rule's purpose is to streamline the discovery process. In particular, the rule serves a unique function in allowing a specialized form of deposition. *Great Am. Ins. Co. v. Vegas Constr. Co., Inc.,* 251 F.R.D. 534, 539 (D.Nev.2008) […] It is a discovery device designed to avoid the bandying by corporations where individual officers or employees disclaim knowledge of facts clearly known to the corporation. *Great Am.,* 251 F.R.D. at 539; *Taylor,* 166 F.R.D. at 361. […] Therefore, one purpose is to curb any temptation by the corporation to shunt a discovering party from "pillar to post" by presenting deponents who each disclaim knowledge of facts known to someone in the corporation. *Great Am.,* 251 F.R.D. at 539. *Cf. Ierardi v. Lorillard, Inc.,* No. 90–7049, 1991 WL 66799, *2 (E.D.Pa. Apr. 15, 1991), at *2 (without the rule, a corporation could "hide behind the alleged 'failed' memories of its employees").

QBE Ins. Corp. v. Jorda Enterprises, Inc., 277 F.R.D. 676 (S.D. Fla. 2012)

As was set forth by this Court recently:

> The party to whom a Rule 30(b)(6) deposition notice is directed has a duty to " 'make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought [by the party noticing the deposition] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed ... as to the relevant subject matters.' " The designating party may designate more than one witness if necessary to respond to a relevant area of inquiry. And, if it becomes apparent that a corporate designee is deficient, the corporation must provide a substitute or additional designees.

Coach, Inc. v. Visitors Flea Mkt., LLC, 6:11-CV-1905-ORL-22, 2014 WL 2612036 (M.D. Fla. June 11, 2014) (Internal Citations Omitted). The recent case of *QBE Ins. Corp. v. Jorda Enterprises, Inc.* out of the Southern District of Florida provides a throughout summary of the "litigation commandments and fundamental passages" of the "*de facto* Bible governing corporate depositions" under Fed. R. Civ. Pro. 30(b)(6):

> 5. Rule 30(b)(6) imposes burdens on both the discovering party and the designating party. The party seeking discovery must describe the matters with reasonable particularity and the responding corporation or entity must produce one or more

7

> witnesses who can testify about the corporation's knowledge of the noticed topics. *Great Am.,* 251 F.R.D. at 539.
>
> 6. The testimony of a Rule 30(b)(6) witness represents the collective knowledge of the corporation, not of the specific individual deponents. A Rule 30(b)(6) designee presents the corporation's position on the listed topics. The corporation appears vicariously through its designees. *Taylor,* 166 F.R.D. at 361.
>
> 7. **A corporation has an affirmative duty to provide a witness who is able to provide binding answers on behalf of the corporation.** *Ecclesiastes 9:10–11–12, Inc. v. LMC Holding Co.,* 497 F.3d 1135, 1147 (10th Cir.2007). (Emphasis added.)
>
> 9. The designating party has a duty to designate more than one deponent if necessary to respond to questions on all relevant areas of inquiry listed in the notice or subpoena. *Ecclesiastes,* 497 F.3d at 1147; *Marker v. Union Fidelity Life Ins. Co.,* 125 F.R.D. 121, 127 (M.D.N.C.1989) (duty to substitute another witness as a designee once the initial designee's deficiencies become apparent during the deposition); *Alexander v. F.B.I.,* 186 F.R.D. 137, 142 (D.D.C.1998). […]
>
> 11. Although the rule is not designed to be a memory contest, the corporation has a duty to make a good faith, conscientious effort to designate appropriate persons and to prepare them to testify fully and non-evasively about the subjects. *Great Am.,* 251 F.R.D. at 540.

*QBE Ins. Corp. v. Jorda Enterprises, Inc.*, 277 F.R.D. 676 (S.D. Fla. 2012).

Rule 37(a)(3)(B) provides a party a mechanism to address another party's failure to comply with its discovery obligations:

> *To Compel a Discovery Response.* A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: (i) a deponent fails to answer a question asked under Rule 30 or 31; (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4).

Further, Rule 37(a) (4) provides that "[f]or purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." "Rule 30(b)(6) means what it says. Corporations must act responsibly. They are not permitted to simply declare themselves to be mere document-gatherers. They must produce live witnesses who have been prepared to provide testimony to bind the entity and to explain the corporation's position. *Wilson,* 228 F.R.D. at 531; *Great Am.,* 251 F.R.D. at 542 (entitled to 'corporation's position'). […] Despite the potentially difficult burdens which sometimes are generated by Rule 30(b)(6) depositions, the corporation is not without some protection, as it may timely seek a protective order or other relief. *C.F.T.C. v. Noble Metals Int'l, Inc.,* 67 F.3d 766, 772 (9th Cir.1995)." *QBE Ins. Corp. v. Jorda Enterprises, Inc*., 277 F.R.D. 676 (S.D. Fla. 2012) .

The prevailing party on a motion to compel is entitled to an award of reasonably attorney's fees incurred in making the motion. F.R.Civ.P. 37(a)(5)(A). Federal Rule of Civil Procedure states, "if the motion is granted - or if the disclosure or requested discovery is provided after the motion is filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising the conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. Id. Accordingly, this Honorable Court should properly award Plaintiff with reasonably attorney's fees and costs incurred in making this motion against Defendant, Navient Solutions, Inc., and its counsel.

WHEREFORE Plaintiff, Willie McCaskill, respectfully requests this Honorable Court order Defendant, Navient Solutions, Inc., to provide a representative prepared to testify regarding area of inquiry and award Plaintiff his reasonable attorney's fees and costs incurred in bringing this Motion to Compel and grant such other relief as this Honorable Court deems proper and just,

including the Court utilizing its inherit authority to issue sanctions to grant an order Compelling Defendant to ensure that its representatives are able to testify to the aforementioned area of the 30(b)(6) deposition notice provided by Plaintiff without objection.

## CERTIFICATE OF GOOD FAITH PURSUANT TO LOCAL RULE 3.01

Plaintiff has made a good-faith effort to confer with opposing counsel to resolve these disputes, pursuant to Local Rule 3.01(g) and Defendant and Plaintiff have been unable to resolve said dispute as Defendant is not agreeable to the relief sought by Plaintiff.

/s/ FRANK H. KERNEY III, ESQ.
Frank H. Kerney III, Esq.
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
FKerney@forthepeople.com
JPlaceres@ForThePeople.com
Florida Bar #: 88672
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing was filed electronically on the 31th day of December, 2015, in accordance with the Court's Electronic Filing Guidelines, Notice of this filing will be sent to all parties by operation of the Court's Electronic Filing System. Parties may access this filing through the Court's Filing System.

**Dayle Marie Van Hoose**
Sessions, Fishman, Nathan & Israel, LLC
Suite 195
3350 Buschwood Park Dr
Tampa, FL 33618
813/890-2463
Fax: 866/466-3140
Email: dvanhoose@sessions-law.biz

**Lisa M. Simonetti**
Vedder Price (CA), LLP
1925 Century Park East, Suite 1900
Los Angeles, CA 90067
424/204-7700
Fax: 424/204-7702
Email: lsimonetti@vedderprice.com

**Pamela Haddock Klavon**
**Rutledge Richardson Liles**
Liles Gavin, P.A.
301 W Bay St Ste 1030
Jacksonville, FL 32202-5103
904/634-1100
Fax: 904/634-1234
Email: pklavon@lilesgavin.com
Email: rliles@lilesgavin.com

                                      */s/ FRANK H. KERNEY III, ESQ.*
                                        Frank H. Kerney III, Esq.
                                        Morgan & Morgan, Tampa,  P.A