IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| WILLIE MCCASKILL,<br><br>        Plaintiff,<br><br>v.<br><br>NAVIENT SOLUTIONS, INC., STUDENT ASSISTANCE CORPORATION, and NAVIENT CORPORATION,<br><br>        Defendants. | No. No. 8:15-CV-1559-T-33-TBM |

**DEFENDANT NAVIENT SOLUTIONS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PROPER DESIGNATION OF CORPORATE REPRESENTATIVE**

**I.    INTRODUCTION**

The Motion to Compel Proper Designation of Corporate Representative (the "Motion") submitted by plaintiff Willie McCaskill ("McCaskill") should be summarily denied. McCaskill contends that defendant Navient Solutions, Inc. ("NSI") failed to "provide a corporate representative who was properly prepared." (Motion to Compel ¶ 9). This is simply not true. To the contrary, Cheryl Dillon ("Dillon"), who appeared for NSI, was knowledgeable and prepared to testify with regard to the areas of inquiry designated in McCaskill's 30(b)(6) notice. Indeed, in the Motion, McCaskill tellingly focuses on only one area of inquiry out of the thirty-two areas designated in the Notice of Deposition. That area is as follows: "Prior complaints, formal or informal, whether in writing or not, made by consumers or their attorneys, concerning alleged violations of state and federal law relating to the collection of consumer debts." (Motion to Compel ¶ 3.)

1

In the context of this action, no further deposition should be ordered. NSI has responded to 108 written discovery requests and produced two witnesses – Dillon on December 29, 2015 and Patty Peterson on January 5, 2016. NSI also produced on January 7, 2016 those formal complaints that it was able to locate through a reasonable and diligent search (and had produced copies of filed lawsuits in its initial production). Those documents speak for themselves, and nowhere in the Motion does McCaskill state how additional <u>testimony</u> on the issue of complaints would advance her claims. Very simply, NSI has carried more than its fair share of the burden of discovery here.[1]

Accordingly, the Court should deny the Motion. Further, because the Motion is frivolous and harassing, the Court should award NSI's attorneys' fees and costs incurred in opposing the Motion.

## II.   BACKGROUND

### A.   Plaintiff And The Claims

Newsome has outstanding student loans owned by the U.S. Department of Education and serviced by NSI. In connection with attempting to collect delinquent amounts on the loans, NSI identified the phone number at issue – (727) 581-6140 (the "Number") – in public records as associated with Newsome. Notably, federal regulations governing federal student loans require loan servicers to diligently attempt to locate delinquent borrowers, including through searches of public records for telephone numbers to be used in collections. <u>See</u> 34 C.F.R. § 682.411.

---

[1]   Indeed, the burden is very disproportionate here. NSI propounded one set of requests for production to McCaskill – consisting of 5 requests – to which she failed to respond timely and refused to produce in almost every category. NSI has commenced the meet and confer process.

Subsequently, on February 4, 2014, Newsome logged into NSI's Manage Your Loan ("MYL") website and confirmed the Number as her "Home Phone" in the Contact Information section. This section contained the following notice:

> By providing my telephone number, I authorize [NSI, formerly known as Sallie Mae, Inc.], its affiliates and agents to contact me at such number using any means of communication, including, but not limited to, calls placed to my cellular phone using an automated dialing service, calls using prerecorded messages and/or SMS text messages, regarding any current or future loans owned or serviced by Sallie Mae, Inc. its affiliates and agents, even if I will be charged by my service provider(s) for receiving such communications.

Further, the Number has been affiliated with Largo for Jesus, a church incorporated by McCaskill in 1999, since its inception. Besides independently forming and incorporating the church, McCaskill currently runs it and operates as its pastor. Newsome has always been a director or officer of the church. Largo for Jesus does not have any other telephone number; the Number is its sole means of telephone contact.

In addition, the Number was the home phone at McCaskill's residence until March of 2013. At that time, McCaskill converted the Number to a cell phone. Overall, however, McCaskill and Newsome have utilized the Number in some fashion for approximately 41 years.[2]

NSI made calls to the Number until February 16, 2015, when Newsome accessed MYL and removed it. According to McCaskill, she advised NSI or defendant Student Assistance Corporation ("SAC"), through conversation with an employee named "Heather," that it was calling an incorrect number. However, the account records, call recordings and McCaskill's own phone records do not support this assertion, nor has an agent named "Heather" ever been involved in calls related to Newsome's account. McCaskill nonetheless admits that this is the

---

[2] In the Motion, McCaskill contends that NSI's only argument regarding consent arises with respect to the church's use of the Number. This is incorrect. Equally important is the fact that Newsome confirmed the Number as her own through MYL.

full extent of initiative that she took to stop the calls.  Newsome likewise admits that she did not take any active steps to stop the calls from occurring.

McCaskill filed her initial Complaint against NSI on July 2, 2015.  She filed her Amended Complaint, adding SAC and Navient Corporation ("Navient Corp."), the ultimate parent company of NSI and SAC, on November 2, 2015.  [Doc. 1, Doc. 35].  McCaskill alleges that NSI, SAC and Navient Corp. made numerous calls to the Number in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55, et seq., and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.

### B. The Discovery Proceedings

On October 9, 2015, following the Scheduling Conference, the Court issued a Case Management and Scheduling Order, setting the beginning of the trial term for March 7, 2016. [Doc. 30].  As part of the discovery proceedings, on December 23, 2015, McCaskill served NSI with "Plaintiff's Amended Notice of Taking Video Deposition of Navient Solutions, Inc. Pursuant to Federal Rule of Civil Procedure 30(b)(6)." (Exhibit A.)  This notice designated thirty-two areas of inquiry, and NSI produced Dillon as the corporate representative to be deposed on behalf of NSI.  The deposition took place on December 29, 2015.  It lasted approximately four and a half hours.

