**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**WILLIE MCCASKILL,**

    **Plaintiff,**

**v.**                                                      **Case No. 8:15-cv-1559-T-33TBM**

**NAVIENT SOLUTIONS, INC, et al.,**

    **Defendants.**

_____/

## O R D E R

THIS MATTER is before the Court once again on discovery disputes. With deadlines looming, Plaintiff filed a **Motion to Compel Proper Designation of Corporate Representative** (Doc. 63) on December 31, 2015, and Defendant SAC filed a **Motion to Quash Plaintiff's Deposition Subpoenas** (Doc. 65) on January 4, 2016. Discovery closed on January 5, 2016. The next day, the parties moved jointly (Doc. 66) to extend the January 11, 2016, dispositive motion deadline to February 2, 2016, citing in large part their last minute discovery disputes. The district judge granted the motion. A discovery conference was held via telephone on January 12, 2016.

By her motion (Doc. 63), Plaintiff seeks an Order compelling Defendant NSI to produce for deposition a corporate representative with knowledge of prior complaints made by consumers or their attorneys concerning alleged violations of state and federal law relating to the collection of consumer debts. Although NSI produced a Rule 30(b)(6) witness for deposition on December 29, 2015, Plaintiff contends the witness was unable to provide testimony on that topic thereby impeding her ability to support her claim of wilfulness.

Plaintiff also requests that any objections to that topic be deemed waived because NSI did not make a timely objection. Plaintiff seeks sanctions, including attorney fees and costs.

NSI counters that its corporate representative was knowledgeable and provided adequate testimony with regard to the areas of inquiry designated in the notice. In any event, NSI notes that it has now produced the formal complaints it was able to locate and the documents speak for themselves. Thus, it urges that additional deposition testimony is not warranted. In its view, Plaintiff's Motion was frivolous and harassing and the Court should award it the fees and costs incurred in opposing the Motion. (Doc. 71).

Plaintiff's **Motion to Compel Proper Designation of Corporate Representative** (Doc. 63) is **GRANTED in part**. By Order dated December 18, 2015, the Court granted Plaintiff's motion (Doc. 56) to compel Defendants to provide corporate representatives capable of testifying to thirty-two areas of inquiry designated in Plaintiff's 30(b)(6) Notice. *See* (Doc. 58). Recognizing that there might be issues as to scope, the Court advised that any dispute over the scope of the corporate representative depositions should be raised promptly so that the Court could address it before the date of the deposition. *See id*. at 2. No disputes were brought to the Court's attention, and NSI does not allege that it raised objections prior to the deposition. NSI's corporate representative testified on December 29, 2015, and, according to Plaintiff, was not prepared to testify regarding Area of Inquiry No. 19:

> Prior complaints, formal or informal, whether in writing or not, made by consumers or their attorneys, concerning alleged violations of state and federal law relating to the collection of consumer debts.

Given the Court's prior Order and NSI's failure to object to that area of inquiry, NSI shall designate a corporate representative with knowledge of consumer complaints of the type here

at issue.[1]  The scope of this testimony, as defined by Plaintiff, is limited to matters relating to consumer complaints and Defendants' handling of calls involving "skip traced [ ] phone number[s] of a borrower that actually belonged to a family member of the borrower and subsequently called that family member dozens . . . of times despite not having the prior express consent of the called party." (Doc. 63 at 3). The deposition shall be focused and concluded within two hours, and counsel shall cooperate in scheduling this deposition prior to January 27, 2016.  To the extent Plaintiff seeks fees and costs associated with the December 29, 2015, deposition, the Motion is **DENIED**.  Aside from that, the Court will continue to reserve ruling on the issue of attorney's fees and sanctions.

By its motion (Doc. 65), Defendant SAC seeks an Order quashing the deposition subpoenas served on its counsel on December 24, 2015, wherein Plaintiff sought to depose four of its current and/or former employees on January 5, 2016.  As grounds, SAC asserts that the subpoenas do not allow reasonable time to comply, and allowing the depositions would be "highly burdensome -- particularly in view of the discovery cutoff of January 5, 2016 -- while adding nothing of benefit to this case."  It also asserts that Plaintiff has not identified a rational basis for seeking the depositions, nor is there any.

Plaintiff responds that it appropriate to depose the SAC "counselors" identified as counselor nos. 615, 664, 681, and 771 because each handled the account at issue for a period of at least thirty days and can testify to matters related to Defendants' practices and the issue of wilfulness.  Their testimony is also warranted given the deposition testimony of SAC's

---

[1] NSI's argument that it produced eighteen complaints which speak for themselves is not persuasive, particularly given NSI's concession that additional complaints were found the night before the hearing.

3

corporate representative on December 22, 2015. Plaintiff notes that she has not received the names of those "counselors" and thus it is unclear whether Defendants have complied with the Court's Order of December 31, 2015. (Doc. 68).

Defendant SAC's **Motion to Quash Plaintiff's Deposition Subpoenas** (Doc. 65) is **DENIED**. To the extent SAC has not produced the names of these individuals consistent with the Court's prior Order, it shall do so immediately. As therein directed, if any of the individuals are no longer employed by SAC or one of the other Defendants, SAC shall furnish the individual's last known address and phone number. Counsel shall cooperate in scheduling these depositions prior to January 27, 2016.

To the extent either party seeks fees and costs, the Motion is **DENIED without prejudice**. As stated above, the Court will continue to reserve ruling on the issue of attorney's fees and/or other sanctions.

**Done and Ordered** at Tampa, Florida, this 13th day of January 2016.

_____
THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record