UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIE MCCASKILL,

          **Plaintiff,**

v.                                                    Case No. 8:15-cv-1559-T-33TBM

NAVIENT SOLUTIONS, INC, et al.,

          **Defendants.**

_____/

## O R D E R

THIS MATTER is before the Court on **Defendants' Motion to Compel Production of Documents** (Doc. 77), Defendants' Supplement thereto (Doc. 82), and Plaintiff's response (Doc. 83). As explained below, the Motion is **GRANTED in part and DENIED in part**.

By their Motion, Defendants seek an Order compelling Plaintiff to produce documents responsive to Nos. 1, 3, and 5 of Defendants' First Request to Produce, which was served on December 17, 2015, and sought production of notes Plaintiff made regarding her phone call with "Heather," documents on which Plaintiff relied during her deposition, and tax returns for Largo for Jesus. Defendants state Plaintiff failed to respond by the due date, January 4, 2016, but after contacting Plaintiff she agreed to respond by January 7, 2016. Defendants note that while Plaintiff served responses on that date, the responses came with objections and Plaintiff refused to produce documents responsive to three of the five requests. Thereafter, Defendants' counsel sent a "meet and confer letter" to Plaintiff's counsel on January 11, 2016, but Plaintiff did not respond to the letter or otherwise contact counsel to discuss her untimely and deficient responses. Defendants request that Plaintiff be sanctioned

pursuant to Rule 37(a)(5) and ordered to pay Defendants the reasonable expenses incurred in

bringing the Motion.

Defendants supplemented their Motion on January 26, 2016, advising that after their

Motion was filed, Plaintiff served a supplemental response and produced some of the

requested documents.  Defendants assert, however, that Request Nos. 1 and 3 remain at issue.

Defendants advise that Plaintiff emailed on January 21, 2016, indicating that both requests

were under further evaluation.  (Doc. 82).

In response, Plaintiff urges the Court to deny the Motion as moot because she has

since provided documents responsive to Request Nos. 1 and 5, and documents responsive to

Request No. 3 do not exist.  Moreover, at the discovery hearing on January 12, 2016,

Plaintiff's counsel notes that he acknowledged receipt of the Defendants' letter of January 11,

2016, and advised defense counsel and the Court that counsel would attempt to resolve the

dispute without court intervention.  Plaintiff urges the Court to award her the fees incurred in

responding to the Motion because Defendants failed to confer in the manner contemplated by

the local rules.  (Doc. 83).

Upon consideration, **Defendants' Motion to Compel Production of Documents**

(Doc. 77) is **GRANTED in part** and **DENIED in part**.  The Motion is granted to the extent

that Plaintiff shall provide a sworn response to Request No. 3 within five days.  Accepting

Plaintiff's representations as true and correct, the Motion is denied as moot with regard to

Requests No. 1 and 5.  It appears all responsive documents have been produced, albeit

untimely.  Defendants' request for fees is denied.  On this Motion, Defendants have failed to

comply with Local Rule 3.01(g), which provides in pertinent part:

> Before filing any motion in a civil case . . . the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement (1) certifying that the moving counsel has conferred with opposing counsel and (2) stating whether counsel agree on the resolution of the motion. A certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer.

M.D. Fla. R. 3.01(g). Although counsel certifies that she "attempted to confer with counsel for Plaintiff by letter and email in a good faith attempt to resolve the issues," it does not appear that counsel for Defendants discussed this matter with counsel for Plaintiff.[1] The local rule contemplates that counsel will speak to one another prior to filing a motion. The failure to confer is more egregious given the statements made by Plaintiff's counsel at the hearing on January 12, 2016, indicating his belief that most of the disputes could be worked out and that he was available to discuss the same after the hearing. Evidently, neither counsel picked up the phone. To this end, each bear responsibility in failing to engage in meaningful discovery. In these circumstances, an award of fees to either party is not warranted.

**Done and Ordered** at Tampa, Florida, this 29th day of January 2016.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record

---

[1]Defendants' good faith attempt to resolve this dispute appears to be the letter dated January 11, 2016, which was emailed to Plaintiff's counsel.