**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| WILLIE MCCASKILL,<br><br>Plaintiff,<br><br>v.<br><br>NAVIENT SOLUTIONS, INC., STUDENT ASSISTANCE CORPORATION, and NAVIENT CORPORATION,<br><br>Defendants. | No. 8:15-CV-1559-T-33-TBM |

# JOINT FINAL PRETRIAL STATEMENT

Plaintiff, Willie McCaskill ("McCaskill"), and defendants, Navient Solutions, Inc. (NSI) and Student Assistance Corporation ("SAC") (together, "Defendants") through counsel, submit this Joint Final Pretrial Statement in compliance with the Court's Second Amended Case Management and Scheduling Order [Dkt. 80] and Local Rule 3.06.

## 1. BASIS OF FEDERAL JURISDICTION.

Plaintiff brings this action under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA"), as well as the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. The Court has subject matter jurisdiction over this action pursuant to 47 U.S.C. § 207, providing:

> Any person claiming to be damaged by any common carrier subject to the provisions of this chapter may either make complaint to the Commission as hereinafter provided for, or may bring suit for the recovery of the damages for which such common carrier may be liable under the provisions of this chapter, in any district court of the United States of competent jurisdiction; but such person shall not have the right to pursue both such remedies.

47 U.S.C. § 207; see also Mims v. Arrow Fin. Servs., LLC, 132 S.Ct. 740 (2012).

Personal jurisdiction over the parties arises under 28 U.S.C. § 1337. Venue is proper in this Court as McCaskill resides in this District. There are no unresolved jurisdictional questions in this case.

**2. NATURE OF THE ACTION.**

McCaskill asserts claims against defendants NSI and SAC for alleged violations of the FDCPA, along with the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55, et seq., and the TCPA. McCaskill's claims arise from telephone calls made by Defendants to a cellular telephone number, (727) 581-6140 (the "Number"). McCaskill contends that the Number belongs to her, and she uses it exclusively, which Defendants dispute. Neither Plaintiff, nor her daughter, Maretta Newsome, provided either Defendant with the Number. Defendants called the Number seven hundred and twenty-seven (727) times in connection with efforts to reach McCaskill's daughter, Maretta Newsome ("Newsome"), who had delinquent student loans that are federally owned and guaranteed. Defendants assert that Newsome confirmed to NSI that the Number was hers, which Plaintiff disputes.

**3. STATEMENT OF THE CASE.**

**Plaintiff.** Defendants called McCaskill's cell phone 727 times between July 2014 to May 2015, using an autodialer, commonly referred to as a "robo-dialer." 478 of those calls were made by NSI, and 249 of the calls were made by a debt collection company named SAC. Defendants obtained McCaskill's telephone number by searching the internet and pulling it off of McCaskill's church documents from the year 1999. These calls were all about plaintiff's daughter's alleged student loan debt. McCaskill owes no money to the Defendants and never did owe them money.

It has already been determined, that the Defendant's violated the TCPA, with regard to their calls to Plaintiff's cellular telephone, without her prior express consent, entitling her to the statutory minimum damages. Plaintiff contends that the Defendants seven hundred and twenty-seven (727) TCPA violations were knowing and willful, therefore entitling Plaintiff to treble damages. McCaskill also alleges Defendants violated the Florida Consumer Collection Practices Act by willfully communicating with McCaskill with such frequency as can reasonably be expected to harass. McCaskill also asserts the Defendants willfully engaged in other conduct which can be reasonably expected to harass or abuse.

McCaskill contends that Student Assistance Corporations is a "debt collector" pursuant to the Fair Debt Collection Practice Act although they pretend not to be a debt collector. Plaintiff alleges SAC communicated with the Plaintiff at an unusual time or a time which should be known to be inconvenient for the Plaintiff, willfully engaged in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff, used a false, deceptive, or misleading representation or means in connection with the collection of a debt, failed to send the Plaintiff a 30-day validation notice within five (5) days of initial communication and failed to communicate the "mini-miranda" during each communication, in violation of the FDCPA.

