**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| WILLIE MCCASKILL, | |
| Plaintiff, | |
| | |
| v. | No. 8:15-CV-1559-T-33-TBM |
| | |
| NAVIENT SOLUTIONS, INC., STUDENT ASSISTANCE CORPORATION, and NAVIENT CORPORATION, | |
| Defendants. | |

## JOINT JURY INSTRUCTIONS

**1.1 General Preliminary Instruction**

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

**What is evidence**: You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

**What is not evidence**: During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an

2

objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

**Credibility of witnesses:** To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

· the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

· the witness's memory;

· the witness's manner while testifying;

· any interest the witness has in the outcome of the case;

· any bias or prejudice the witness may have;

· any other evidence that contradicts the witness's testimony;

· the reasonableness of the witness's testimony in light of all the evidence; and

· any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

**Description of the case:   Plaintiff.**   Defendants called McCaskill's cell phone 727 times between July 2014 to May 2015, using an autodialer, commonly referred to as a "robo-dialer." 478 of those calls were made by NSI, and 249 of the calls were made by a debt

collection company named SAC.   Defendants obtained McCaskill's telephone number by searching the internet and pulling it off of McCaskill's church documents from the year 1999. These calls were all about plaintiff's daughter's alleged student loan debt.  McCaskill owes no money to the Defendants and never did owe them money.

It has already been determined, that the Defendant's violated the TCPA, with regard to their calls to Plaintiff's cellular telephone, without her prior express consent, entitling her to the statutory minimum damages.  Plaintiff contends that the Defendants seven hundred and twenty-seven (727) TCPA violations were knowing and willful, therefore entitling Plaintiff to treble damages.  McCaskill also alleges Defendants violated the Florida Consumer Collection Practices Act by willfully communicating with McCaskill with such frequency as can reasonably be expected to harass.  McCaskill also asserts the Defendants willfully engaged in other conduct which can be reasonably expected to harass or abuse.

McCaskill contends that Student Assistance Corporations is a "debt collector" pursuant to the Fair Debt Collection Practice Act although they pretend not to be a debt collector. Plaintiff alleges SAC communicated with the Plaintiff at an unusual time or a time which should be known to be inconvenient for the Plaintiff, willfully engaged in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff, used a false, deceptive, or misleading representation or means in connection with the collection of a debt, failed to send the Plaintiff a 30-day validation notice within five (5) days of initial communication and failed to communicate the "mini-miranda" during each communication, in violation of the FDCPA.

McCaskill requests statutory damages of $1,000 and actual damages under the FCCPA, as well as statutory damages of $1,000 and actual damages under the FDCPA.  McCaskill requests the jury to make a finding that the telephone calls made by the Defendant were willful

4

or knowing and therefore the full statutory damages are appropriate.  Based upon Defendants' conscious disregard of McCaskill's rights, she asks the jury to assess a punitive damages against the Defendants to punish them for their outrageous conduct and to prevent them from doing it to others.

**Defendants**.  Defendants deny any and all violations, liability or wrongdoing under the law and, in particular, asserts that McCaskill cannot maintain a claim under the TCPA based on the Bipartisan Budget Act of 2015 (the "Budget Act").  NSI found the Number as associated with Newsome through a public records search, as required by regulations applicable to the servicing of loans owned by the United States Department of Education.  On February 4, 2014, Newsome applied for a voluntary forbearance through a section of NSI's website called "Manage Your Loans" ("MYL").  During that process, Newsome confirmed the Number as her "Home Phone."  NSI started calling the Number on February 5, 2014, and ceased by February 16, 2015.  SAC started calling on March 27, 2014, and ceased by May 28, 2015.  Neither McCaskill nor Newsome told NSI or SAC not to call the Number or that the Number supposedly belonged to McCaskill.

**<u>Burden of proof</u>:** The Plaintiff, Willie McCaskill, has the burden of proving her case by what the law calls a "preponderance of the evidence." That means Ms. McCaskill must prove that, in light of all the evidence, what she claims is more likely true than not. So, if you could put the evidence favoring Ms. McCaskill and the evidence favoring NSI and SAC on opposite sides of balancing scales, Ms. McCaskill needs to make the scales tip to her side. If Plaintiff fails to meet this burden, you must find in favor of NSI and SAC.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of

who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

**Conduct of Jury:** While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, MySpace, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special

ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

**Taking notes is permitted:** If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory.  They're not entitled to greater weight than your memory or impression about the testimony.

****

**Taking notes is not permitted**: A question sometimes arises as to whether individual members of the Jury will be permitted to take notes during the trial.

The desire to take notes is perfectly natural, especially for those of you who are accustomed to making notes because of your schooling or the nature of your work or the like. It is requested, however, that Jurors not take notes during the trial. One of the reasons for having a number of persons on the Jury is to gain the advantage of your several, individual memories concerning the testimony presented before you; and, while some of you might feel comfortable taking notes, other members of the Jury may not have skill or experience in note-taking and may not wish to do so.