### III.   ARGUMENT
### A. Legal Standard

A "30(b)(6) deponent [has] an affirmative obligation to educate himself as to the matters regarding the corporation."  Chick-Fil-A v. ExxonMobil Corp., No. 08-61422-CIV-COHN/SELTZER, 2009 U.S. Dist. LEXIS 109588, at *35 (S.D. Fla. 2009) (citing Calzaturfico S.C.A.R.P.A. s.p.a. v. Fabiano Shoe Co., 201 F.R.D. 33, 36 (D. Mass. 2001).  However, "the

corporation's obligation under Rule 30(b)(6) does not mean that the witness can never answer that the corporation lacks knowledge of a certain fact." Id. at 37 (citing Fraser Yachts Florida, Inc. v. Milne, No. 05-21168-Civ-Jordon, 2007 U.S. Dist. LEXIS 27546, at *2 (S.D. Fla. Apr. 13, 2007); see also Costa v. County of Burlington, 254 F.R.D. 187, 190 (D.N.J. 2008) ("Simply because defendant's witness could not answer every question posed to him does not equate to the fact that defendant did not satisfy its obligation to prepare its 30(b)(6) witness."); Wilson v. Lakner, 228 F.R.D. 524, 529 n. 7 (D. Md. 2005) (explaining that "[t]here is no obligation to produce witnesses who know every single fact, only those that are relevant and material to the incident or incidents that underlie the suit," and noting that a "rule of reason" applies in determining adequacy of preparation for a 30(b)(6) deposition).

Further, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility.'" First Coast Energy, L.L.P. v. Mid-Continent Cas. Co., 286 F.R.D. 630, 632 (M.D. Fla. 2012). "A district court has discretion to limit discovery of relevant material upon a determination the sought discovery is unreasonably cumulative or duplicative, obtainable from some other source that is more convenient, less burdensome, or less expensive, or the burden or expense of the proposed discovery outweighs the likely benefit." Gates v. Travelers Commercial Ins. Co., No. 3:12-CV-349-J-32TEM, 2012 WL 6186415, at *2 (M.D. Fla. Dec. 12, 2012) (citing Panola Land Buyers, Ass'n v. Shuman, 762 F.2d 1550, 1558–59 (11th Cir. 1985)).

**B.     The Corporate Representative Was Knowledgeable And The Testimony Was Adequate.**

As an initial matter, Dillon was sufficiently knowledgeable and prepared to testify such that NSI fulfilled its obligations under Rule 30(b)(6). Indeed, of the thirty-two areas of inquiry about which Dillon testified, McCaskill revealingly is unsatisfied with testimony related only to one. In such circumstances -- i.e., where a 30(b)(6) deponent answers the majority of questions

5

posed -- courts routinely find that the deponent was sufficiently knowledgeable and prepared such that it is unnecessary to produce another deponent. See, e.g., Chick-Fil-A, 2009 U.S. Dist. LEXIS 109588, at *38–39 (denying a motion to compel for a further 30(b)(6) deposition where the deponent "was able to answer the majority of questions posed," the deponent's "testimony was responsive and informative" and the deposing party "identified only a few questions that [the deponent] was unable to answer").

Further, as noted above, NSI has now produced the formal complaints that it was able to locate (and it produced copies of filed lawsuits long ago). These documents speak for themselves, and McCaskill has not explained how further testimony about them would be meaningful. In fact, some of the decisions cited by McCaskill in the Motion include instances of Courts handling discovery of prior lawsuits by compelling the production of the relevant documents. See Maria Winer v. St. Joseph's Hospital, Inc., (05-CQA-005929, 13th Circuit of Florida, July 17, 2006); Daniel Ivnan Schultz and Iam Schulz v. Bank of America, N.A. (09-22402, 13th Circuit of Florida, August 22, 2014); Eric Lamboi v. Van Ru Credit Corporation, Inc. (04-CC-4675, 13th Circuit of Florida, October 7, 2015). Further, to some extent, the handling and resolution of complaints involves issues of attorney-client privileged communications and/or work product, and providing unprotected testimony would be difficult. In fact, with respect to copies of lawsuits already produced, McCaskill asked during the deposition whether Dillon could "get into details about the specifics," which she could not. It would be unreasonable to impose upon NSI the burden of educating a witness with respect to the "details" of numerous complaints, and to then navigate the course of providing testimony without breaching privilege protections.

## IV.     CONCLUSION

For the foregoing reasons, NSI respectfully requests that the Court deny the Motion in its entirety and award the attorneys' fees and costs incurred on this Opposition.

Dated: January 11, 2016

Respectfully submitted,

By:    /s/ Lisa M. Simonetti

Lisa M. Simonetti
(admitted *pro hac vice*)
Vedder Price (CA), LLP
1925 Century Park East, Suite 1900
Los Angeles, California 90067
T: (424) 204-7700
F: (424) 204-7702
lsimonetti@vedderprice.com

Attorney for Defendants
NAVIENT SOLUTIONS, INC., STUDENT
ASSISTANCE CORPORATION, and
NAVIENT CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2016, a copy of the foregoing **DEFENDANT NAVIENT SOLUTIONS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PROPER DESIGNATION OF CORPORATE REPRESENTATIVE** was served by electronic mail on the party listed below:

>Frank H. Kerney, III, Esq.
>William Peerce Howard, Esq.
>Morgan & Morgan, Tampa P.A.
>One Tampa City Center
>201 N. Franklin Street, 7th Floor
>Tampa, FL  33602
>Tel: (813) 223-5505
>Fax: (813) 223-5402
>BHoward@ForThePeople.com

>/s/  Lisa M. Simonetti
>Lisa M. Simonetti