McCaskill requests statutory damages of $1,000 and actual damages under the FCCPA, as well as statutory damages of $1,000 and actual damages under the FDCPA. McCaskill requests the jury to make a finding that the telephone calls made by the Defendant were willful or knowing and therefore the full statutory damages are appropriate. Based upon Defendants' conscious disregard of McCaskill's rights, she asks the jury to assess a punitive damages against the Defendants to punish them for their outrageous conduct and to prevent them from doing it to others.

**Defendants**. Defendants deny any and all violations, liability or wrongdoing under the law and, in particular, asserts that McCaskill cannot maintain a claim under the TCPA based on the Bipartisan Budget Act of 2015 (the "Budget Act"). NSI found the Number as associated with Newsome through a public records search, as required by regulations applicable to the servicing of loans owned by the United States Department of Education. On February 4, 2014, Newsome applied for a voluntary forbearance through a section of NSI's website called "Manage Your Loans" ("MYL"). During that process, Newsome confirmed the Number as her "Home Phone." NSI started calling the Number on February 5, 2014, and ceased by February 16, 2015. SAC started calling on March 27, 2014, and ceased by May 28, 2015. Neither McCaskill nor Newsome told NSI or SAC not to call the Number or that the Number supposedly belonged to McCaskill.

**4. EXHIBIT LIST.**

**Plaintiff:** Plaintiff's trial exhibit list is attached as **Exhibit A** on the Clerk's approved form.

**Defendants:** Defendants' trial exhibit list is attached as **Exhibit B** on the Clerk's approved form.

**5. WITNESS LIST.**

**Plaintiff's Witness List** Plaintiff's witness list is attached as **Exhibit C** on the Clerk's approved form.

**Defendants' Witness List.** McCaskill; Newsome; Kevin Campbell, SAC; Cheryl Dillon, NSI.

**6. EXPERT WITNESS.**

None.

**7. DAMAGES.**

The Plaintiff has already been awarded the statutory minimum damages under the TCPA of $500.00 per call, equaling $363,500. McCaskill asserts that Defendant's actions were willful and knowing and therefore seeks the court to increase the statutory damages to up to and including $1,500.00 per call. McCaskill also seeks statutory damages in the amount of $1,000.00 pursuant to each the FCCPA and FDCPA, as well as actual damages and punitive damages. Both the FCCPA and FDCPA entitled the Plaintiff to an award of attorney's fees and costs.

Defendant asserts that McCaskill's TCPA claims are subject to defense based on the Budget Act and, accordingly, no statutory damages may be awarded.

**8. DEPOSITIONS TO BE OFFERED IN EVIDENCE AT TRIAL.**

**Plaintiff.** Dillon, Peterson and Campbell.

**Defendants.** Newsome, if she does not appear in person.

**9. STATEMENT OF UNCONTESTED FACTS WHICH WILL REQUIRE NO PROOF AT TRIAL.**

a. McCaskill is a natural person and a resident of Largo, Florida;

b. NSI made 249 calls to the Number;

c. SAC made 478 calls to the Number;

d. NSI and SAC made a combined 727 calls to the Number;

e. None of Defendants' calls were made for emergency purposes;

f. For purposes of this action, Defendants do not assert that the calls were made manually.

g. Defendants made the calls to the Number about Newsome's alleged delinquent student loans.

n. The Number is a cellular telephone number assigned to Plaintiff.

l. Plaintiff is the sole subscriber to the Number.

m. NSI started calling the Number on January 13, 2014, and ceased by February 16, 2015;

n. SAC started calling on March 27, 2014, and ceased by May 28, 2015.