**Course of the trial:**  Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Plaintiff, Willie McCaskill, will present her witnesses and ask them questions. After Plaintiff questions the witness, Defendants may ask the witness questions – this is called "cross-examining" the witness. Then Defendants, NSI and SAC, will present their witnesses, and Plaintiff may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

**JOINT PROPOSED INSTRUCTION NO. 1**

**<u>COURT'S INSTRUCTIONS TO THE JURY</u>**

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

Authority: Eleventh Circuit Pattern Jury Instructions, 3.1

_____ GRANTED

_____ GRANTED, AS AMENDED

_____ REFUSED

**JOINT PROPOSED INSTRUCTION NO. 2**

**Stipulations**

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

Authority: Eleventh Circuit Pattern Jury Instructions, 2.1

_____ GRANTED

_____ GRANTED, AS AMENDED

_____ REFUSED

10

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 3

### Judicial Notice

The rules of evidence allow me to accept facts that no one can reasonably dispute. The law calls this "judicial notice." I've accepted [state the fact that the court has judicially noticed] as proved even though no one introduced evidence to prove it. You must accept it as true for this case.

Authority: Eleventh Circuit Pattern Jury Instructions, 2.5

_____ GRANTED

_____ GRANTED, AS AMENDED

_____ REFUSED

**JOINT PROPOSED INSTRUCTION NO. 4**

**The Duty to Follow Instructions –
Corporate Party Involved**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

Authority: Eleventh Circuit Pattern Jury Instructions, 3.2.2

_____ GRANTED

_____ GRANTED, AS AMENDED

_____ REFUSED

## JOINT PROPOSED INSTRUCTION NO. 5

**Consideration of Direct and Circumstantial Evidence;
Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

Authority: Eleventh Circuit Pattern Jury Instructions, 3.3

_____ GRANTED

_____ GRANTED, AS AMENDED

_____ REFUSED

## JOINT PROPOSED INSTRUCTION NO. 6

### Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

Authority: Eleventh Circuit Pattern Jury Instructions, 3.4

_____ GRANTED

_____ GRANTED, AS AMENDED

_____ REFUSED

## JOINT PROPOSED INSTRUCTION NO. 7

### Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

Authority: Eleventh Circuit Pattern Jury Instructions, 3.5.1

_____ GRANTED

_____ GRANTED, AS AMENDED

_____ REFUSED

## JOINT PROPOSED INSTRUCTION NO. 8

### Responsibility for Proof – Plaintiff's Claim[s], Cross Claims,
### Counterclaims – Preponderance of the Evidence

In this case it is the responsibility of the Plaintiff to prove every essential part of her claim[s] by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff,'s claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Plaintiff's claims by a preponderance of the evidence, you should find for Defendants as to that claim.

Authority: Eleventh Circuit Pattern Jury Instructions, 3.7.1

_____ GRANTED

_____ GRANTED, AS AMENDED

_____ REFUSED

## JOINT PROPOSED INSTRUCTION NO. 9

**Election of Foreperson Explanation of Verdict Form[s]**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

Authority: Eleventh Circuit Pattern Jury Instructions, 3.9

_____ GRANTED

_____ GRANTED, AS AMENDED

_____ REFUSED

## PLAINTIFF'S PROPOSED SPECIAL INSTRUCTION NO. 10

## Description of the Claims

**I.     Description of Plaintiff's Claims:**

**[COUNT I – <u>NAVIENT'S</u> VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(III) of the Telephone Consumer Protection Act "TCPA"]**

**A.  Count I (Willful and Knowing Violation of the TCPA – 47 U.S.C. § 227(b)(1)(A)(iii).**

1.  (Count I – Enumeration of Essential Elements):  It shall be unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system to any telephone number assigned to a paging service, cellular telephone service

2.  (Count I- Plaintiff's Recoverable Damages):Pursuant to 47 U.S.C. § 227(b)(3), If the court finds that the Defendant willfully or knowingly violated this subsection or the regulation prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount of $500.00, for each violation.

**[COUNT II– <u>SAC'S</u> VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(III) of the Telephone Consumer Protection Act "TCPA"]**

**A.  Count II (Willful and Knowing Violation of the TCPA – 47 U.S.C. § 227(b)(1)(A)(iii).**

1.  (Count II – Enumeration of Essential Elements):  It shall be unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system to any telephone number assigned to a paging service, cellular telephone service

2.  (Count II- Plaintiff's Recoverable Damages):Pursuant to 47 U.S.C. § 227(b)(3), If the court finds that the Defendant willfully or knowingly violated this subsection or the regulation prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount of $500.00, for each violation.