10. **APPLICABLE PRINCIPLES OF LAW ON WHICH THERE IS AGREEMENT.**

The parties disagree as to the ability of Defendants to assert the Budget Act as a defense to McCaskill's TCPA claims. The parties otherwise agree that general standards under the TCPA, FDCPA and FCCPA are applicable, and that Defendants have already been found liable for violations of the TCPA

**11. DISPUTED ISSUES OF FACT WHICH REMAIN TO BE LITIGATED.**

a. Whether NSI or SAC ever spoke with McCaskill;

b. Whether McCaskill ever told NSI to stop calling the Number.

c. Whether McCaskill used the Number for purposes related to Largo For Jesus ("LFJ"), her non-profit church.

d. Whether McCaskill's use of the Number for LFJ is relevant in this matter.

e. Whether Newsome was affiliated with LFJ.

f. Whether Newsome's affiliation, if any, with LFJ is relevant in this matter.

g. Whether Newsome confirmed the Number to NSI as hers.

h. How Defendants obtained Plaintiff's cellular telephone number.

i. How Defendants determined to associate the Plaintiff's number with

Newsome's account.

**12. DISPUTED ISSUES OF LAW WHICH REMAIN FOR DETERMINATION.**

a. Whether McCaskill's TCPA claims are subject to defense based on the Budget Act.

b. Whether Defendant's willfully or knowingly violated the TCPA, therefore entitling the Plaintiff to treble damages.

c. Whether Defendants willfully communicated with Plaintiff with such frequency as can reasonably be expected to harass.

d. Whether Defendants willfully engaged in conduct which can reasonably be expected to harass or abuse the Plaintiff.

e. Whether SAC is a debt collector.

f. Whether SAC communicated with the Plaintiff at an unusual time or a time which should be known to be inconvenient for the Plaintiff.

g. Whether SAC willfully engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

h. Whether SAC used a false, deceptive, or misleading representation or means in connection with the collection of a debt.

i. Whether SAC violated the FDCPA by failing to send the Plaintiff a 30-day validation notice within five (5) days of initial communication with Plaintiff.

j. Whether SAC violated the FDCPA by failing to communicate the "mini-miranda" during each communication.

k. Whether the Plaintiff should be awarded punitive damages as punishment for Navient and SAC's conduct and as a deterrent to others.

j.

**13. DISAGREEMENT AS TO THE APPLICATION OF THE FEDERAL RULES OF EVIDENCE AND THE FEDERAL RULES OF CIVIL PROCEDURE.**

None.

**14. MOTIONS OR OTHER MATTERS REQUIRING COURT ACTION.**

Defendants will make motions in limine to preclude: (a) testimony at trial from any person or entity that was not deposed; (b) evidence of formal or informal complaints made to Defendants regarding telephone calls, and any other litigations or proceedings involving Defendants; and (c) Defendants' net worth. Defendants also reserve the right to oppose any motions in limine made by McCaskill that lack merit.

Pursuant to this Court's Order [Doc. 80] Plaintiff reserves her right to address her Motions in Limine with the Court during the Final Pre-Trial Conference. The Plaintiff will be opposing all of Defendants' aforementioned Motions.

Dated this 7th day of April, 2016.

/s/ Amanda J. Allen, Esq.
William Peerce Howard, Esq.
Florida Bar #: 0103330
Amanda J. Allen, Esquire
Florida Bar No.: 0098228
The Consumer Protection Firm
210-A South MacDill Avenue
Tampa, FL 33609
Telephone: (813) 500-1500
Facsimile: (813) 435-2369
Billy@TheConsumerProtectionFirm.com
Amanda@TheConsumerProtectionFirm.com

Attorneys for Plaintiff WILLIE MCCASKILL

/s/
Lisa M. Simonetti (admitted *pro hac vice*)
Vedder Price (CA), LLP
1925 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone: (424) 204-7700
Facsimile: (424) 204-7702
lsimonetti@vedderprice.com

Dayle M. Van Hoose, Esq.
Florida Bar No. 0016277
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
3350 Buschwood Park Drive, Suite 195
Tampa, FL 33618
Telephone: (813) 890-2463
Facsimile: (866) 466-3140
dvanhoose@sessions-law.biz

Attorneys for Defendants NAVIENT SOLUTIONS, INC. and STUDENT ASSISTANCE CORPORATION