**[COUNT III – <u>NAVIENT'S</u> VIOLATION OF FLORIDA STATUTE §559.72(7) OF THE FLORIDA COSNUMER COLLECTION PRACTICES ACT "FCCPA"]**

**A.  Count III – Violation of the FCCPA -- F.S. § 559.72(7).**

1.  (Count III – Enumeration of Essential Elements):

   a.  **Florida Statute § 559.72(7)** prohibits willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be

expected to harass the debtor or her or his family;

    b. **Florida Statute § 559.72(7)** prohibits willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

2. (Count III- Plaintiff's Recoverable Damages) Pursuant to F.S. § 559.77(2), Any person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In determining the defendant's liability for any additional statutory damages, the court shall consider the nature of the defendant's noncompliance with s. 559.72, the frequency and persistence of the noncompliance, and the extent to which the noncompliance was intentional.


**[COUNT IV – <u>SAC'S</u> VIOLATION OF FLORIDA STATUTE §559.72(7) OF THE FLORIDA COSNUMER COLLECTION PRACTICES ACT "FCCPA"]**

**A. Count IV – Violation of the FCCPA -- F.S. § 559.72(7).**

   **1.** (Count IV – Enumeration of Essential Elements):

    a. **Florida Statute § 559.72(7)** prohibits willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family;

    b. **Florida Statute § 559.72(7)** prohibits willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

2. (Count IV- Plaintiff's Recoverable Damages) Pursuant to F.S. § 559.77(2), Any person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In determining the defendant's liability for any additional statutory damages, the court shall consider the nature of the defendant's noncompliance with s. 559.72, the frequency and persistence of the noncompliance, and the extent to which the noncompliance was intentional.


**[COUNT V – <u>SAC' S</u> VIOLATION OF 15 U.S.C. §1692(d), (d)(5) and 15 U.S.C. §1692(f) of the Fair Debt Collection Practices Act "FDCPA"]**

   **A. Count V – Violation of the FDCPA -- 15 U.S.C. §1692(d).**

LOS_ANGELES/#15783.1

1. <u>(Count IV – Enumeration of Essential Elements)</u>:

   a. **15 U.S.C. §1692(d)** prohibits a debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

   b. **15 U.S.C. §1692(d)(5)** it is a violation of this Section to cause a telephone to ring or engage any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

   c. **15 U.S.C. §1692(f)** prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

2. <u>(Count II – Plaintiff's Recoverable Damages)</u>:  Any debt collector who fails to comply with any provision of the FDCPA is liable to such person in an amount equal to the sum of (1) any actual damage sustained by such person as a result of such failure (2) such additional statutory damages as the court may allow, but not exceeding $1,000.

Authority:  47 U.S.C. §227(b)(1)(iii);  47 U.S.C. § 227(b)(3); F.S. § 559.72(7), F.S. § 559.77(2) 15 U.S.C. §1692(d); 15 U.S.C. §1692(d)(5); 15 U.S.C. §1692(f), 15 U.S.C. §1692 (k);.

_____ GRANTED

_____ GRANTED, AS AMENDED

_____ REFUSED

**PLAINTIFF'S PROPOSED SPECIAL INSTRUCTION NO. 11**

**Count I- II (Violations of the TCPA)**

In Counts I & II, Plaintiff has brought an action against Defendants, NSI and SAC, based

on the Telephone Consumer Protection Act, which for convenience I may refer to as the TCPA.

Authority:  47 U.S.C. § 227

_____ GRANTED

_____ GRANTED, AS AMENDED

_____ REFUSED

**PLAINTIFF'S PROPOSED SPECIAL INSTRUCTION NO. 12**
**[Count I – Violation of the TCPA]**
**(Introduction)**

In Counts I and II, Plaintiff, Willie McCaskill, claims the Defendants, NSI and SAC, violated portions of the TCPA, by  making telephone calls to Plaintiff's cellular telephone number (XXX)XXX-6140 using an "automated telephone dialing system" without her prior express consent.

The TCPA provides, in relevant part: It shall be unlawful for any person ---To make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system– to any telephone number assigned to a cellular telephone service

Authority:  47 U.S.C. § 227(b)(1)(A)(iii).

_____ GRANTED

_____ GRANTED, AS AMENDED

_____ REFUSED

**JOINT PROPOSED SPECIAL INSTRUCTION NO. 13**
**[Count I & II– Violations of the TCPA]**
**(Statutory Violation)**

It has already been determined that Defendants called Plaintiff's cellular telephone number seven hundred and twenty-seven times (727) without her prior express consent, in violation of the TCPA.  However, all other issues and claims in this action are presented to you for review.  This determination goes to only the strict liability aspect of Plaintiff's claims under the TCPA.

Authority:  47 U.S.C. § 227(b)(1)(A)(iii); Doc. 107.

_____ GRANTED

_____ GRANTED, AS AMENDED

_____ REFUSED

## PLAINTIFF'S PROPOSED SPECIAL INSTRUCTION NO. 14
### [Count I & II – Willful and Knowing Violation of the TCPA]

The issue for your determination on Count I and II is whether the Defendants, willfully and knowingly violated the TCPA when Defendants called Plaintiff's cellular telephone number (XXX) XXX-6140, using any automatic telephone dialing system.

Willful or knowing conduct is conduct that the person intended to do.  There is no requirement that the person intended to violate the law, only that the person intended to do the prohibited act.

If a preponderance of the evidence supports the Plaintiff's claim, that Defendant willfully and knowingly violated the TCPA, then your verdict should identify the number of telephone calls the Defendant placed willfully and knowingly. If, however, a preponderance of the evidence does not support a finding of willful and knowing violations on Count I and II, you should find for the Defendant as to the issue of willfulness.

Authority:  47 U.S.C. § 227(b)(3)(C); Harris v. World Fin. Network Nat. Bank, 867 F. Supp. 2d 888, 895 (E.D. Mich. 2012);  Alea London Ltd. v. Am. Home Services, Inc., 638 F.3d 768, 776 (11th Cir. 2011); Texas v. Am. Blastfax, Inc., 164 F.Supp.2d 892, 899 (W.D.Tex.2001); Stewart v. Regent Asset Mangaement Solutions, Inc., 2011 WL 1766018, *7(N.D. Ga. 2011); American Home Services, Inc. v. A Fast Sign Company, Inc., --- S.E.2d ---, 2013 WL 3467337 (Ga. App. July 11, 2013); Cox v. Garvin, 607 S.E.2d 549 (Ga. 2005).

_____ GRANTED

_____ GRANTED, AS AMENDED

_____ REFUSED

**PLAINTIFF'S PROPOSED SPECIAL INSTRUCTION NO. 15**

**[COUNT III and IV -Violation of the FCCPA]**

In Counts III and IV, Plaintiff has brought an action against NSI and SAC based on Fla.

Stat. Ch. 559.72, commonly known as the Florida Consumer Collection Practices Act, which for

convenience I may refer to as the FCCPA.

Authority: Fla. Stat. § 559.72

_____ GRANTED

_____ GRANTED, AS AMENDED

_____ REFUSED

LOS_ANGELES/#15783.1

**PLAINTIFF'S PROPOSED SPECIAL INSTRUCTION NO. 16**

**[COUNT III and IV -Violation of the FCCPA]**
**(Introduction)**

In Counts III and IV, Plaintiff claims that NSI and SAC violated portions of the FCCPA, Florida Statutes §§ 559.72(7) in its attempts to collect an alleged debt.

Florida Statute § 559.72(7) prohibits willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

NSI and SAC deny these allegations.

Authority: § 559.72(7), Fla. Stat.; § 559.72(9), Fla. Stat.; § 559.72(18)

_____ GRANTED

_____ GRANTED, AS AMENDED

_____ REFUSED

## PLAINTIFF'S PROPOSED SPECIAL INSTRUCTION NO. 17

### [COUNT III and IV -Violation of the FCCPA]
### (Violations are measured by the "Least Sophisticated Consumer Standard")

When determining whether the Florida Consumer Collection Practices Act § 559.72(7) has been violated, you must apply the "least sophisticated consumer" test to determine if the Defendants, NavientNSI and SAC, violated the FCCPA. This law was not made for the protection of experts but for the public.

It is whether the least, not the average, sophisticated consumer would feel violated. The FCCPA was intended for the protection of all consumers, and presumes a level of sophistication that is low on the scale of sophistication. Thus in reaching your determination of whether the Defendant, Defendants, NavientNSI and SAC, actions violated this law, you must view them through the eyes of the "least sophisticated consumer."

Authority: *Rivera v Amalgamated Debt Collection Services, Inc.*, 462 F.Supp.2d 1223 (M.D. Fla. 2006); *Jeter v. Credit Bureau, Inc.* 760 F.2d 1168 (11th Cir. 1985); *Martinez v Law Offices of David Stern*, 288 B.R. 523 (Bankr. S.D. Fla. 2001).

_____ GRANTED

_____ GRANTED, AS AMENDED

_____ REFUSED

**PLAINTIFF'S PROPOSED SPECIAL INSTRUCTION NO. 18**

**[COUNT III and IV -Violation of the FCCPA]**
**(Harassment in collecting debts)**

The next issue for your determination on Count II is whether the Defendants, violated

F.S. § 559.72(7) of the Florida Consumer Collection Practices Act by willfully communicating

with the Plaintiff or any member of her family with such frequency as can reasonably be

expected to harass the Plaintiff or her family, or willfully engaging in other conduct which can

reasonably be expected to abuse or harass the Plaintiff or any member of her or his family.

If a preponderance of the evidence does not support the Plaintiff's claim as to the

violation of F.S. § 559.72(7) in Count II, then your verdict should be for the Defendant. If,

however, a preponderance of the evidence does support the Plaintiff's claim as to the violation of

F.S. § 559.72(7) in Count II, you will then consider the defense raised by Defendant.

Authority: Florida Statutes §§ 559.72(7) and 559.77(2).

_____ GRANTED

_____ GRANTED, AS AMENDED

_____ REFUSED

**PLAINTIFF'S PROPOSED SPECIAL INSTRUCTION NO. 19**

**[COUNT III and IV -Violation of the FCCPA]**
**(Actual Damages)**

If you find the Defendants violated the Florida Consumer Collection Practices Act, then the Defendants, NSI and SAC, shall be liable for actual damages. In determining the amount of actual damages the jury shall consider any damages sustained by Plaintiff and any resulting mental anguish, inconvenience, anxiety, frustration, loss of capacity for the enjoyment of life experience in the past or to be experienced in the future. There is no exact standard for measuring such damage. The amount should be fair and just in the light of the evidence.

Authority: Florida Statute § 559.77(2); Fla. Std. Jury Instr. (Civ.) 6.1(c); *Barker v. Tomlinson,* 2006 WL 1679645 (M.D.Fla.)

_____ GRANTED

_____ GRANTED, AS AMENDED

_____ REFUSED

**PLAINTIFF'S PROPOSED SPECIAL INSTRUCTION NO. 20**

**[COUNT III and IV -Violation of the FCCPA]**
**(Statutory Damages)**

If you find the Defendants violated F.S. §§ 559.72(7) of the Florida Consumer Collection Practices Act, then the Defendants, NSI and SAC, shall each be liable for statutory damages between $1.00 and $1,000.00. In determining the amount of statutory damages, you shall consider the nature of the Defendant's noncompliance with § 559.72, the frequency and persistence of such noncompliance, and the extent to which such noncompliance was intentional.

Authority: F.S. § 559.77

_____ GRANTED

_____ GRANTED, AS AMENDED

_____ REFUSED

30

**PLAINTIFF'S PROPOSED SPECIAL INSTRUCTION NO. 21**

**[COUNT V -Violation of the FDCPA]**

In Count V, Plaintiff has brought an action against Defendant SAC based on the Fair

Debt Collection Practices Act, which for convenience I may refer to as the "FDCPA."

Authority: 15 U.S.C. §1692

_____ GRANTED

_____ GRANTED, AS AMENDED

_____ REFUSED

31

**PLAINTIFF'S PROPOSED SPECIAL INSTRUCTION NO. 22**

**[COUNT V -Violation of the FDCPA]**
**(Introduction)**

In Count II, Plaintiff, Willie McCaskill, claims the Defendant, SAC, violated portions of the FDCPA in its attempts to collect an alleged debt.

§1692(c) prohibits a debt collector from communicating with the Plaintiff at an unusual time or a time which should be known to be inconvenient for the Plaintiff;

§1692(d) prohibits a debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in the connection with the collection of a debt.

§1692(f) prohibits a debt collector from using unfair or unconscionable means to collect any debt.

§1692(g) requires a debt collector to send the Plaintiff a 30-day violation notice within five (5) days of the initial contact.  This section further requires a debt collector to communicate the "mini-miranda" during each communication.

Defendant, SAC, denies these violations.

Authority:  15 U.S.C. §1692(c), 15 U.S.C. §1692(d), 15 U.S.C. §1692(f), 15 U.S.C. §1692(g)

_____ GRANTED

_____ GRANTED, AS AMENDED

_____ REFUSED

**PLAINTIFF'S PROPOSED SPECIAL INSTRUCTION NO. 23**

**[COUNT V -Violation of the FDCPA]**
**(FDCPA – Violations of the Act are measured**
**by the "Least Sophisticated Consumer" standard)**

When determining whether the FDCPA has been violated, you are to apply the "least sophisticated consumer" standard.

This law was not made for the protection of experts, but for the public.  It is whether the least, not the average, sophisticated consumer would feel violated.  The FDCPA was intended for the protection of all consumers, and presumes a level of sophistication that is low on the scale of sophistication.  Thus in reaching your determination of whether the Defendant, Navient and SAC LLC's, actions violated this law; you must view them through the eyes of the "least sophisticated consumer."

Authority:  LeBlanc v. Unifund CCR Partner, 601 F.3d 1185 (11th Cir. 2010)

_____ GRANTED

_____ GRANTED, AS AMENDED

_____ REFUSED

**PLAINTIFF'S PROPOSED SPECIAL INSTRUCTION NO. 24**

**[COUNT V -Violation of the FDCPA]**
**(Communicating at an inconvenient time)**

The next issue for your determination on Count II is whether SAC violated §1692 (c) of the FDCPA by communicating with the Plaintiff at an unusual time or a time which should be known to be inconvenient to Ms. McCaskill.

If a preponderance of the evidence does not support the Plaintiff's claim as to the violation of § 1692(c) in Count V, then your verdict should be for the Defendant.  If, however, a preponderance of the evidence does support the Plaintiff's claim as to the violation of § 1692(c) in Count V, then your verdict should be for the Plaintiff.

Authority: 15 U.S.C. § 1692(c)

_____ GRANTED

_____ GRANTED, AS AMENDED

_____ REFUSED

34

**PLAINTIFF'S PROPOSED SPECIAL INSTRUCTION NO. 25**

**[COUNT V -Violation of the FDCPA]**
**(Harass, oppress or abuse any person in the collection of a debt)**

The next issue for your determination on Count II is whether SAC violated §1692(d) of

the FDCPA by engaging in any conduct the natural consequence of which is to harass, oppress,

or abuse Plaintiff in connection with the collection of a debt.

When making this determination you must do so through the eyes of the least

sophisticated consumer.  In other words, whether the Defendant, SAC, violated the FDCPA by

engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any

person in connection with the collection of a debt.

If a preponderance of the evidence does not support the Plaintiff's claim as to the

violation of § 1692(d) in Count II, then your verdict should be for the Defendant.  If, however, a

preponderance of the evidence does support the Plaintiff's claim as to the violation of § 1692(d)

in Count II, then your verdict should be for the Plaintiff.

Authority: 15 U.S.C. § 1692(d)

_____ GRANTED

_____ GRANTED, AS AMENDED

_____ REFUSED

**PLAINTIFF'S PROPOSED SPECIAL INSTRUCTION NO. 26**

**[COUNT V -Violation of the FDCPA]**
**(Use of unfair or unconscionable means to collect a debt)**

The next issue for your determination in Count V is whether the Defendant, SAC violated §1692(f) of the FDCPA by from using unfair or unconscionable means to collect or attempt to collect a debt from Plaintiff, Willie McCaskill.

If a preponderance of the evidence does not support the Plaintiff's claim as to the violation of §1692(f) in Count V, then your verdict should be for the Defendant.

If, however, a preponderance of the evidence does support the Plaintiff's claim as to the violation of §1692(f) in Count V, then your verdict should be for the Plaintiff.

Authority:  15 U.S.C. §1692(f)

_____ GRANTED

_____ GRANTED, AS AMENDED

_____ REFUSED

36

## PLAINTIFF'S PROPOSED SPECIAL INSTRUCTION NO. 27

### [COUNT V -Violation of the FDCPA]
### (Failure to provide 30 day validation notice and "mini-miranda")

The next issue for your determination in Count V is whether SAC  violated §1692(g) of the FDCPA by failing to send the Plaintiff a 30-day validation notice within five (5) days of the initial communication with the Plaintiff and whether SAC further violated this provision by failing to communicate the "mini-miranda" during each communication.

If a preponderance of the evidence does not support the Plaintiff's claim as to the violation of §1692(g) in Count V, then your verdict should be for the Defendant.

If, however, a preponderance of the evidence does support the Plaintiff's claim as to the violation of §1692(g) in Count V, then your verdict should be for the Plaintiff.

Authority:  15 U.S.C. §1692(g)

_____ GRANTED

_____ GRANTED, AS AMENDED

_____ REFUSED

**PLAINTIFF'S PROPOSED SPECIAL INSTRUCTION NO. 28**

**[COUNT V -Violation of the FDCPA]**
**(Statutory Damages)**

If you find that Defendant, SAC, violated §1692(c), (d), (f), or (g) of the FDCPA then the

Defendant, SAC, shall be liable for statutory damages between $1.00 and $1,000.00.   In

determining the amount of statutory damages, Plaintiff does not have to show actual loss for you

to consider these damages, you should consider the frequency and persistence of Defendant's

noncompliance with the FDCPA, nature of the Defendant's noncompliance, the frequency and

persistence of such noncompliance, and the extent to which such noncompliance was intentional.

Authority: 15 U.S.C. §1692(k)(b)(2) ; Peters v. Gen. Serv. Bureau Inc., 277 F.3d 1-51, 1053 (8th
Cir. 2002); Gonzalez v. Kay, 577 F.3d 600 (5th Cir. 2009); Kobs v. Arrow Service Bureau, Inc.
134 F.3d 893 (7th Cir. 1998).

_____ GRANTED

_____ GRANTED, AS AMENDED

_____ REFUSED

38

**PLAINTIFF'S PROPOSED SPECIAL INSTRUCTION NO. 29**

**[COUNT V -Violation of the FDCPA]**
**(Actual Damages)**

If you find that Defendant SAC violated the FDCPA , then SAC shall be liable for actual damages.

In determining the amount of actual damages the jury shall consider any damages sustained by Plaintiff and any resulting mental anguish, inconvenience, anxiety, frustration, loss of capacity for the enjoyment of life experience in the past or to be experienced in the future. There is no exact standard for measuring such damage.  The amount should be fair and just in the light of the evidence.

Authority: 15 USC 1692(k); Jenkins v. E. Asset Mgmt., LLC, 4:08-CV-1032 CAS, 2009 WL 2488029; Goodin v. Bank of Am., N.A., 114 F. Supp. 3d 1197 (M.D. Fla. 2015)

_____ GRANTED

_____ GRANTED, AS AMENDED

_____ REFUSED

## PLAINTIFF'S PROPOSED SPECIAL INSTRUCTION NO. 30
## [Punitive Damages]

Willie McCaskill also claims that Defendants' acts were done with malice or reckless indifference to Plaintiff's state and federally protected rights, which would entitle her to punitive damages in additional to compensatory damages.  Plaintiff must prove by a preponderance of the evidence that she is entitled to punitive damages.

If you find for Plaintiff and find that Defendants  Navient and SAC acted with malice or reckless indifference to Plaintiff's state and federally protected rights, the law allows you, in your discretion, to award Plaintiff punitive damages as a punishment as a deterrent to others.

A person acts with malice if the person's conduct is motivated by evil intent or motive. A person acts with reckless indifference to the protected federal rights of another person when the person engages in conduct with a callous disregard for whether the conduct violates those protected federal rights.

If you find that punitive damages should be assessed, you may consider the evidence regarding NSI and SAC's financial resources in determining the amount of such damages. You may also assess punitive damages against one defendant, and not others, or against more than one defendant for different amounts.

Authority: Eleventh Circuit Pattern Jury Instructions, Florida Statute § 559.77(2), *State Farm Mut. Auto Ins. Co. v. Campbell,* 538 U.S. 408, 416-17 (2003); Roylance v. Carney, 5:13-CV-04258-PSG, 2014 WL 1652440 (N.D. Cal. Apr. 23, 2014); Lyons v. Dish Network, 3:12-cv-199-J-32MCR (M.D. Fla. July 18, 2012).

_____ GRANTED

_____ GRANTED, AS AMENDED

_____ REFUSED

## JOINT PROPOSED INSTRUCTION NO. 31

### Duty to Deliberate
### When Only The Plaintiff Claims Damages

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the other think differently or merely to get the case over with.

Remember, that in a very real way you are judges -- judges of the facts. Your only interest is to seek the truth from the evidence in the case.

Authority: Eleventh Circuit Pattern Jury Instructions, 3.8.1

_____ GRANTED

_____ GRANTED, AS AMENDED

_____ REFUSED

**JOINT PROPOSED INSTRUCTION NO. 32**

**Jury Questions**

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

• First, you must submit all questions in writing. Please don't ask any questions aloud.

• Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

• Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

LOS_ANGELES/#15783.1

Authority: Eleventh Circuit Pattern Jury Instructions, 1.4

_____ GRANTED

_____ GRANTED, AS AMENDED

_____ REFUSED

## JOINT PROPOSED INSTRUCTION NO. 33

### Interim Statements

At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.

Authority: Eleventh Circuit Pattern Jury Instructions, 1.5

_____ GRANTED

_____ GRANTED, AS AMENDED

_____ REFUSED

**JOINT PROPOSED INSTRUCTION NO. 34**

**Use of Depositions**

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [name of witness], taken on [date], [is about to be/has been] presented to you [by a video/by reading the transcript]. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

Authority: Eleventh Circuit Pattern Jury Instructions, 2.2

_____ GRANTED

_____ GRANTED, AS AMENDED

_____ REFUSED

**JOINT PROPOSED INSTRUCTION NO. 35**

**Use of Recorded Conversations and Transcripts**

Now you're going to hear a recorded conversation. This is proper evidence for you to consider. Please listen to it very carefully. I'm going to allow you to have a transcript of the recording [prepared by name of preparer] to help you identify speakers and guide you through the recording. But remember that it is the recording that is evidence – not the transcript. If you believe at any point that the transcript says something different from what you hear on the recording, disregard that portion of the transcript and rely instead on what you hear.

Authority: Eleventh Circuit Pattern Jury Instructions, 2.3

_____ GRANTED

_____ GRANTED, AS AMENDED

_____ REFUSED

**JOINT PROPOSED INSTRUCTION NO. 37**

**Use of Interrogatories**

[You'll now hear/You've heard] answers that [name of party] gave in response to written questions the other side submitted. The questions are called "interrogatories." Before the trial, [name of party] gave the answers in writing while under oath.

You must consider [name of party]'s answers to as though [name of party] gave the answers on the witness stand.

Authority: Eleventh Circuit Pattern Jury Instructions, 2.6

_____ GRANTED

_____ GRANTED, AS AMENDED

_____ REFUSED

**JOINT PROPOSED INSTRUCTION NO. 38**

**In-Trial Instructions on News Coverage**

Reports about this trial [or about this incident] may appear in the media. The reporters may not have heard all the testimony as you have, may be getting information from people who are not under oath and subject to cross examination, may emphasize an unimportant point, or may simply be wrong.

You must not read, listen to, or watch anything about this trial. It would violate your oath as a juror to decide this case on anything other than the evidence presented at trial and on your own common sense. You must decide this case exclusively on the evidence you receive here in court.

Authority: Eleventh Circuit Pattern Jury Instructions, 2.7

_____ GRANTED

_____ GRANTED, AS AMENDED

_____ REFUSED

## JOINT PROPOSED INSTRUCTION NO. 39

### Duty to Deliberate When Only the Plaintiff Claims Damages

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

Authority: Eleventh Circuit Pattern Jury Instructions, 3.8.1

_____ GRANTED

_____ GRANTED, AS AMENDED

_____ REFUSED

## DEFENDANTS' PROPOSED SPECIAL INSTRUCTION NO. 40

### Plaintiff Must Establish a Willful Violation of the TCPA

To establish a willful violation of the TCPA, Plaintiff must prove that the Defendant engaged in "knowing conduct." The requirement of willful or knowing conduct requires the Defendants to know that they were performing conduct that violates the statute. However, where a defendant mistakenly calls a number that belongs to the Plaintiff, the conduct is not willful.

Plaintiff's Objection: Plaintiff objects to Defendant's Proposed Instruction.  Particularly, the last sentence is argumentative and confusing and states an alleged justification without any legal backing.

Authority: <u>Alea London Ltd v. Am. Home Services, Inc.</u>, 638 F.3d 768, 776 (11th Cir. 2011); <u>Lary v Trinity Physician Fin. & Ins. Servs.</u>, 780 F.3d 1101, 1107 (11th Cir. 2015)

_____ GRANTED

_____ GRANTED, AS AMENDED

_____ REFUSED

## DEFENDANTS' PROPOSED SPECIAL INSTRUCTION NO. 41

### Plaintiff's Claim Under Section 559.72(7) of the FCCPA

On Plaintiff's claim under Section 559.72(7) of the FCCPA, proof of numerous calls does not impose liability if you agree that the defendant called only to inform or remind the debtor of the debt, to determine his reasons for nonpayment, to negotiate differences or to persuade the debtor to pay without litigation. Further, such communications may be considered harassing in their frequency when they continue after all such information has been communicated.  SAC contends that it never made any demand on Plaintiff for payment of any debt, or spoke with her about any debt.

Plaintiff's Objection: Defendant's proposed instruction is confusing and argumentative. Section 559.72(7) applies to "willfully communicating" or engaging in "other conduct"  the statute provides no explicit exemptions based on the content of the "communication" or "conduct"

Authority: <u>Lardner v. Diversified Consultants, Inc.</u>, 17 F. Supp. 3d 1215, 1226 (S.D. Fla. 2014)

_____ GRANTED

_____ GRANTED, AS AMENDED

_____ REFUSED

**DEFENDANTS' PROPOSED SPECIAL INSTRUCTION NO. 42**

**Plaintiff's Claims Under the FCCPA and FDCPA
against Student Assistance Corporation**

On Plaintiff's claims under the FCCPA and FDCPA against SAC, Plaintiff must prove that the defendant is a debt collector. The FDCPA defines a "debt collector" as a person engaged in "the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Similarly, under the FCCPA, Plaintiff must prove, among other things, that the defendant was engaging "in collecting consumer debts." SAC contends that it does not collect any debt; it offers debtors options to avoid debt collection.

Plaintiff's Objection: Plaintiff objects to the inclusion of the last two sentences as confusing. The FCCPA applies to both creditors, as well as debt collectors. More specifically, F.S. 559.72 provides "In collecting consumer debts, <u>no person</u> shall […]" emphasis added.  With regard to the FCCPA the Plaintiff bears no burden in establishing SAC is a "debt collector" for the jury to find a violation.

Authority: <u>Bacelli v. MFP, Inc.</u>, 729 F. Supp. 2d 1328, 1344 (M.D. Fla. 2010); <u>Renfrow v. First Mortg. Am., Inc.</u>, Case No. 08-80233-CIV-MARIA/JOHNSON, 2011 U.S. Dist. LEXIS 63392, (S.D. Fla. June 13, 2011); Fla. Stat. § 559.72 (2015)

_____ GRANTED

_____ GRANTED, AS AMENDED

_____ REFUSED